FILED
2022 JUL 20
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 22-2-11294-8 KNT

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

Lysyy et ano

Plaintiff/Petitioner,

vs.

22-2-11294-8 KNT

[ ] SEA
[ ] KNT

Deutsche Bank
International Truse et al

NO.

Defendant/Respondent.

Complaint _____ is attached.

L:/forms/cashiers/gr14coversheet

**STATE OF WASHINGTON**

NO.

TATYANA LYSYY, married
VASILIY LYSYY, married who are
each members of a marital community
Plaintiffs

vs.

**COMPLAINTFOR
DAMAGES AND
INJUNCTIVE RELIEF**

DEUTSCHE BANK NATIONAL
TRUST COMPANY AND
DEUTSCHE BANK NATIONAL
TRUST COMPANY trustee, a
foreign corporation, IMPAC
SECURED ASSETS CORP
2005-62, MORTGAGE
PASSTHROUGH
CERTIFICATS SERIES 2007-1,
a foreign corporation; QUALITY
LOAN SERVICE OF
WASHINGTON; PMC
BANCORP, a foreign
corporation and national
association; BANK OF
AMERICA, NA. Successor by
Merger to BAC Home Loans
Servicing, LP fka Countrywide
Home Loans Servicing
LP("Bank of America") a
national association and foreign
corporation;
MERSCORP Holdings, Inc., a
foreign corporation;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., a foreign corporation;
SELECT PORTFOLIO
SERVICING, INC., a foreign

corporation; SAFEGUARD
PROPERTIES, LLC, a foreign
corporation; E*TRADE, a
foreign corporation.

Does 1-20

Defendants

## INTRODUCTION

On September 15, 2019, Defendants (except E*Trade) forcibly took

permanent, exclusive possession of Plaintiffs' home, without legal title,

without a court order, and without a decree in foreclosure.  Defendants

- 3

threated (with the alleged backing of law enforcement) and completely barred Plaintiffs from ever returning to their land. Defendants secretly removed, then disposed of all of Plaintiffs' personal property contained within their home. Defendants thereafter destroyed the home, so it is now unsafe and uninhabitable.  It now reeks with a putrid smell that has penetrated the entire interior framework. In addition, the Defendants prevented the home's siding manufacturer from replacing the defective siding pursuant to their warranty protection.  Thereafter they issued ten (10) separate notices of trustee sale—all which were later continued. Defendants [at all times herein while acting in concert] did perform their actions with a singular, determined scheme to take Plaintiff's land in violation of the Deed of Trust Act, the Damage to Land and Property Act, the Fair Debt Collection Act, the Consumer Protection Act, Washington's Foreclosure Fairness Act , the Offering A False Instrument for Recording statute, and the U.S. and Washington Constitutions. Defendants now threaten to launch new foreclosure proceedings.  Any such proceedings are barred by applicable stature of limitations and should be enjoined.

## II    PARTIES

2.1    Plaintiffs are residents of King County, Washington, and they plead the following allegations, state that those allegations are true of their own

knowledge, except as to matters stated on information and belief, and as to those matters, they believe them to be true.  Plaintiffs are owners of the subject real property in King County, Washington.

2.2    Defendants Deutsche Bank National Trust Company and Deutsche Bank National Trust Company as Trustee under the pooling and servicing agreement relating to Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2007-1 is a trust company which is registered not as a foreign entity in Washington state. Deutsche is a securitized trust that owns thousands of mortgage loans and Deutsche Bank National Trust Company acts as the trustee for the trust. It appears that the Lysyy mortgage loan is included in the mortgage loans owned by Defendant Deutsche.

2.3.  Quality Loan Service Corporation of Washington (QLS) is an SPS agent/trustee who conducts foreclosure actions in the state of Washington. It is a Washington Corporation based in Seattle, WA.

2.4 PMC Bancorp is a California corporation whose corporate charter was suspended on 6/1/15.

2.5 Bank of America, N.A., (a National Association) Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP ("Bank of America"), operates as a bank.  It is based Bank of

America, N.A., Successor by Merger to BAC Home Loans Servicing, LP

FKA Countrywide Home Loans Servicing LP ("Bank of America"). Bank of

America Corporation (commonly referred to as Bank of America; is an

American multinational investment bank and financial services holding

company headquartered in Charlotte, North Carolina.

**2.6** Mortgage Electronic Registration Systems, Inc., is a Delaware

Corporation, 2.7MERSCORP Holdings, Inc. is a privately held corporation

that owns and manages the MERS System and all other MERS

products—it is a Delaware Corporation

2,8  Select Portfolio Servicing, Inc., a foreign corporation; based in Salt

Lake, Utah, is presently acting as the servicing company for Defendants

Deutsche.

2.9 Defendant Safeguard Properties, LLC ("Safeguard") is a privately held

mortgage field services company providing inspection and preservation

services for foreclosed properties. Safeguard is headquartered Ohio.

Plaintiff is informed and believes that Safeguard was acting as

Defendants' agent, contractor and/or employee at all relevant times.

2,10 The true names and capacities of Does 1 through 20, inclusive,

whether individual, corporate, partnership, associate or otherwise, are

presently unknown to Plaintiffs, who therefore sue said Defendants by

such fictitious names. Plaintiffs allege, based upon information and belief, that each Defendant is responsible in some manner for the events described therein and is liable to Plaintiffs for the damages they have incurred. Plaintiffs will amend this Complaint to show the true names and capacities of the Doe Defendants when the same have been ascertained.

### III. VENUE AND JURISDICTION

3.1    This court has jurisdiction over this action and these parties pursuant to RCW 2.08.010 and RCW 4.12.020. Venue in this court is proper because the subject property is located in King County.

### IV.  FACTS ALLEGED

4.1    Mr. and Mrs. Lysyy are the owners of a single family dwelling located at 12921 SE 318th Way, Auburn, WA 98092 which property is further described as:

> LOT 30, RAINIER RIDGE DIVISION NO.
> II, ACCORDING TO THE PLAT
> THEREOF RECORDED IN VOLUME 164
> OF PLATS, PAGES 64 THROUGH 66,
> RECORDS OF KING COUNTY,
> WASHINGTON.
> Tax Parcel # 7137910300

4.2    On November 9, 2006, Mrs. Lysyy borrowed the amount of $249,500 from PMC Bancorp.

- 7

4.3   She signed PMC Bancorp's promissory note which was secured by its deed of trust.

4.4   PMC Bancorp's residential deed of trust was signed by Mr. and Mrs. Lysyy on November 13, 2006.

4.5   PMC Bank Corp. and Mortgage Electronic Registration Systems Inc ("MERS") were the grantees designated in the deed of trust.

4.6   Mrs. Lysyy fell behind on her mortgage payments with PMC Bank Corp when she suffered financial difficulties in 2010.

4.7   Since 2010, Bank of America included this notice on each of its monthly statements to her: "this loan has been accelerated."

**4.8**   Bank of America sent its notice of default on 6/1/15**.**

**4.9**   On or about September 15, 2010, BAC Home Loan Service accelerated the mortgage payments and required the remaining balance to be due and payable.

4.10  Plaintiffs continuously communicated with Bank of America, its loan service agent, in her unsuccessful attempts to reach an agreement to modify the terms of her loan agreement.

4.11  On 9/14/2011 MERS purported to assign its deed of trust (albeit a defective and legally nullity) to Deutsche Bank National Trust Company, as Trustee.

4.12  On September 25, 2015, Quality Loan Service of Washington, the

purported successor trustee, issued its first notice of trustee sale.

4.13  Quality Loan Service of Washington thereafter issued nine (9)

separate and successive notices of its trustee sale.

4.14  Quality Loan Service of Washington issued its amended notice of

trustee sale on 9/10/2021.

4.15  On 11/03/2021 Quality Loan Service of Washington issued its last

notice of discontinuance of trustee sale.

4.16  The parties engaged in Washington statutory mediation in 2016 and

2022.

4.16   The trustee refused to produce essential documents requested by

the mediator, a HUD Certified Housing Counselor.

4.17 The Beneficiary/trustee failed to act in good faith throughout the

mediation proceedings.

4.18    The mediations were terminated without a successful resolution.

4.19  On October 15, 2019, SPS and Safeguard Properties and/or its

agents illegally entered Mr. & Mrs. Lysyy's property, without notice, and

changed the locks.

- 9

4.20    On 10/11/2019, Mr. & Mrs. Lysyy filed their Chapter 13 petition for bankruptcy relief in the United States Bankruptcy Court, Western District of Washington (Case # 19-13736).

4.21   On 10/11/2019 a copy of Mr. & Mrs. Lysyy filed Chapter 13 petition proceedings were faxed to Quality Loan Service of Washington.

4.22    On 10/11/2019, Quality Loan Service of Washington conferred with the   bankruptcy trustee's office regarding Mr. & Mrs. Lysyy filed - Chapter 13 petition proceedings.

4.23    On 10/11/2019, the Bankruptcy Court's automatic stay order restrained defendants from pursuing its claims against Mr. & Mrs. Lysyy

4.24   Defendants did not obtain a court order to remove the Court's 10/11/2019 stay order.

4.25   Based on information and belief, after 10/11/2019, Defendants locked Mr. & Mrs. Lysyy out of their home, then SPS produced a photographic of its lockbox on the Lysyy property's front door handle, for defendant's benefit.

4.26   Safeguard Properties locked all other entrances to the property.

4.27  On October 28, 2010, Safeguard Properties prepared a record of its illegal entrance to the property.

4.28  When Mrs. Lysyy sought entrance for the purpose of retrieving some of her personal property, agents/employees of Safeguard Properties ordered her to vacate the property and failing that, they threatened to call law enforcement.

4.29  The trustee and its agents ultimately removed and disposed of all of Mr. and Mrs. Lysyy's personal property that were located within the home.

4.30  Since the trustee and its agents illegally seized Mr. and Mrs. Lysyy's real property, it has refused to maintain and protect the property from almost total deterioration.

4.31  With regard to the real property, the roof is damaged and it has allowed interior damage; the gutters are leaking; the siding is damaged with resulting wood rot and mold; the shrubbery is overgrown and has caused wood destroying insects to invade the property;  the deck and its accessories have incurred wood rot and moisture damage; the back step railing is defective and dangerous; there is exposed electric wiring--a hazard;  there is insulation damage, missing vapor barrier sheeting, damaged insulation to the cooling ducts, damaged insulation to the copper

supply plumbing in the crawlspace; the attic reveals roof leaks; the water heater's T-P drain line has been cut so as to create a safety hazard; there are roof leaks to the ceiling in the master bath  and the hall bath; the drywall ceiling is separating at the seam in the kitchen, and the hardwood flooring in the family room and hallway has swelled so as to make the flooring wavy.

4.32  The above-described property defects, safety hazards, and mold/insect infestations were caused by Defendants' lack of maintenance so as to render the property uninhabitable.

4.33    Defendants further refused to maintain the lawn.

4.34    Defendants' prevented plaintiffs from coming onto the property in order to maintain the property.

3.35    The City of Auburn issued a citation regarding the overgrown vegetation on the property.

4.36    With respect to the following causes of action, all of the defendants, except E*trade, performed the above-described activities jointly and in concert against the plaintiffs.

4.37 Plaintiffs obtained a HELOC loan from National City Bank in 2007.

4.38   Plaintiffs defaulted on the HELOC loan in 2009.

4.39   National City Bank's successor in interest assigned the HELOC loan to E*TRADE in 2020.

## FIRST CAUSE OF ACTION: CIVIL CONSPIRACY

1.1  Plaintiffs incorporates herein by reference, as though fully set forth, each and every allegation and statement made above.

1.2  Defendants, the foreclosing defendants, except E*Trade, all conspired/acted together to accomplish an unlawful purpose as they schemed to and did seize plaintiffs' property unlawfully and thereafter initiated unlawful foreclosure proceedings against Mr. & Mrs. Lysyy.

1.3  As a result, defendants were damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION: CONTINUING INTENTIONAL TRESPASS

2.1    Plaintiffs reallege and incorporates by reference the allegations in each of the preceding paragraphs.

2.2  The Defendants, either individually or through their agents, contractors and/or employees entered Plaintiff's land, without their permission or authorization.

– 13

2.3   The Defendants intentionally invaded the Plaintiff's land; disturbed their possessory interest in the property  and denied their right to exclusive possession of the land.

2.4   It was reasonably foreseeable that the defendants' action would disturb their possessory interests.

2.5   The Defendants went onto Plaintiffs' residential home, removed valuable property from their home, wrongfully caused waste and injury to their property, and/or wrongfully injured personal property and improvements to the real estate.

2.6   Plaintiffs were damaged and continue to be damaged as a direct and proximate result of the actions of the Defendants, either individually or through their agents, contractors and/or employees.

2,7   Plaintiffs were wrongfully dispossessed of their land by the Defendants and have suffered resulting damages.

2.8   Plaintiffs are now entitled to an order (a) ejecting the Defendants from their Property and (b) quieting title to their Property.

2.9   Plaintiffs are also entitled to a money judgment for their attorney fees and costs pursuant to RCW 7.28.083.

**THIRD CAUSE OF ACTION: CONTINUING NEGLIGENT TRESPASS**

3.1   Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

- 14

3.2    As an alternative to their cause of action for intentional trespass, Plaintiffs allege the Defendants negligently trespassed on their Property. The Defendants owe Plaintiffs a duty to refrain from entering onto Plaintiffs' land and to refrain from damaging the land; and the Defendants' acts and omissions constitute a breach of that duty.

3.3    As a direct and proximate cause of the Defendants' negligent trespass, Plaintiffs have suffered and continue to suffer actual and substantial damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION: DECLARATORY RELIEF THAT DEFENDANTS VIOLATED RCW 9A.82.010 4(e) [THEFT]**

4.1    Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

4.2    Defendants wrongfully deprived Mr. & Mrs. Lysyy of their Property and/or equity therein, by taking control of their Property, under color of Washington law (avowedly under a wrongful claim of title).

4.3    Defendants' recording of a false assignment belies an assertion that such claim was made in good faith.

4.4 The Defendants continue to and intend to deprive Mr. & Mrs. Lysyy' of their property in violation of *RCW 9A.56.030 (1)(a)*

**FIFTH CAUSE OF ACTION: CONVERSION**

5.1 Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

5.2    The Defendants, either individually or through their agents, contractors and/or employees entered Plaintiff's property and home without their permission or authorization.

5.3 The Defendants, either individually or through their agents, contractors and/or employees took, removed and disposed of Plaintiffs' numerous possessions, many of which were priceless, irreplaceable personal possessions.

5.4 The Defendants, either individually or through their agents, contractors and/or employees were on notice, with knowledge, that they had no right or authority to enter onto Plaintiffs property, break into their home, seize the home and property from Plaintiffs, then remove/dispose of their possessions.

5.5 Defendants are liable for the damages suffered by the Plaintiffs, the amount of which will be proven at trial.

**SIXTH CAUSE OF ACTION: INVASION OF PRIVATE AFFAIRS AND RESIDENCE**

6.1 Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

6.2 The Defendants, either individually or through their agents,

contractors, and/or employees entered Plaintiffs property and home and disposed of Plaintiff's personal belongings without permission or authorization.

6.3 At all times, Plaintiffs had a legitimate and reasonable expectation of privacy in their home and with regard to their personal belongings which were located therein.

6.4 Defendants, each and every one, took possession of Plaintiffs' property to promote Defendants intended scheme to deprive Plaintiffs of their quiet enjoyment of their own property.

6.5 In the course of promoting their unlawful scheme, Defendants engaged in an unlawful invasion of Mr. & Mrs. Lysyy's private affairs and their home by taking exclusive possession of the real property and the home's contents.

6.6 Plaintiffs were harmed by the above acts of intrusion into their private affairs by Defendants' taking possession of and distributing all the Plaintiffs' contents inside their home to unknown third parties.

6.6 Plaintiffs suffered harm of fear, humiliation, anxiousness, apprehension and embarrassment as a result of the unlawful disclosure of Plaintiffs' private matters to the Defendants and other unknown 3rd parties.

6.7 The intrusion was highly offensive to Plaintiffs and this intrusion would be highly offensive to a reasonable person.

6.8 Plaintiffs were damaged, the amount of which will be proven at trial.

**SEVENTH CAUSE OF ACTION: DECLARATORY RELEIF THAT DEFENDANTS VIOLATED THE BANKRUPTCY COURT'S AUTOMATIC STAY ORDER**

7.1 Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

7.2 Prior to the date Defendants seized Plaintiffs' property as above-described, Defendants were served with a copy of Plaintiffs' filed bankruptcy proceedings.

7.3 Based on information and belief, Defendants conferred with the bankruptcy clerk regarding the bankruptcy proceedings filed by Plaintiffs, however, they subsequently seized Plaintiffs' real and personal property.

7.4   Defendants intentionally violated the Bankruptcy court's automatic stay order.

**EIGHTH CAUSE OF ACTION: STATUTORY LIABILITY FOR TREBLE DAMAGES AND ATTORNEY FEES AND COSTS PURSUANT TO RCW 4.24.630, RCW 19.86**

8.1 Plaintiffs reallege and incorporate by reference the allegations in each of the preceding paragraphs.

8.2 Defendants entered Plaintiffs' land in violation of the Damage to

Land and Property Act (RCW 4.24.630) .

8.3   Defendants entered Plaintiffs' land despite MERS's failure
to describe the property interest it intended to assign to the
Deutsche defendants.

8.4   MERSs' attempt to assign its purported deed of trust is a
nullity.

8.4   MERS did not own a beneficial interest in the deed of trust;
therefore it did not have the authority, either as a mortgagee
or an assignor, to cause an assignment--therefore its
attempted assignment is void.

8.5   Since Deutsche Bank National Trust never held a legally,
valid assignment of the deed of trust and note, it cannot
foreclose on the Plaintiffs' property

8.6   Thereafter, Deutsche Bank National Trust Company did not
have the requisite authority to apport a successor trustee
because it was not the "beneficiary" as defined under the
Deed of Trust Act.

8.7   The statute requires this document to be signed by the
actual beneficiary (*RCW 61.24.010(2)*)

8.8  Defendants' attempted foreclosure proceedings were done

in violation of the Deed of Trust Act.

8.9  Defendants' violations of the Damage to Land and Property

Act and the Deed of Trust Act constitute a per se violation of

each statute.

8.10   When an unfair or deceptive act or practice is alleged

under 19.86.020, a claimant may establish that the act or

practice is injurious to the public interest because it:

> (1) Violates a statute that incorporates this chapter;
> (2) Violates a statute that contains a specific legislative
> declaration of public interest; or
> (3) (a) Injured other persons; (b) had the capacity to injure
> other persons; or (c ) has the capacity to injure other
> persons

8.11  Because of numerous defects in all of the documentation being

relied upon in support of the current non-judicial foreclosure

proceedings, Defendants do not have the lawful authority to non-

judicially foreclose on the subject Property.

8.12 These actions constitute unfair and deceptive acts by all the

Defendants, which were done in trade or commerce --  the

ownership and loan servicing of a mortgage loan plus initiating non-

judicial foreclosures.  Their unlawful actions  effect the public

interest because (1) all of the Defendants had and have the

capacity to commit the same unfair and deceptive acts against

others, and (2) they have previously engaged in this same behavior of committing unfair and deceptive acts against others. *(RCW 19.86.093(3).*

8.12  Any future foreclosure notices and attempted foreclosure sales by Defendants, herein will be wrongful, without legal effect and would be void.

8.13  Defendants cannot escape liability for the damages they have intentionally and wantonly inflicted upon Mr. & Mrs. Lysyy, by merely purporting to comply with the Deed of Trust Act, when in this case, they acted without lawful authority and failed to comply with the statutory requirements.

8.14 Mr. & Mrs. Lysyy were damaged, the amount of which will be proven at trial.

**NINETH CAUSE OF ACTION: FAIR DEBT COLLECTION PRACTICES ACT**

9.1        Plaintiffs reallege and incorporate by reference the allegations in each of

the preceding paragraphs.

9.2 One or more of the Defendants herein are debt collectors as defined by the Fair Debt Collection Practices Act ("FDCPA") because

their principal business is in the enforcement of security interests in property.

9.3 Said Defendant(s) violated 15 U.S.C. § 1692f when they took nonjudicial action to effect Plaintiffs' dispossession of their home and personal property, despite having no right to their possession of the home or personal property.

9.4 Because no order had been entered giving any Defendant the right to possess Plaintiffs' property, and because Plaintiffs' property was known to be occupied and was well-secured and maintained, no Defendant had a right to enter Plaintiffs' property, change Plaintiffs' locks, and remove their possessions within the property.

9.5 Plaintiffs suffered actual damages as a result of Defendants' unlawful actions

**TENTH CAUSE OF ACTION: VIOLATION OF WASHINGTON'S FORECLOSURE FAIRNESS ACT**

10.1 Plaintiffs reallege and incorporate by reference the allegations in each of

the preceding paragraphs.

10.2 Defendants failed or refused to follow the foreclosure requirements set forth in Washington's Foreclosure Fairness Act.

10.3 Defendants did not participate in good faith during the mediation process.

10.4 Defendants refused to address the undisputed factual issues so as to enable the parties to reach a resolution.

10.5  Defendants still attempted to justify their wrongful conduct regarding the injuries and damages that they unlawfully inflicted on Mr. & Mrs. Lysyy.

10.6  Defendants still did not provide an explanation in sufficient detail for a reasonable person to understand as to why Mr. & Mrs. Lysyy should not be granted an offset in an attempt to reach a loss mitigation/loan modification agreement.

10.7  Defendants still refuse to recognize the injuries Plaintiffs had sustained so as to qualify them for an offset that would  tend to compensate them as a result of  Defendants' unlawful acts.

10.6 The Defendants'' conduct constitutes a failure to mediate in good faith (Section (7)), and creates a per se violation of Washington's Consumer Protection Act, RCW 19.86. RCW 61.24.135(2).

**ELEVENTH. CAUSE OF ACTION: WRONGFUL FORECLOSURE**

11.1 Plaintiff incorporates herein by reference, as though fully set forth, each and every allegation and statement made in each previous section.

11.2 Defendants knew or should have known that they were required to strictly comply with the Washington Deed of Trust Act("DOTA)", RCW 61.24 et. seq. before initiating foreclosure proceedings against Mr. & Mrs. Lysyy.

11.3 Defendants knew or should  have known that MERS' sole purpose was to be named as a beneficiary of the subject deed of trust, even though MERS never met the statutory definition of a beneficiary (RCW 61.25.005(2).

11.4  Defendants knew or should have known that it was unlawful to take possession of Mr. & Mrs. property prior to completing the foreclosure process (*Jordan v. Nationstar Mortgage, LLC, 185 Wash.2d 876 (2016)*.

11.5  Defendants, by deception and trickery, unlawfully toke possession of Mr. & Mrs. Lysyy's property and they unlawfully initiated foreclosure proceedings .

11.6  Defendants did not have the power to initiate foreclosure proceedings and therefore the current proceedings are void, not merely voidable.

11.7  Defendants' actions were material violations of the Deed of Trust Act which do constitute wrongful foreclosure actions; therefore Defendants are liable for damages caused by and that flow from the current wrongful foreclosure proceedings in an amount to be proven at trial.

### TWELTH CAUSE OF ACTION: BREACH OF THE DUTIES UNDER THE DEED OF TRUST ACT AND IMPLIED COVENANT

12.1 Plaintiffs incorporate herein by reference, as though fully set forth, each and every allegation and statement made in each previous section.

12.2  Defendants were required to act in good-faith with regard to their demand for payment and subsequent tendering of each of the ten (10) foreclosure proceedings initiated against Mr. & Mrs. Lysyy.

12.3  Defendants violated their duties of good faith by entering into a prohibited relationship with MERS and then proceeding to initiate unlawful foreclosure proceedings against Mr. & Mrs. Lysyy as above described.

12.5  Defendants purported to assign a defective deed of trust ( it did not describe a property to be assigned) .

12.6  Based on information and belief, Defendants purported to assign Mr. & Mrs. Lysyys' note on some unknown date to a party other than to Deutsche's trustee.

12.7  Based on information and belief, Defendants purported to separate the note from the deed of trust when the deed of trust is required to follow ( *Mary had a little lamb and its sheep was sure to follow).*

12.7  Defendants further breached the implied covenant of good faith and fair dealing with regard to all of their transactions involved herein.

**THIRTEENTH CAUSE OF ACTION: DECLARATORY RELIEF THAT DEFEDANTS FAILED TO INITIATE LAWFUL FORECLOSURE PROCEEDINGS WITHIN 6 YEARS**

13.1 Plaintiffs incorporate herein by reference, as though fully set forth, each and every allegation and statement made above.

13.2  Mrs. Lysyy defaulted on her loan obligation to PMC Bank in 2010.

13.3  Defendants, to date, have not initiated lawful, foreclosure proceedings against Mr. & Mrs. Lysyy.

13.5  Accordingly, Defendants are barred by the applicable statute of limitations from proceeding with any foreclosure proceedings against Mr. & Mrs. Lysyy because they did not initiate any lawful actions against them within 6 years.

**FOURTEENTH CAUSE OF ACTION: DECLARATORY RELIEF THAT DEFEDANT E\*TRADE FAILED TO INITIATE LAWFUL FORECLOSURE PROCEEDINGS WITHIN 6 YEARS.**

14.1 Plaintiffs incorporate herein by reference, as though fully set forth, each and every allegation and statement made above.

14.2  Mr. & Mrs. Lysyy defaulted on their loan obligation to National City Bank in 2009.

14.3   National City Bank's successor assigned the loan to E\*TRADE on or about 6/24/2020.

 14.4  Defendant E\*TRADE to date, has not initiated lawful, foreclosure proceedings against Mr. & Mrs. Lysyy.

14.5   Accordingly, Defendant E\*TRADE is barred by the applicable statute of limitations from proceeding with any foreclosure proceedings against Mr. & Mrs. Lysyy because it did not initiate any actions against them within 6 years.

**FIFTHTEENTH CAUSE OF ACTION: INFLICTION OF EMOTIONAL DISTRESS (OUTRAGE)**

15.1 Plaintiffs incorporate herein by reference, as though fully set forth, each and every allegation and statement made above

15.2  Mr. & Mrs. Lysyy suffered severe shock and anguish when Defendants locked them out of their home, threw them to the street,

rendered them homeless, and separated them forever from their personal

belongings.

15.3  Their severe shock was just as real as that sustained by a child who

suddenly becomes an orphan.

15.3  Mr. & Mrs. Lysyy sustained great fear and apprehension on each

date that Defendants initiated one of their ensuring ten (10) separate

foreclosure actions against them.

15.4   Defendants,  their agents and assigns have negligently, recklessly

and/or intentionally engaged in extreme and outrageous conduct toward

the plaintiffs which caused them severe anguish and emotional distress,

injury to their reputation, personal humiliation, mental suffering, and have

otherwise cause them to suffer injuries to person and property.

## SIXTEENTH CAUSE OF ACTION: DECLARATORY RELIEF THAT EQUITABLE LACHES APPLIES IN THIS CASE

16.1 Plaintiffs incorporate herein by reference, as though fully set forth,

each and every allegation and statement made above.

16.2  Defendants initiated ten (10) separate foreclosure proceedings, but

later discontinued each one of them.

16.3 Defendants should be barred from raising any future claim against

Mr. & Mrs. Lysyy due to an unreasonable delay in the pursuit of their

various claims to date.

16.4  As a direct and proximate result of Defendants' misconduct (laches), Mr. and Mrs. Lysyy were damaged in an amount to be proven at time of trial.

16.5 Defendants should be estopped from denying their liability for Mr. and Mrs. Lysyys' resulting injuries and damages.

### SEVENTEENTH CAUSE OF ACTION: DECLARATORY RELIEF QUIETING TITLE

17.1 Plaintiffs incorporate herein by reference, as though fully set forth, each and every allegation and statement made above.

17.2 Mr. and Mrs. Lysyy own the subject property and they should be granted declaratory relief which confirms their ownership and ultimate possession.

17.3 For the reasons set forth above title should be quieted so that Defendants' claimed security interests are now null and void.

17.4 Title should be quieted in favor of Mr. and Mrs. Lysyy.

### EIGHTHTEENTH CAUSE OF ACTION: DECLARATORY RELIEF THAT DEFENDANTS VIOLATED DUE PROCESS RIGHTS GURANTEED PLAINTIFFS BY THE   WASHINGTON AND U.S. CONSTITUTIONS

18.1 Plaintiffs incorporate herein by reference, as though fully set forth, each and every allegation and statement made above.

18.2  Defendants putatively abused a statutory scheme which provided them with efficient procedural remedies, without judicial oversight.

18.3  Defendant's misused Washington's efficient statutory scheme against Mr. & Mrs. Lysyy so as to deny them their rights to life, liberty, or property, without due process.

18.4  Plaintiffs' fundamental rights are guaranteed by the Washington and U.S. constitutions.

18.5  As a result of Defendants' unlawful taking without due process, Mr. & Mrs. Lysyy have been damaged in an amount to be proven at trial.

**NINETEENTH CAUSE OF ACTION: RESTRAINING ORDER/ PRELIMINARY INJUNCTION**

19.1 Plaintiffs incorporate herein by reference, as though fully set forth, each and every allegation and statement made above.

19.2  Defendants should be granted an order temporarily restraining the defendants' future foreclosure proceedings, if any, because the trustee lacks authority to conduct the sale for multiple reasons as set forth above.

18.3  Defendants violated RCW 40.16.030 by knowingly recording, or causing to be recorded and/or relying on the Assignment wherein MERS falsely and without proper authority purports to assign the Deed of Trust to Deutsche Bank Trust Company, as Trustee.

18.4  Moreover, the Assignment was defective because it did not describe a property to be assigned so it is a complete nullity.

18.5  MERS did not have authority to record such an assignment because it is not and cannot be a beneficiary within the meaning of RCW 61.24.005(2).

18.6 Mr. & Mrs. Lysyy are likely to prevail on one or more of their claims set forth above.

18.7 The *Deed of Trust Act sets out a more liberal criteria for obtaining a restraint of the sale. RCW 61.24.130.*

*18.8  A sale may be restrained on "any proper legal or equitable ground". RCW 61.24.130(1)*

18.9  An injunction is appropriate because the Deed of Trust Act "must be construed in favor of borrowers because (1) of the relative ease with which lenders can forfeit borrowers' interests and (2) the lack of judicial oversight in conducting non-judicial foreclosure sales.

18.10 There is a powerful, important public interest that is served by granting an injunction so as to prevent unfair or deceptive practices from continuing unchecked.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court grant the
 following relief:

1. Declare that Defendants unlawfully took possession of Mr. & Mrs. Lysyys' home and personal belongings, without title, without foreclosure or without a court order (Jordan v. Nationstar Mortgage)

2. Declare that Defendants wrongfully damaged/removed Mr. & Mrs. personal and real property (RCW 4.24.630)

3. Declare that Defendants wrongfully engaged in unfair or deceptive acts or practices which caused injury to Mr. & Mrs. Lysyys. (Chapter 19.86 RCW)

4. Declaring MERS's Assignment of Deed of Trust fraudulent, illegal, and void;

5. Declare further that the alleged assignment by MERS is void and a nullity for its failure to describe any property which it purported to be assigned;

6. Declare that the alleged assignee of the deed of trust is not the same party that is alleged to be the transferee of the note;

7. Declare that the alleged assignment disconnected the deed of trust and note, and is void;

8. Judgment for declaratory and injunctive relief as to all applicable causes of action;

9. Judgment for any penalty, forfeitures, fine, or other relief allowed by statute for any other act or failure to act which may, due to lack of discovery thus far, be discovered by this Court in the course of this proceeding;

10. Declare that the Plaintiffs are the owners of the property;

11. Quiet title in favor of Plaintiffs as against all defendants;

12. Declare that Defendants violated a bankruptcy court's stay order when they took possession of the Plaintiffs' real and personal property;

13. Declare that Defendants' legal remedies are barred by laches and the applicable statute of limitations;

14. Judgment assessing a civil penalty against each Defendant of $7,500 for each and every violation of RCW 19.86.020

15. An order to show cause why a writ of prohibition should not be entered against Quality Loan Service of WA preventing it from selling Plaintiffs' real property;

16. Statutory fees and costs incurred herein

17. Award the Plaintiff money damages from Defendants for all monetary damages, plus statutory treble damages; reasonable attorneys' fees and such further relief as is just and equitable;

18. Such other relief this Honorable Court deems fair and just.

1
2    The undersigned certify under penalty of perjury under the laws of the
3    State of Washington that I/we and each of us is a plaintiff in the above-
4    entitled action; I/we and each of us have read the foregoing statements
5    contained in this document, know the contents thereof and believe the
6    same to be true, except those matters therein stated upon information and
7
8    belief, and as to those matters I/we believe them also to be true.
9
10
11
12
13   DATED this ___19___ day of July, 2022.
14
15   _____
     TATYANA LYSYY, Plaintiff
16   4109 68TH AVENUE E
     FIFE, WA 98424
17    Phone: 206-293-0957
18   DATED this ___19___ day of July, 2022.
19
20   _____
     VASILIY LYSYY, Plaintiff
21   4109 68TH AVENUE E
     FIFE, WA 98424
22    Phone: 206-293-0957
23
24
25
26