| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | UNITED STATES DISTRICT COURT |
| 8 | | WESTERN DISTRICT OF WASHINGTON, AT SEATTLE |
| 9 | TATYANA LYSYY, married, VASILIY LYSYY, married who are each members of a marital community, | No. 2:24-cv-00062-MJP |
| 10 | | |
| 11 | Plaintiffs, | DECLARATION OF PATRICK PITTMAN |
| 12 | v. | |
| 13 | DEUTSCHE BANK NATIONAL TRUST COMPANY AND DEUTSCHE BANK NATIONAL TRUST COMPANY trustee, a foreign corporation, IMPAC SECURED ASSETS CORP 2005-62, MORTGAGE PASSTHROUGH CERTIFICATS SERIES 2007-1, a foreign corporation; QUALITY LOAN SERVICE OF WASHINGTON; PMC BANCORP, a foreign corporation and national association; BANK OF AMERICA, NA. Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("Bank of America") a national association and foreign corporation; MERSCORP Holdings, Inc., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; SELECT PORTFOLIO SERVICING, INC., a foreign corporation; SAFEGUARD PROPERTIES, LLC, a foreign corporation; RESIDENTIAL REAL ESTATE REVIEW, INC, a foreign corporation; MORTGAGE STANLEY | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

DECLARATION OF PATRICK PITTMAN - 1

PRIVATE BANK, NA, a foreign corporation,
E*TRADE, a foreign corporation.

Does 1-20,

   Defendants.

Patrick Pittman declares as follows:

1. I am employed as a document control officer for Select Portfolio Servicing, Inc. ("SPS"), acting as attorney-in fact for Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1 (the "Trust"). SPS is the loan servicer of the subject mortgage and in such capacity performs mortgage loan services with respect to the subject mortgage on the Trust's behalf. As an officer of SPS, I am authorized to make this declaration on behalf of the Trust.

2. I am over the age of eighteen (18) and competent to testify as to the matters contained in this declaration.

3. In connection with making this declaration, I have acquired personal knowledge of matters stated herein by personally examining the business records pertaining to the subject loan (the "Loan Records").

4. As a mortgage servicer, SPS collects payments from borrowers and maintains up to-date electronic records concerning the loans it services in its electronic record keeping system. I have access to SPS's business records, including the business records for and relating to the subject loan. I make this declaration based upon my review of those records relating to the Borrower's loan and from my own personal knowledge of how the records are kept and maintained. The Loan Records are maintained by SPS in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with personal knowledge. It is SPS's regular practice to keep such records in the ordinary course of its regularly conducted business activity.

5. To the extent that the business records of the loan in this matter were created by a prior servicer, the prior servicer's records for the loan were integrated and boarded into SPS's systems, such that the prior servicer's records concerning the loan are now part of SPS's business records. SPS maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records. It is the regular practice of SPS to integrate prior servicers' records into SPS's business records, and to rely upon the accuracy of those boarded records in providing its loan servicing functions. These prior servicer records are integrated and relied upon by SPS as part of SPS's business records.

6. The Loan Records also include the original promissory note, as well as copies of the note and deed of trust that I have personally reviewed.

7. The Loan Records reflect that Tatyana Lysyy executed a promissory note in the original principal sum of $249,500 in favor of PMC Bancorp on November 9, 2006 (the "Note"). The Loan Records reflect that the Trust is holder of the Note, which is endorsed-in-blank. A true and correct copy of the Note is attached hereto as **Exhibit A**.

8. The Loan Records reflect that the Note is secured by a Deed of Trust ("DOT") signed by Tatyana Lysyy and Vasiliy Lysyy, encumbering real property known as 12921 SE 318th Way, Auburn, WA 98092 (the "Property"). The DOT was recorded in King County, Washington under Instrument No. 20061117002321. Attached hereto as **Exhibit B** is a true and correct copy of the DOT.

9. The Trust currently is in possession of the original Note, and is the beneficiary of the DOT via assignment. Attached hereto as **Exhibit C** is a true and correct copy of the Assignment.

10. The Loan Records reflect that the Loan is in default under the Note and DOT. The Loan Records reflect that no payments have been made under the Note since April 1, 2010. To date, the default has not been cured.

DECLARATION OF PATRICK PITTMAN - 3

11. Because of the default, the Loan was referred for a non-judicial foreclosure. The first Notice of Trustee's Sale ("NOTS") was recorded on September 25, 2015 in King County, Washington under Instrument No. 20150925001904. Attached as **Exhibit D** is a true and correct copy of that NOTS.

12. On Friday, October 11, 2019, a Trustee's Sale was called and the Trust purchased the Property via a credit bid. However, approximately one hour before the Trustee's Sale, Borrower filed for Chapter 13 Bankruptcy. Neither the foreclosure trustee, Quality Loan Service of Washington ("Quality Loan"), nor SPS received notice of the bankruptcy filing prior to the Trustee's Sale being called. Due to the results of the Trustee's Sale, SPS referred the Property in good faith to its Real Estate Owned ("REO") Department for handling.

13. I understand that Plaintiffs allege that SPS received adequate notification of the Chapter 13 Bankruptcy on Saturday, October 12, 2019, because Plaintiffs allege that the Bankruptcy Court emailed notice to an SPS employee named Jennifer Chacon. This is not correct. At the time of Ms. Lysyy's Bankruptcy filing, Ms. Chacon was solely employed by SPS's HR Training Department, not SPS's Bankruptcy Department, and Ms. Chacon had no responsibilities for handling bankruptcy notices. Consequently, SPS's Bankruptcy Department did not receive the notice provided to Ms. Chacon.

14. On Monday, October 14, 2019, Quality Loan submitted notice to SPS's Foreclosure Department that Ms. Lysyy had filed a Chapter 13 Bankruptcy. At that time, however, SPS was unaware whether the Bankruptcy was filed prior to the Trustee's Sale and whether the filing impacted the validity of the Sale. In addition, Quality Loan's notification to SPS was submitted through the wrong bankruptcy process, which was not resolved until October 15, 2019.

15. On October 15, 2019, SPS's Bankruptcy Department received an automated notice from one of its vendors that Ms. Lysyy had filed for Chapter 13 Bankruptcy on October 11, 2019. The automated notice did not provide more detail other than the Bankruptcy case number and filing date. Upon receipt of the notice, SPS's Bankruptcy Department immediately launched a

"post sale BK" process, which asked its local bankruptcy counsel, McCarthy Holthus, LLP ("McCarthy Holthus"), to research the details (*i.e.,* timing, etc.) of the Bankruptcy filing and to determine what impact, if any, it had on the Trustee's Sale.

16. Because the Property was in REO status on October 15, 2019, SPS's REO vendor, Residential RealEstate Review, Inc. ("RRR"), automatically submitted a request for Safeguard Properties Management, LLC ("Safeguard") to inspect the Property to determine whether the Property was occupied or vacant. On October 17, 2019, Safeguard confirmed that the Property was vacant and secured the Property at the direction of RRR in order to avoid waste or damage to the Property.

17. On November 1, 2019, McCarthy Holthus confirmed to SPS's Bankruptcy Department that the Chapter 13 Bankruptcy was filed just prior to the Trustee's Sale, and as a result, the Trustee's Sale was void. Upon receipt of this confirmation from counsel, on November 1, 2019, SPS's Bankruptcy Department immediately put a hold on all REO activity and removed the Property out of REO status.

18. Because Quality Loan had not recorded a Trustee's Deed, no action was required to rescind the Trustee's Sale.

19. Based on my review of the Loan Records, since the Property was removed out of REO status, no further REO activity has occurred. SPS and its vendors have not maintained possession or control over the Property. Nor has SPS taken any action or instructed its vendors to take action in which it knowingly violated the automatic bankruptcy stay.

20. SPS credited the $700 for eviction fees to the Loan twice, once on December 26, 2019 and again on January 9, 2020. Attached as **Exhibit E** is a true and correct copy of the relevant pages of the Corporate Advance History for the Loan, which show the two $700 credits.

21. Attached as Exhibits F through P are true and correct copies of letters from the Loan Records, which were mailed to Tatyana Lysyy on the dates indicated on the letters, regarding loss mitigation in 2023 and January 2024:

DECLARATION OF PATRICK PITTMAN - 5

| | |
|---|---|
| **Exhibit F**: | April 12, 2023 letter from SPS to Ms. Lysyy; |
| **Exhibit G**: | April 19, 2023 letter from SPS to Ms. Lysyy; |
| **Exhibit H**: | April 20, 2023 letter from SPS to Ms. Lysyy; |
| **Exhibit I**: | April 24, 2023 letter from SPS to Ms. Lysyy; |
| **Exhibit J**: | June 13, 2023 letter from SPS to Ms. Lysyy; |
| **Exhibit K**: | September 14, 2023 letter from SPS to Ms. Lysyy; |
| **Exhibit L**: | October 23, 2023 letter from SPS to Ms. Lysyy; |
| **Exhibit M**: | October 30, 2023 letter from SPS to Ms. Lysyy; |
| **Exhibit N**: | November 21, 2023 letter from SPS to Ms. Lysyy; |
| **Exhibit O**: | January 24 2024 letter from SPS to Ms. Lysyy; |
| **Exhibit P**: | January 25, 2024 letter from SPS to Ms. Lysyy. |

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED this 5th day of February, 2024, at Atlanta, Georgia.

_____
Patrick Pittman

DECLARATION OF PATRICK PITTMAN - 6

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052