HONORABLE JAMES L. ROBART
HEARING: MAY 3, 2024

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

TATYANA LYSYY, married, VASILIY LYSYY, married who are each members of a marital community,

Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY AND DEUTSCHE BANK NATIONAL TRUST COMPANY trustee, a foreign corporation, IMPAC SECURED ASSETS CORP 2005-62, MORTGAGE PASSTHROUGH CERTIFICATS SERIES 2007-1, a foreign corporation; QUALITY LOAN SERVICE OF WASHINGTON; PMC BANCORP, a foreign corporation and national association; BANK OF AMERICA, NA. Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("Bank of America") a national association and foreign corporation; MERSCORP Holdings, Inc., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; SELECT PORTFOLIO SERVICING, INC., a foreign corporation; SAFEGUARD PROPERTIES, LLC, a foreign corporation; RESIDENTIAL REAL

No. 2:24-cv-00062-JLR

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 1

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

| | |
|---|---|
| 1 | ESTATE REVIEW, INC, a foreign corporation; MORTGAGE STANLEY |
| 2 | PRIVATE BANK, NA, a foreign corporation, E*TRADE, a foreign corporation. |
| 3 | |
| 4 | Does 1-20, |
| 5 | Defendants. |

## I. INTRODUCTION

Defendants respectfully request that the Court deny Plaintiffs' Motion for Reconsideration, Dkt No. 60 (the "Motion"). Nothing in Plaintiffs' Motion satisfies the standard for reconsideration. Plaintiffs' Motion is not based on newly discovered evidence, an intervening change in the controlling law or argument that was not available when Plaintiffs filed their Opposition, Dkt Nos. 42-45. *See* Rule 7(h)(1); *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009). Plaintiffs have not demonstrated that the Court "committed clear error" in its April 3, 2024 Order, Dkt No. 54. *Id.* Instead, it is Plaintiffs who have clearly erred by misinterpreting the federal authority regarding removal, and the Washington authority regarding trespass and CPA damages. Nothing in Plaintiffs' Motion changes the fact that their claimed damages are purely speculative and not based on admissible evidence. Reconsideration is not appropriate.

## II. ARGUMENT

### A. Reconsideration

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with ***newly discovered evidence, committed***

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 2

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

*clear error, or if there is an intervening change in the controlling law.*" Rule 7(h)(1); *Marlyn Natraceuticals, Inc.*, 571 F.3d at 880 (emphasis added). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. *See* Rule 7. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.Ariz. Nov. 2, 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and *reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision*. Rule 7(h)(1); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D.Haw. Jan. 20, 2005) (emphasis added).

Plaintiffs' Motion does not merit reconsideration as a matter of law because it does not contain any evidence or argument that could not have been included in Plaintiffs' Opposition, Dkt No. 45. *See also* Dkt Nos. 42-44. With no legitimate basis, Plaintiffs simply disagree with the Court's April 3, 2024 Order, Dkt No. 54. The authority is clear that reconsideration is not appropriate in this instance. *See supra*. Even if the Court were to consider Plaintiffs' arguments on their merits, there is no clear error in the Court's denial of remand or dismissal of Plaintiffs' trespass and CPA claims.

**B.     Plaintiffs Have Failed to Demonstrate Any Clear Error in the Court's April 3, 2024 Order.**

   **1.     Plaintiffs' RFR No. 1 - Plaintiffs' Argument for Remand Is Based on Misunderstandings of the Court's Order and *Murphy Bros., Inc.***

In the Motion, Plaintiffs' counsel incorrectly argues that under *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011), Defendants were required to obtain Quality Loan's affirmative consent

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 3

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

to removal by now. Dkt No. 60, at 2: 8-21. This argument misses the Court's dispositive point on the issue of Quality Loan's consent—that it was not necessary given Plaintiffs' own action of entering into a stipulation with Quality Loan. The Court stated, "Plaintiffs' fourth argument fails because Plaintiffs themselves stipulated that QLS need not "participate in the litigation proceedings in any manner" except to comply with orders for non-monetary relief and cooperate with discovery." Dkt No. 54, at 13: 9-11. Incidentally, *Destfino v. Reiswig* states that a procedural defect may be cured anytime "prior to the entry of judgment," and not after sufficient time as Plaintiffs' counsel asserts. *Destfino*, 630 F.3d at 957 (citation omitted).

Plaintiffs' counsel also misinterprets *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56, 119 S.Ct. 1322, 143 L.Ed.2d 448, 43 Fed.R.Serv.3d 1 (1999). In *Murphy Bros., Inc.*, the US Supreme Court interpreted Congress' intent behind 28 U.S.C. §1446(b)(1) and created a bright-line rule:

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

*Murphy Bros., Inc.*, 526 U.S. at 347-48.

To attempt to limit the holding above as Plaintiffs' counsel attempts to in the Motion not only shows a misunderstanding of the US Supreme Court's plain language but also shows a misunderstanding of what type of cases the US Supreme Court reviews and the analysis of Congressional intent behind statutes. It is undisputed that Plaintiffs failed to effect formal service of the summons, and the complaint, on MERS and the Trust prior to removal. MERS and the Trust filed a notice of appearance in the State Court action that stated, "***without waiving any defenses***,

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 4

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

and request that all further papers and pleadings herein, except process, be served upon the undersigned attorneys at the address stated below." Dkt No. 3-1, at 79: 6-8 (emphasis added). MERS and the Trust did not file their Answers and Affirmative Defenses until January 19, 2024 in the Federal Court action and, consistent with their notice of appearance and conduct in the State Court action, MERS and the Trust challenged service of process and sufficiency of service of process. Dkt Nos. 7, at 12: 22-23; 8, at 13: 2-3. The only actions MERS and the Trust took in the State Court action was to seek discovery, unlike Plaintiffs who sought a dispositive ruling. *See Kenny v. Wal–Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) ("The right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.") (citation omitted).

It indisputable that MERS and the Trust were never brought under the State Court's jurisdiction by formal process and never took any action in the State Court action to waive formal process. As a result, they were entitled to remove the action to this Court. *Id.*; *Murphy Bros., Inc.*, 526 U.S. at 347-48.

### 2. Plaintiffs' RFR No. 3 - Plaintiffs Have Failed to Show Admissible Evidence of Damages Caused By Defendants.

#### a. Under *Bradley*, Plaintiffs' Trespass Claim Requires Actual And Substantial Damages.

In the Motion, Plaintiffs' counsel incorrectly asserts that under *Bradley v. American Smelting and Refining Co.*, 104 Wn.2d 677, 691, 709 P.2d 782 (1985), Plaintiffs may recover nominal and punitive damages for any trespass Dkt No. 60, at 6: 21-27. However, in *Bradley v. American Smelting and Refining Co.*, an airborne particle case, the Court actually held that to maintain a trespass claim, plaintiff is required to show he "has suffered ***actual and substantial***

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 5

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

*damages.*" *Bradley*, 104 Wn.2d at 692 (emphasis added). The *Bradley* Court explained its departure from the common law:

> When airborne particles are transitory or quickly dissipate, they do not interfere with a property owner's possessory rights and, therefore, are properly denominated as nuisances. When, however, the particles or substance accumulates on the land and does not pass away, then a trespass has occurred. While at common law any trespass entitled a landowner to recover nominal or punitive damages for the invasion of his property, such a rule is not appropriate under the circumstances before us. No useful purpose would be served by sanctioning actions in trespass by every landowner within a hundred miles of a manufacturing plant….***The elements that we have adopted for an action in trespass from Borland require that a plaintiff has suffered actual and substantial damages.*** Since this is an element of the action, the plaintiff who cannot show that actual and substantial damages have been suffered should be subject to dismissal…

*Bradley*, 104 Wn.2d at 691-92 (emphasis added).

The requirement of actual and substantial damages, as opposed to nominal damages, has been the governing law on trespass in Washington since *Bradley*. *See Lavington v. Hillier*, 22 Wn. App. 2d 134, 149, 510 P.3d 373 (2022). ("The fourth element as stated in *Bradley* unequivocally required actual and substantial damages, plural."). Further, the longstanding rule in Washington is that punitive damages are prohibited without express legislative authorization. *Dailey v. North Coast Life Ins. Co.*, 129 Wn.2d 572, 575, 919 P.2d 589 (1996) *citing Barr v. Interbay Citizens Bank*, 96 Wn.2d 692, 699–700, 635 P.2d 441, *amended by* 96 Wn.2d 692, 649 P.2d 827 (1982); *Spokane Truck & Dray Co. v. Hoefer*, 2 Wn. 45, 50–56, 25 P. 1072 (1891). In this case, Plaintiffs have cited no statute that expressly provides for punitive damages.

### b. The CPA Requires That Plaintiffs Establish Damages.

Plaintiffs cannot recover nominal or punitive damages under the CPA. The Court in *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 792, 719 P.2d 531 (1986), was clear as to damages:

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 6

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

> The fourth element of a private CPA action requires a showing that plaintiff was injured in his or her "business or property". RCW 19.86.090. This has not previously been a separate element. However, the *Anhold* decision, by requiring a showing of "damage" as one prong of its public interest test, recognized a plaintiff's obligation to establish that he or she has suffered harm. Moreover, opinions of this court subsequent to *Anhold* have focused on the need for a specific showing of injury. *See Cooper's Mobile Homes, Inc. v. Simmons*, 94 Wn.2d 321, 327, 617 P.2d 415 (1980) (CPA plaintiffs must show that injury resulted from defendant's acts); *Seattle Rendering Works, Inc. v. Darling-Delaware Co.*, 104 Wn.2d 15, 701 P.2d 502 (1985) (unless plaintiffs are injured, they cannot prevail under the CPA). The injury involved need not be great, **but it must be established**.

*Id*.

Even if a plaintiff is seeking only injunctive relief, that plaintiff must still establish "injury" sufficient to satisfy the elements of a CPA claim. *See Villegas v. Nationstar Mortgage, LLC*, 8 Wn. App. 2d 878, 894, 444 P.3d 14 (2019), *review denied*, 194 Wn.2d 1006, 451 P.3d 343 (2019) (trial court properly dismissed CPA claim where plaintiff failed to provide evidence of injury). Nowhere in RCW Chapter 19.86 is there an express provision for punitive damages. *See* RCW Chapter 19.86.

### c. Plaintiffs' Speculation Is Not Evidence of Damages Caused by Defendants.

Plaintiffs' counsel's argument that Plaintiffs may opine as to the value of their Property misses the point of the Court's dismissal. First, Plaintiffs have opined only to the rental value of the Property. Dkt No. 60, at 7: 17-18. Second, regardless of Plaintiffs' opinion as to rental value, they have failed to establish damages and causation beyond speculation and conjecture. Plaintiffs argue what they believe they "could have" done with the Property, instead of point to admissible evidence of actual damages. *See* Dkt No. 60, at 7: 25-27. But Plaintiffs cannot defeat summary judgment based on speculative damage claims. *Gragg v. Orange Cab Co., Inc.*, 942 F.Supp.2d 1111, 1119 (W.D. Wash. Apr. 26, 2013) (rejecting speculation as injury under the CPA); *ESCA*

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 7

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

*Corp. v. KPMG Peat Marwick*, 86 Wn. App. 628, 639, 939 P.2d 1228 (1997), *decision aff'd*, 135 Wn.2d 820, 959 P.2d 651 (1998) ("The evidence or proof of damages must be established by a reasonable basis and it must not subject the trier of fact to mere speculation or conjecture."); *Wilkerson v. Wegner*, 58 Wn. App. 404, 410, 793 P.2d 983 (1990) (summary judgment for defendant when proof of any damage entirely speculative in lost opportunity to compete for prize money).

With respect to Plaintiffs' alleged "loss of use" damages, the only purported evidence Plaintiffs attempt to rely on is their own subjective opinion of the rental value of the Property. Dkt No. 60, at 7: 17-18. But Plaintiffs' opinion alone of the Property's rental value is not proof of damages. Plaintiffs submitted no evidence showing they listed the Property for rent or sale, or had a contract with a potential renter or buyer, or that Plaintiffs were precluded from renting or selling the Property due to Defendants' October 17, 2019 entry. Plaintiffs also failed to submit evidence of any loss in property value caused by the October 17, 2019 entry. *See* Dkt Nos. 43, 44. Critically, Plaintiffs' declarations do not include any assertion that they wished to live at the Property—a vacant second property—and were prevented by the October 17, 2019 entry. *Id*.

Next, Plaintiffs have submitted no evidence of any out-of-pocket costs. They cannot even allege damages for having to hire a locksmith to rekey the Property because it is undisputed that they have the lockbox code and have been using it. Dkt Nos. 34-2, at 68; 61, at 8: 2-4. The only cost submitted with Plaintiffs' declarations was the $700 charge for eviction fees with Ms. Lysyy's declaration but SPS credited that charge back to the Loan *twice* before Plaintiffs filed the present action. Dkt Nos. 1-2; 18, ¶20, Ex. E.

With respect to alleged personal property damages, the undisputed evidence shows that Safeguard's local contractor confirmed there was no personal property inside the residence on October 17, 2019. Dkt No. 19, ¶7, Ex. A, at 1. On July 10, 2019, appraiser Mr. Marquardt found

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 8

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

the Property vacant. Dkt No. 17, ¶6. It is also undisputed that Mr. Marquardt's Inspection Report, Rezcom's estimate, and Northwest Roof's estimate all show that the exact same damages to real property that Plaintiffs claim in this action pre-dated the October 17, 2019 entry. Dkt No. 17, ¶3, Ex. A; Dkt No. 16, ¶7, Exs. B-E.

The undisputed evidence proves that there was, and is, no ongoing possession or control by Defendants. Indeed, Defendants submitted unrefuted evidence that they never accessed the residence after October 2019, and Plaintiffs have been in possession and control of the Property. For example, on February 5, 2022, Plaintiffs' agent let appraiser Mr. Kanonik inside the residence. Dkt No. 16. On May 2, 2022, local counsel advised Plaintiffs of the lockbox code. Dkt No. 34-2, at 68. Plaintiffs have not needed to have the residence re-keyed because they have the lockbox code. Defendants' undisputed evidence is further bolstered by the fact that Plaintiffs did not file any action against Defendants until July 20, 2022, over two years and nine months after the alleged October 17, 2019 entry. In short, Plaintiffs have no evidence of any damages caused by Defendants and have failed entirely to rebut Defendants' evidence.

### III. CONCLUSION

Given the above, the Court should deny Plaintiffs' Motion. There is no legitimate basis for reconsideration.

I certify that this memorandum contains 2,467 words, in compliance with the Court's April 18, 2024 Order, Dkt No. 62.

//
//
//
//
//

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 9

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

DATED this 29th day of April, 2024.

BUCHALTER

By: */s Midori R. Sagara*
Midori Sagara, WSBA #39626
msagara@buchalter.com

1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

*Attorneys for Defendants Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1, Select Portfolio Servicing, Inc., Safeguard Properties, LLC, and Residential RealEstate Review, Inc.*

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 10

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

# CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, I caused to be served a copy of the foregoing on the following persons in the manner indicated below at the following address:

| | |
|---|---|
| ***Plaintiffs***<br>Richard L. Pope, Jr.<br>Lake Hills Legal Services PC<br>15600 NE 8th Street, Suite B1-358<br>Bellevue, Washington  98008 | ☑ CM/ECF<br>☐ Hand Delivery<br>☐ Legal Messenger<br>☑ E-mail |
| ***Counsel for Quality Loan Service Corporation***<br>Robert William McDonald<br>108 1st Ave S, Suite 202<br>Seattle, WA 98104 | ☑ CM/ECF<br>☐ Hand Delivery<br>☐ Legal Messenger<br>☑ E-mail |

By: *s/ Kristina Reger*
Kristina Reger, Legal Assistant
kreger@buchalter.com

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION - 11

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052