UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATYANA LYSYY, et al., | CASE NO. C24-0062JLR |
| Plaintiffs, | ORDER |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | |
| Defendants. | |

Before the court is *pro se* Plaintiffs Tatyana Lysyy and Vasiliy Lysyy's ("Plaintiffs") motion for an extension of the deadline to respond to the court's August 19, 2024 order to show cause why it should not issue sanctions for failure to appear at their depositions on July 18, 2024. (Mot. (Dkt. # 76); 8/19/24 Order (Dkt. # 75).) Specifically, the court ordered Plaintiffs to show cause why the court should not order them to: (1) appear for their depositions on September 13, 2024, at Defendants' counsel's offices in Seattle, Washington, and (2) pay Defendants $4,500 in attorneys'

ORDER - 1

1    fees and costs they incurred when Plaintiffs failed to appear.  (8/19/24 Order.)  The court
2    exercises its discretion under Federal Rule of Civil Procedure 1[1] to decide the motion
3    before the noting date and GRANTS the motion in part.

4        Plaintiffs make several representations in their motion.  First, Plaintiffs assert that
5    they do not oppose appearing at their depositions, but they want to be represented by
6    counsel when they do so.  (Mot. at 2.)  They do not, however, explain why they failed to
7    attend their depositions on July 18, 2024, while they were still represented by their
8    former attorney.  (*Id.*)  Second, Plaintiffs state that they oppose paying $4,500 in
9    sanctions for their failure to appear because "the requested amount is excessive and
10   unjustifiable."  (*Id.*)  To support their position, they attach a declaration by their former
11   attorney in which he states that he had informed counsel for Defendants that his clients
12   did not need interpreters for their depositions, and thus Plaintiffs should not have to pay
13   for the cost of hiring the interpreters.  (*See id.*, Ex. 3 (Pope Decl.) ¶¶ 2-3.)  Finally,
14   Plaintiffs contend that Defendants' attorney's two voicemails were not enough to
15   constitute a reasonable meet and confer under Federal Rule of Civil Procedure 37.[2]  (Mot.
16   at 2.)  Plaintiffs do not explain, however, why they did not return counsel's calls.  (*Id.*)

---

[1] Rule 1 instructs courts to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

[2] Plaintiffs also complain that they did not receive the August 19 order until August 23, 2024.  (*Id.*)  The court, however, took into account the fact that the order would be mailed to Plaintiffs when it set the August 29, 2024 deadline to respond to the order.  Plaintiffs can avoid any delay in receiving court orders by registering for e-filing.  This District provides resources for pro se filers on its website at: https://www.wawd.uscourts.gov/representing-yourself-pro-se

Although Plaintiffs do not expressly say so in their response, the court understands that they want the court to extend their deadline to file their formal response to the order to show cause until after they retain a new attorney to represent them in this action. (*See id.*)  Plaintiffs have not, however, provided any information about the efforts they have made to find new counsel in the 23 days since the court granted their former attorney's motion to withdraw.  (*See generally id.*)

Based on the foregoing, the court GRANTS in part Plaintiffs' motion for an extension of time (Dkt. # 76) and EXTENDS the deadline for Plaintiffs to respond to the order to show cause to **September 13, 2024**.  This deadline will provide Plaintiffs an additional two weeks in which to identify and retain new counsel.  In addition to the topics set forth in the court's August 19, 2024 order, Plaintiffs' response shall address (1) why they did not attend their depositions on July 18, 2024, and (2) if they have not yet retained new counsel, the efforts they have made to do so.  If Plaintiffs have not identified new counsel by September 13, 2024, they shall file their response *pro se*.  Failure to file a timely response may result in sanctions up to and including dismissal of Plaintiffs' claims for failure to comply with a court order.  Defendants may file an optional reply by no later than September 20, 2024.  The Clerk is DIRECTED to renote Defendants' motion to compel (Dkt. # 73) to September 20, 2024.

Dated this 30th day of August, 2024.

JAMES L. ROBART
United States District Judge