UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TATYANA LYSYY, et al.,

                          Plaintiffs,

          v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, et al.,

                          Defendants.

CASE NO. C24-0062JLR

ORDER

## I.      INTRODUCTION

Before the court is Defendants Deutsche Bank National Trust Company, as
Trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage
Pass-Through Certificates Series 2007-1 (the "Trust"); Select Portfolio Servicing, Inc.;
Safeguard Properties, LLC; and Residential RealEstate, Inc.'s ("Defendants") motion to
compel *pro se* Plaintiffs Tatyana Lysyy and Vasiliy Lysyy ("Plaintiffs") to appear for
their depositions and for sanctions.  (Mot. (Dkt. # 73); Reply (Dkt. # 79).)  The court

1  ordered Plaintiffs to show cause why it should not grant Defendants' motion.  (8/16/24

2  Order (Dkt. # 75).)  Plaintiffs filed responses on August 29 and September 13, 2024.

3  (8/29/24 Resp. (Dkt. # 76); 9/13/24 Resp. (Dkt. # 78); *see also* 8/30/24 Order (Dkt. # 77)

4  (granting Plaintiffs' request for an extension of time to respond to the order to show

5  cause).)  The court has reviewed the parties' submissions, the relevant portions of the

6  record, and the governing law.  Being fully advised, the court GRANTS Defendants'

7  motion to compel and for sanctions.

8  ## II.    BACKGROUND

9       Plaintiffs filed this case in state court in July 2022.  (*See generally* Not. of

10  Removal (Dkt. # 1).)  Defendants' attorney, Midori Sagara, attempted to schedule

11  Plaintiffs' depositions as early as October 2023.  (8/16/24 Sagara Decl. (Dkt. # 74) ¶ 6,

12  Ex. C.)  During a Federal Rule of Civil Procedure 37(a)(1) conference on July 2, 2024,

13  Plaintiffs' former attorney, Richard Pope, agreed to set the depositions on July 18, 2024.

14  (*Id.* ¶ 7, Ex. D (email regarding deposition scheduling).)  Accordingly, Defendants issued

15  notices of deposition and reserved a court reporter and two certified Ukrainian

16  interpreters for a full day on July 18.  (*Id.*; *id.* ¶ 8, Ex. E; 9/20/24 Sagara Decl. (Dkt. # 82)

17  ¶ 5, Ex. A (emails between Ms. Sagara and Mr. Pope regarding deposition and

18  interpreter); *id.* ¶ 7, Ex. B (emails between Ms. Sagara's office and the interpreter

19  service).)

20       Less than one hour before his deposition was to begin, Mr. Lysyy called Mr. Pope

21  and told him he would not appear.  (8/16/24 Sagara Decl. ¶ 10, Ex. F ("July 18, 2024

22  Tr.") at 5:18-6:4.)  Mr. Lysyy did not tell Mr. Pope why he would not attend or say

whether Ms. Lysyy would appear for her deposition later that day. (*Id.*) Mr. Pope tried

to contact Ms. Lysyy about whether she would appear, but she did not respond to his

inquiries. (*Id.* at 6:15-7:14.) Mr. Pope moved to withdraw as Plaintiffs' counsel that

same night. (MTW (Dkt. # 70).) The court granted the motion to withdraw on August 6,

2024. (8/6/24 Order (Dkt. # 72).) Ms. Sagara left voicemail messages for Plaintiffs on

August 12 and August 15, 2024, regarding their failure to appear. (8/16/24 Sagara Decl.

¶ 11.) Plaintiffs have not responded to those calls. (*Id.*; 9/20/24 Sagara Decl. ¶ 9.)

On August 16, 2024, Defendants filed this motion to compel Plaintiffs to attend

their deposition and to pay $4,500.00 in attorneys' fees and costs incurred when Plaintiffs

failed to appear for their July 18 depositions. (*See generally* Mot.) Later that day, the

court ordered Plaintiffs to show cause by no later than August 29, 2024, why it should not

grant Defendants' motion. (*See generally* 8/16/24 Order.)

On August 29, 2024, Plaintiffs filed a partial response and asked the court to

extend their deadline to respond. (8/29/24 Resp.) Plaintiffs stated that they did not

oppose appearing at their depositions but wanted to be represented by counsel. (*Id.* at 2.)

They also asserted that the amounts of fees and costs Defendants requested were

"excessive and unjustifiable" and that they should not have to pay for interpreters they

did not need. (*See id.*; *see also id.*, Ex. 3 ("Pope Decl.") ¶¶ 2-3 (Mr. Pope stating that it

was Ms. Sagara who "insisted" on scheduling interpreters).) Plaintiffs also protested that

Ms. Sagara's two voicemail messages were not enough to constitute a reasonable Rule 37

meet-and-confer. (*Id.* at 2.) Plaintiffs did not explain why they did not attend their

depositions while they were still represented by Mr. Pope; what efforts they had made to

1    find new counsel; or why they did not return Ms. Sagara's calls. (*See generally id.*) On

2    August 30, 2024, the court extended Plaintiffs' deadline to respond to the order to show

3    cause to September 13, 2024, giving them two more weeks in which to find new counsel.

4    (8/30/24 Order.) The court ordered Plaintiffs to address in their response their reasons

5    for not attending their July 18 depositions and their efforts to find a new attorney. (*Id.*)

6          Plaintiffs filed their response *pro se* on September 13, 2024. (9/13/24 Resp.)

7    Most of their filing addresses topics other than those listed in the August 16 and August

8    30 orders. (*See id.* at 1-4 (addressing Plaintiffs' view of this case).) Plaintiffs' response

9    to the court's orders consists of just three sentences:

10       In the []early morning on July 18, 2024, we contacted our attorney to inform
         that do [sic] to family emergency we cannot attend the deposition and asked
11       to re-schedule.

12       As a low-income homeowner, we are now in contact with Northwest Justice
         Project for legal assistance.
13
         In addition, at the same time we are actively seeking private attorney
14       representation we can afford.

15   (*Id.* at 4.) Defendants filed their reply on September 19, 2024. (Reply.)

16                  **III.    ANALYSIS**

17         Federal Rule of Civil Procedure 37(d)(1)(A)(i) empowers the court to sanction a

18   party who fails, after being served with proper notice, to appear for his or her deposition.

19   Fed. R. Civ. P. 37(d)(1)(A)(i). The party moving for sanctions "must include a

20   certification that the movant has in good faith conferred or attempted to confer with the

21   party failing to act in an effort to obtain the answer or response without court action."

22   Fed. R. Civ. P. 37(d)(1)(B). In addition to or instead of imposing any of the sanctions

1    listed in Rule 37(b)(2)(A)(i)-(vi), "the court must require the party failing to act, the

2    attorney advising that party, or both to pay the reasonable expenses, including attorney's

3    fees, caused by the failure, unless the failure was substantially justified or other

4    circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

5        The court grants Defendants' request for an order compelling Plaintiffs to attend

6    their depositions and to pay Defendants the fees and costs they incurred as a result of

7    Plaintiffs' failure to attend their depositions.  First, the court finds that Ms. Sagara

8    satisfied her Rule 37(d)(1)(B) obligations by attempting in good faith to confer with

9    Plaintiffs by telephone about rescheduling their depositions.  (See 8/16/24 Sagara Decl.

10   ¶ 11; 9/20/24 Sagara Decl. ¶ 3.)  Second, Plaintiffs do not dispute that Defendants are

11   entitled to take their depositions and do not suggest that Defendants provided them

12   improper notice.  (See generally 8/29/24 Resp.; 9/13/24 Resp.)  Third, Plaintiffs have not

13   shown that their refusal to attend their depositions on July 18 was substantially justified.

14   Mr. Lysyy cancelled less than an hour before his deposition was set to begin and did not

15   explain why he cancelled.  (See July 18, 2024 Tr. at 5:18-6:4.)  Ms. Lysyy did not

16   respond to Mr. Pope's attempt to determine whether she would attend her deposition that

17   afternoon.  (Id. at 6:15-23.)  Plaintiffs now state only that they could not attend their

18   depositions due to an unnamed "family emergency" and have made no effort to

19   reschedule their depositions.  (9/13/24 Resp. at 4; 9/20/24 Sagara Decl. ¶ 3.)  Finally,

20   Plaintiffs have not demonstrated that it would be unjust under the circumstances to award

21   Defendants their attorneys' fees and costs.  (See generally 8/29/24 Resp.; 9/13/24 Resp.)

22   The court finds that Ms. Sagara's hours worked and hourly rate are reasonable and notes

1    that Defendants' request for $4,500.00 represents a substantial discount from the nearly

2    $6,500.00 in fees and costs Defendants actually incurred as a result of Plaintiffs' failure

3    to attend their depositions.  (*See* 8/16/24 Sagara Decl. ¶¶ 14-15 (stating Ms. Sagara spent

4    three hours preparing for the depositions and four hours drafting the motion for

5    sanctions); *id.* ¶ 16 (stating Ms. Sagara's hourly rate is $425.00); *id.* ¶ 12, Ex. G (court

6    reporter invoice for $792.40); *id.* ¶ 13, Ex. H (interpreter invoice for $2,720.00).)

7    Accordingly, the court GRANTS Defendants' motion to compel and for sanctions.

8    ### IV.    CONCLUSION

9          For the foregoing reasons, the court GRANTS Defendants' motion to compel and

10   for sanctions (Dkt. # 73).  The court ORDERS as follows:

11         1.     Plaintiffs shall appear for their depositions on **October 11, 2024**, at

12   Defendants' counsel's offices at Buchalter, 1420 5th Ave., #3100, Seattle, WA 98101.

13   Mr. Lysyy's deposition will begin at 9:00 a.m., and Ms. Lysyy's deposition will begin at

14   1:00 p.m.[1]  If Plaintiffs have not retained new counsel by October 11, 2024, they shall

15   proceed with their depositions *pro se*.[2]  If Plaintiffs fail to appear for their depositions,

16   the court will dismiss their remaining claims with prejudice.

17         2.     As reasonable expenses for Plaintiffs' failure to appear at their July 18,

18   2024 depositions, the court AWARDS Defendants $4,500.00 in attorneys' fees and costs

19

20          [1] If the parties agree to hold the depositions on a date other than October 11, 2024,
     Defendants shall file notice of the new date and time.

21          [2] Plaintiffs have known that they need to retain new counsel since at least July 18, 2024,
22   when Mr. Pope filed his motion to withdraw.  Plaintiffs have neither identified new counsel nor
     explained in any detail the efforts they have made to do so.  (*See* 9/13/24 Resp.)

1    pursuant to Federal Rule of Civil Procedure 37(d)(3).  Plaintiffs shall pay these expenses

2    by no later than **October 31, 2024**.

3          Dated this 25th day of September, 2024.

4

5    _____

6    JAMES L. ROBART
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 7