# EXHIBIT D

HONORABLE JIM ROGERS
HEARING: DECEMBER 20, 2023
WITHOUT ORAL ARGUMENT

FILED
2023 DEC 06 12:07 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-11294-8 KNT

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR KING COUNTY

| | |
|---|---|
| TATYANA LYSYY, married, VASILIY LYSYY, married who are each members of a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AND DEUTSCHE BANK NATIONAL TRUST COMPANY trustee, a foreign corporation, IMPAC SECURED ASSETS CORP 2005-62, MORTGAGE PASSTHROUGH CERTIFICATES SERIES 2007-1, a foreign corporation; QUALITY LOAN SERVICE OF WASHINGTON; PMC BANCORP, a foreign corporation and national association; BANK OF AMERICA, NA. Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("Bank of America") a national association and foreign corporation; MERSCORP Holdings, Inc., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; SELECT PORTFOLIO SERVICING, INC., a foreign corporation; SAFEGUARD PROPERTIES, LLC, a foreign corporation; E*TRADE, a foreign corporation. Does 1-20<br><br>Defendants. | Case No. 22-2-11294-8 KNT<br><br>DEFENDANTS' RENEWED MOTION TO COMPEL |

DEFENDANTS' RENEWED MOTION TO COMPEL - 1

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

## I. RELIEF REQUESTED

Defendants, Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1 (the "Trust"), Select Portfolio Servicing, Inc. ("SPS"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Safeguard Properties, LLC ("Safeguard") and Residential RealEstate, Inc. ("RR") (collectively "Defendants"), renew their motion to compel Plaintiffs' complete discovery responses to written discovery served by the Trust, SPS and MERS on January 17, 2023, and served by Safeguard on March 21, 2023. Per the Court's August 24, 2023 Order on Defendants' first motion to compel, counsel participated in another discovery conference on August 30, 2023, wherein defense counsel reiterated the deficiencies in the discovery responses. Counsel agreed to another extended deadline for Plaintiffs' complete discovery responses of September 13, 2023. Plaintiffs failed to meet this agreed upon deadline. To attempt to resolve this issue without further motions practice, defense counsel requested another discovery conference, which occurred on October 4, 2023, wherein defense counsel reiterated the deficiencies in the discovery responses. Defense counsel requested that Plaintiffs supplement their responses no later than October 16, 2023. Instead of producing the complete discovery responses, on October 10, 2023, Plaintiffs moved for a trial continuance, and on October 19, 2023, they filed for Chapter 13 bankruptcy (again).

Plaintiffs filing for bankruptcy does not relieve them from participating in discovery in this matter. *See In re Merrick*, 175 B.R. 333, 338 (1994) (holding that state court defendant did not willfully violate automatic stay by participating in motions for summary judgment and for costs). It has now been almost a year since the Trust, SPS and MERS served their first set of written discovery and over eight months since Safeguard served theirs. Plaintiffs refuse to provide basic information such as a damages total and breakdown, and support for each amount. As such, Defendants request that the Court order Plaintiffs to produce complete discovery responses by a date certain and dismiss this lawsuit if Plaintiff fail to comply with the Court's order.

DEFENDANTS' RENEWED MOTION TO COMPEL - 2

## II. STATEMENT OF FACTS

### A. Background

Plaintiffs initially filed this action on July 20, 2022 without counsel and to quiet title to the property at 12921 SE 318th Way, Auburn, Washington 98092 (the "Property"). *Sagara Dec.*, ¶3, Ex. A. Plaintiffs named multiple Defendants, including the moving Defendants to this Motion to Compel. *Id.* On July 29, 2022, Plaintiffs added two Defendants, including RR. *Id.*, ¶4, Ex. B. Plaintiffs allege that Defendants conspired to effectively evict them from the Property. Plaintiffs' claims include civil conspiracy, intentional trespass, negligent trespass, declaratory relief, theft/conversion, invasion of private affairs, violation of Washington's Deeds of Trust act ("DTA"), violation of Washington's Consumer Protection Act ("CPA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of Washington's Foreclosure Fairness Act ("FFA"), wrongful foreclosure and outrage. Defendants deny Plaintiff's allegations/claims. *Id.*

### B. To Date, Defendants Have Received Incomplete Documents and Discovery Responses.

On January 17, 2023, Defendants the Trust, SPS and MERS served their first set of written discovery to Plaintiffs. *Id.*, ¶5, Ex. C. This discovery sought basic information and documents related to Plaintiffs' various claims. *Id.* To date, Plaintiffs have not responded to this set except to provide their names and contact information. *Id.*, ¶6.

On March 21, 2023, Defendant Safeguard served its first set of written discovery to Plaintiffs. *Id.*, ¶7, Ex. D. Safeguard's written discovery also sought basic information and documents related to the claims against Safeguard. *Id.* To date, Plaintiffs have not provided any damages figures, and explanation and support for each figure. *Id.*, ¶8.

### C. In Response to Defendants' First Motion to Compel, the Court Ordered the Parties to Further Confer.

In response to Defendants' first motion to compel, on August 24, 2023, the Court ordered the parties to further confer. *Id.*, ¶9, Ex. E. Per the Court's Order, counsel participated in another

discovery conference on August 30, 2023. *Id.*, ¶10, Ex. F. Therein, defense counsel advised that Plaintiffs were required to answer each discovery request and specify which documents, if any, they believed were responsive to each discovery request. Defense counsel highlighted Interrogatory Nos. 6 and 15 in Safeguard's set, which requested that Plaintiffs list each item allegedly removed from the Property and a valuation for each item, and generally all personal property damages and injuries claimed against Safeguard in this lawsuit and the calculation for each. Counsel agreed on an extended deadline for Plaintiffs' complete responses of September 13, 2023. *Id.*

Plaintiffs failed to comply with the September 13, 2023 deadline. *Id.*, ¶11, Ex. G. Therefore, defense counsel requested another discovery conference, which occurred on October 4, 2023. *Id.* Defense counsel reiterated her points in the August 30, 2023 discovery conference. Defense counsel advised that she would extend the deadline again to October 16, 2023, before she considered Court intervention. *Id.*

To date, Plaintiffs have failed to provide complete discovery responses. *Id.*, ¶¶6, 8. Instead, on October 10, 2023, Plaintiffs moved for a trial continuance, and on October 19, 2023, they filed for Chapter 13 bankruptcy (again). *Id.*, ¶¶12, 13, Exs. H, I.

### III.   STATEMENT OF ISSUES

Whether the Court should compel Plaintiffs' discovery responses.

### IV.   EVIDENCE RELIED UPON

A.   Declaration of Midori R. Sagara; and

B.   The pleadings and records filed in this action.

### V.   ARGUMENT

The Civil Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." CR 1; *Amy v. Kmart of Washington LLC*, 153 Wn. App. 846, 223 P.3d 1247 (2009). CR 37 provides that a party may move to compel discovery

DEFENDANTS' RENEWED MOTION TO COMPEL - 4

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

responses, including incomplete responses. CR 37. For continued failure to provide complete discovery responses, a party's lawsuit may be dismissed. See CR 37(b)(2)(C).

In the present case, Plaintiffs were served sets of written discovery on January 17, 2023 and March 21, 2023. *Sagara Dec.*, ¶¶5, 7, Exs. C, D. To date, over eight months later, Defendants have received only incomplete discovery responses and some unidentified documents. *Id.*, ¶¶6, 8. Defendants are entitled to complete answers/responses to each discovery request and a specification of which documents, if any, Plaintiffs believe are responsive to each discovery request. Most importantly, Defendants are entitled to a total damages figure and breakdown, and an explanation and support for each amount. *See* CR 26(b)(1). Interrogatory Nos. 6 and 15 specifically address this, seeking a list of each item allegedly removed from the Property and a valuation for each item, and generally all personal property damages and injuries claimed against Safeguard in this lawsuit and the calculation for each. *Id.* To date, Plaintiffs have failed to provide this.

At this point, defense counsel has had at least three discovery conferences with Plaintiffs' counsel and made clear the requested supplemental information. *See id.*, ¶¶10, 11, Exs. F, G. Instead of providing complete discovery responses, Plaintiffs have moved for a second trial continuance and filed for Chapter 13 bankruptcy. *Id.*, ¶¶12, 13, Exs. H, I. The automatic stay does not apply to Defendants' defense against Plaintiffs' claims in this action. *See In re Merrick*, 175 B.R. at 338 (holding that state court defendant did not willfully violate automatic stay by participating in motions for summary judgment and for costs). Plaintiffs are required to participate in discovery in this action.

## VI. CONCLUSION

Given the above, the Court should order Plaintiffs to provide complete discovery responses by a date certain and dismiss this lawsuit if Plaintiffs fail to comply with the Court Order. The Court should also award Defendants their reasonable fees related to this Renewed Motion to Compel.

DEFENDANTS' RENEWED MOTION TO COMPEL - 5

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

DATED this 6th day of December, 2023.

BUCHALTER

By: /s Midori R. Sagara
Midori Sagara, WSBA #39626
msagara@buchalter.com

1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

*Attorneys for Defendants Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1, Select Portfolio Servicing, Inc., Mortgage Electronic Registration Systems, Inc., Safeguard Properties, LLC, and Residential RealEstate Review, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2023, I caused to be served a copy of the foregoing on the following persons in the manner indicated below at the following address:

*Plaintiffs*
Richard L. Pope, Jr.
Lake Hills Legal Services PC
15600 NE 8th Street, Suite B1-358
Bellevue, Washington 98008

☑ KCSC E-Service
☐ Hand Delivery
☐ Legal Messenger
☑ E-mail

*Counsel for Quality Loan Service Corporation*
Robert William McDonald
108 1st Ave S, Suite 202
Seattle, WA 98104

☑ KCSC E-Service
☐ Hand Delivery
☐ Legal Messenger
☑ E-mail

By: *s/ Kristina Reger*
Kristina Reger, Legal Assistant
kreger@buchalter.com

DEFENDANTS' RENEWED MOTION TO COMPEL - 7

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

HONORABLE JIM ROGERS
HEARING: DECEMBER 20, 2023
WITHOUT ORAL ARGUMENT

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR KING COUNTY

| | |
|---|---|
| TATYANA LYSYY, married, VASILIY LYSYY, married who are each members of a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AND DEUTSCHE BANK NATIONAL TRUST COMPANY trustee, a foreign corporation, IMPAC SECURED ASSETS CORP 2005-62, MORTGAGE PASSTHROUGH CERTIFICATES SERIES 2007-1, a foreign corporation; QUALITY LOAN SERVICE OF WASHINGTON; PMC BANCORP, a foreign corporation and national association; BANK OF AMERICA, NA. Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("Bank of America") a national association and foreign corporation; MERSCORP Holdings, Inc., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; SELECT PORTFOLIO SERVICING, INC., a foreign corporation; SAFEGUARD PROPERTIES, LLC, a foreign corporation; E*TRADE, a foreign corporation. Does 1-20<br><br>Defendants. | Case No. 22-2-11294-8 KNT<br><br>[PROPOSED]<br>ORDER GRANTING DEFENDANTS' RENEWED MOTION TO COMPEL |

[PROPOSED] ORDER GRANTING DEFENDANTS' RENEWED MOTION TO COMPEL - 1

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

THIS MATTER came on for hearing before this Court pursuant to the Renewed Motion to Compel by Defendants, Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1 (the "Trust"), Select Portfolio Servicing, Inc. ("SPS"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Safeguard Properties, LLC ("Safeguard") and Residential RealEstate, Inc. ("RR") (collectively "Defendants"). This Court considered the records and files contained herein, including the following:

1. Defendants' Renewed Motion to Compel, with supporting declaration;
2. Plaintiffs' Response, if any;
3. Defendants' Reply in Support of Their Renewed Motion to Compel; and
4. The pleadings and records filed in this action

_____

_____

Based on the record, as well as the arguments of the parties, and being otherwise fully informed, NOW, THEREFORE, it is hereby

ORDERED that Defendants' Renewed Motion to Compel is GRANTED. Plaintiffs' complete discovery responses to the January 17, 2023 and March 21, 2023 sets of written discovery, including complete production of documents, are due to Defendants' counsel no later than_____.

Complete discovery responses include answers to each discovery request and specification of which document(s) are responsive to each discovery request. Specifically, in answer to Safeguard's Interrogatories Nos. 6 and 15, Plaintiffs are required to list each and every item they alleged was removed from the Property and a valuation for each item, and all personal property damages and injuries they claim against Safeguard and the calculation for each.

If Plaintiffs fail to provide complete discovery responses by _____, the present lawsuit may be dismissed.

[PROPOSED] ORDER GRANTING DEFENDANTS' RENEWED MOTION TO COMPEL - 2

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Defendants are awarded _____ for their reasonable fees associated with this Renewed Motion to Compel.

_____

_____

Dated this _____ day of _____, 202___.

_____
Honorable Jim Rogers

Presented by:

By: *s/ Midori R. Sagara*
Midori R. Sagara, WSBA #39626

*Attorneys for Defendants Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1, Select Portfolio Servicing, Inc., Mortgage Electronic Registration Systems, Inc., Safeguard Properties, LLC, and Residential RealEstate, Inc.*

[PROPOSED] ORDER GRANTING DEFENDANTS' RENEWED MOTION TO COMPEL - 3

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052