UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| TATYANA LYSYY, married, VASILIY LYSYY, married who are each members of a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AND DEUTSCHE BANK NATIONAL TRUST COMPANY trustee, a foreign corporation, IMPAC SECURED ASSETS CORP 2005-62, MORTGAGE PASSTHROUGH CERTIFICATS SERIES 2007-1, a foreign corporation; QUALITY LOAN SERVICE OF WASHINGTON; PMC BANCORP, a foreign corporation and national association; BANK OF AMERICA, NA. Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("Bank of America") a national association and foreign corporation; MERSCORP Holdings, Inc., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; SELECT PORTFOLIO SERVICING, INC., a foreign corporation; SAFEGUARD PROPERTIES, LLC, a foreign | No. 2:24-cv-00062-JLR<br><br>DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT |

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR
SUMMARY JUDGMENT - 1
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

corporation; RESIDENTIAL REAL ESTATE REVIEW, INC, a foreign corporation; MORTGAGE STANLEY PRIVATE BANK, NA, a foreign corporation, E*TRADE, a foreign corporation.

Does 1-20,

        Defendants.

## I. INTRODUCTION

Plaintiffs' counsel's Response, Dkt No. 97, fails to accurately state which claims are still pending, fails to properly apply the law, and omits undisputed pertinent facts that are dispositive of this action. Plaintiffs' counsel (who recently re-appeared in this action) fails to recognize that the Court previously dismissed with prejudice Plaintiffs' claims for trespass, theft, conversion and outrage, as well as multiple other claims. *See* Dkt Nos. 54, 67. The only pending claims at this point are for the alleged violation of the bankruptcy stay pursuant to 11 U.S.C. § 362(k), invasion of private affairs, quiet title, declaratory relief based on the doctrine of laches and six-year statute of limitations, and for an injunction. *Id*. Because the trespass claims have been dismissed, Plaintiffs' counsel's main argument that there is no requirement of actual damages, and cites to the Washington common law on trespass, is misplaced in relation to Plaintiffs' predominant claim under 11 U.S.C. § 362(k). Per the Supremacy Clause of the U.S. Constitution, a state rule or law must yield to the provisions of the Bankruptcy Code. *Hillsborough Cnty., Fla. v. Automated Med. Labs., Inc*., 471 U.S. 707, 712–13, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985) (citation omitted). And the Bankruptcy authority is clear that contrary to the state trespass caselaw, proof of actual damages is required. *See, e.g.*, *In re Snowden*, 769 F.3d 651, 658 (9th Cir. 2014). Plaintiffs' deposition testimonies confirmed that they have no actual damages proximately caused by the alleged October 2019 entry. They cannot cure this fact with self-serving conclusory statements

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT - 2
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

that they "suffered emotional distress" after their depositions. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991). Plaintiffs' remaining claims fail as a matter of law and should be dismissed.

## II. ARGUMENT

**A. Plaintiffs' Argument That They Are Not Required to Prove Actual Damages, and Supporting State Law Trespass Cases, Does Not Apply to the Remaining Claims Because the Court Dismissed Plaintiffs' Trespass Claim in Its April 3, 2024 Order.**

Plaintiffs' counsel's reoccurring argument in the Response is that Plaintiffs are not required to prove actual damages: despite that Plaintiffs have no actual damages, they can still recover nominal and punitive damages. This argument relies entirely on state law cases regarding trespass. Dkt No. 97, at 6: 4 – 7: 3. However, on April 3, 2024, the Court dismissed with prejudice Plaintiffs' state law trespass claims and declined to reconsider the dismissal in its May 28, 2024 Order. Dkt Nos. 54, 67. Plaintiffs' counsel's argument that no actual damages are required is false and irrelevant vis-à-vis the remaining federal claim for the alleged violation of the automatic bankruptcy stay.

As Plaintiffs' counsel admits, "[u]nder 28 U.S.C. § 1652, Washington law "shall be regarded as rules of decision in civil actions in the courts of the United States [sitting in Washington], ***unless specifically overridden by federal law***." Dkt No. 97, at 9: 18-20 (emphasis added). And in regard to the predominant remaining claim in this action for alleged violation of the bankruptcy stay pursuant to 11 U.S.C. § 362(k), the Bankruptcy Code and the interpretation by federal caselaw ***specifically override*** the Washington common law and govern. *See* 11 U.S.C. § 103(a) ("Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title,…"); *Hillsborough Cnty., Fla.*, 471 U.S. at 712–13 (quoting *Gibbons v. Ogden*, 22 U.S. 1, 6 L.Ed. 23 (1824) (holding that under the Supremacy Clause of the U.S. Constitution, a state rule or law must yield to the provisions of the Bankruptcy Code: "***It is a familiar and well-established***

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT - 3
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

*principle that the Supremacy Clause invalidates state laws that 'interfere with, or are contrary to,' federal law.*") (emphasis added); *see also In re Parker*, 2022 WL 15523089, *2 (9th Cir. Oct. 27, 2022) (finding that "section 362(k) creates a coherent enforcement scheme for "any willful violation" of section 362(a)'s automatic stay" and the Court "need look no further.").

The overwhelming and undisputable authority above make it clear that the Washington common law on trespass cited and relied on by Plaintiffs' counsel has no place in this action. The Bankruptcy Code and federal interpretation also make clear, contrary to Plaintiffs' counsel's main argument in the Response, that a claim under 11 U.S.C. § 362(k) requires actual damages. *In re Snowden*, 769 F.3d at 658 (citation omitted) (The 9th Circuit relies on the plain meaning of "actual damages" as "[a]n amount awarded...to compensate for a proven injury or loss; damages that repay actual losses."); *In re Roman*, 283 B.R. 1, 11 (9th Cir. BAP 2002) (Courts look at damages that are reasonably incurred.); *In re Jha*, 461 B.R. 611, 616 (Bankr. N.D. Cal. Oct. 5, 2011) (citation omitted) (stating the fifth requirement to prove a willful violation of the automatic stay as "the debtor suffered damages.").

This matter is not about what could have happened, on which Plaintiffs' Response is focused. This matter is about what did in fact happen. And Plaintiffs' deposition testimonies are clear that they did not incur any damages. Plaintiffs testified under penalty of perjury that they abandoned the Property in 2012 or 2013, *six to seven years prior to* the alleged October 2019 entry, and left nothing of value. Since 2012 or 2013, the Property remained vacant by their choice. Dkt No. 89, ¶¶ 3, 4, Ex. A, at 10: 16 – 11: 3; Ex. B, at 13: 7-16, 26: 3-5. Plaintiff never returned to the Property to live even temporarily. *Id*. Plaintiffs never let anyone stay at the Property, never tried to rent out the Property and never tried to sell the Property. *Id*., Ex. A, at 18: 8-20, 21: 3-11, 15-17; Ex. B, at 35: 12-15, 37: 2-3, 41: 24 – 42: 2. Mr. Lysyy even testified that when he received a few casual inquiries about the Property after the pandemic, via text, he rejected or ignored them. *Id*., ¶ 4, Ex. B, at 38: 1-4, 39: 3-8.

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT - 4
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Plaintiffs never listed the Property, never showed the Property to a potential buyer and never received any formal offers in writing. *Id.*, at 37: 1-12. Plaintiffs do not dispute any of this testimony in their Response.

Plaintiffs cannot show any attorney fees or costs incurred as a result of the alleged October 2019 entry. Attorney fees incurred in an attempt to collect damages once the stay violation has ended are not recoverable. *In re Snowden*, 769 F.3d at 658. Defendants ceased all REO activity by November 1, 2019, and Ms. Lysyy's October 11, 2019 Chapter 13 Petition was dismissed on February 18, 2020. Dkt No. 89, ¶ 9, Ex. E. There was no bankruptcy pending when Plaintiffs filed the present action and no bankruptcy pending currently. Plaintiffs' repeated argument for a continuing violation of the automatic stay fails as a matter of law.

Plaintiffs both testified under penalty of perjury that they did not incur any damages relating to depression or anxiety. Neither sought any treatment of any kind for depression or anxiety from 2019. *Id.*, ¶¶ 3, 4, Ex. A, at 42: 12-20; Ex. B, at 70: 1-3. Again, Plaintiffs do not dispute this testimony in their Response. Plaintiffs' deposition testimonies show that they have not incurred or sustained any damages as a result of the alleged October 2019 entry. They also have produced no documentation to date to prove actual damages.

**B.  Plaintiffs Cannot Create an Issue of Fact With Self-Serving Declarations That Contradict Their Deposition Testimony.**

In support of the Response, Plaintiffs submitted declarations stating that they "suffered emotional distress and mental anguish due to Defendants taking over my property."[1] Dkt Nos. 94, 95. These perfunctory statements are in direct contradiction to their prior deposition testimonies. *See* Dkt No. 89, ¶¶ 3, 4, Ex. A, at 42: 12-20; Ex. B, at 70: 1-3.

---

[1] Because Plaintiffs' outrage claim has been dismissed with prejudice, see Dkt Nos. 54, 67, the declarations are not analyzed in the context of that dismissed claim.

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT - 5
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony. *Kennedy*, 952 F.2d at 266, *citing Foster v. Arcata Associates*, 772 F.2d 1453, 1462 (9th Cir. 1985), *overruled on other grounds*, *cert. denied*, 475 U.S. 1048, 106 S.Ct. 1267, 89 L.Ed.2d 576 (1986*); Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543–44 (9th Cir. 1975). "[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id*.

In the present action, where Plaintiffs' declarations do not clarify their prior contradictory deposition testimonies by explaining how they were somehow confused, and do not present newly-discovered evidence, the Court may interpret and find Plaintiffs' declarations shams, intended solely to attempt to create a sham issue of fact, and disregard the declarations. *See id*., at 266-67.

Even if Plaintiffs did not waive claims of emotional distress by their deposition testimonies, their short and conclusory statements in their declarations are insufficient to establish actual damages under 11 U.S.C. § 362(k). "[T]o be entitled to damages for emotional distress under § 362 ( [k] ), an individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay (as distinct, for instance, from the anxiety and pressures inherent in the bankruptcy process)." *In re Copeland*, 441 B.R. 352, 367 (Bankr. W.D. Wash. Aug. 16, 2010) (citation omitted).

"Fleeting or trivial anxiety or distress does not suffice to support an award; instead, an individual must suffer significant emotional harm." *Id*. Emotional distress damages are established by corroborating medical evidence, non-expert testimony about manifestations of mental anguish, or circumstances that make it obvious that a reasonable person would suffer significant emotional harm distinct from the bankruptcy and/or forfeiture process. *Id*.

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT - 6
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

In this action, Plaintiffs have not established emotional distress proximately caused by the alleged October 2019 entry in any sufficient and admissible manner. They have produced no corroborating medical evidence. Plaintiffs even testified that they did not seek medical treatment for emotional distress. Nowhere in their depositions or their declarations did Plaintiffs detail physical manifestations of mental anguish (as opposed to their short and plain conclusory statements) due to the alleged October 2019 entry, or how the alleged circumstances resulted in significant emotional harm distinct from the emotional distress inherent in the bankruptcy and forfeiture processes. Plaintiffs have failed to establish actual emotional distress damages.

C. **Plaintiffs Allege the Statutory Claim for "Invasion of Private Affairs" in Their Amended Complaint.**

Plaintiffs' counsel cites three Washington cases in support of a private right of action for invasion of privacy torts: *Eastwood v. Cascade Broadcasting Co.*, 106 Wn.2d 466, 722 P.2d 1295 (1986), involving claims against broadcasting companies for "false light," or "false, untrue, and totally incorrect" statements; *Mark v. Seattle Times*, 96 Wn.2d 473, 635 P.2d 1081 (1981), involving a claim for appropriation of name, personality or likeness; and *Reid v. Pierce County*, 136 Wn.2d 195, 961 P.2d 333 (1998), involving a claim for public disclosure of private facts. Dkt No. 97, at 12: 8-14.

Defendants do not dispute that there is a private right of action for the tort claims of false light, appropriation of name, personality or likeness, and public disclosure of private facts. But Plaintiffs do not allege any of these tort claims in their Amended Complaint. *See* Dkt No. 1.3. None of these claims is pending. Instead, Plaintiffs specifically allege a claim for "invasion of private affairs and residence." Dkt No. 1.3, at 12: 15. The factual basis for the "invasion of private affairs" is "The Defendants,…entered Plaintiffs property and home and disposed of Plaintiffs' personal belongings without permission or authorization." *Id.*, at 12: 19-22. The plain language of Plaintiffs' sixth cause of action is consistent with the statutory claim of "invasion of private affairs," based on the

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT - 7
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Constitutional statement that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." *See* Wash. Const. art. I, § 7; *Robinson v. City of Seattle*, 102 Wn. App. 795, 808, 10 P.3d 452 (2000). Nothing in the language of Plaintiffs' sixth cause of action supports or implicates a claim for false light, appropriation of name, personality or likeness, or public disclosure of private facts. Plaintiffs' counsel has had over two years to move to amend the Amended Complaint and has not done so. The only invasion or privacy claim Plaintiffs allege is the statutory one referred to as "invasion of private affairs," and there is no private right of action for such a claim. Plaintiffs' sixth cause of action could also support a claim for trespass or outrage but the Court has previously dismissed both of those claims. *See* Dkt Nos. 54, 67.

### D. The Six-Year Statute of Limitations Does Not Bar Foreclosure.

Plaintiffs' counsel argues that the six-year statute of limitations bars foreclosure and on that basis alone, Plaintiffs are entitled to quiet title of the Property. Plaintiffs' counsel's argument is an over simplification and inaccurate interpretation of the applicable statute of limitations.

A promissory note and deed of trust, as written contracts, are subject to a six-year statute of limitations for such contracts. RCW 4.16.040(1); *Cedar W. Owners Ass'n v. Nationstar Mortg., LLC*, 7 Wn. App. 2d 473, 482, 434 P.3d 554 (2019). The six-year period begins "after the cause of action has accrued." RCW 4.16.005. For an installment promissory note, the cause of action "accrues for each monthly installment from the time it becomes due." *Cedar W. Owners Ass'n.*, 7 Wn. App. 2d at 484. The final six-year period for taking action on an installment note does not begin to run until the note fully matures. *Merceri v. Bank of N.Y. Mellon*, 4 Wn. App. 2d 755, 760, 434 P.3d 84 (2018).

If a lender accelerates an installment note, "the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due." *4518 S. 256th, LLC v. Karen L. Gibbon, PS*, 195 Wn. App. 423, 434-35, 382 P.3d 1 (2016). For acceleration

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT - 8
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

to occur, the lender must take some affirmative action that informs the borrower that the entire debt is due immediately. *Merceri*, 4 Wn. App. 2d at 760.

In this matter, Plaintiffs have not established any date of acceleration. The subject promissory note matures on January 1, 2026, over one year from now. Dkt No. 18, Ex. A. On these facts alone, it is indisputable that the six-year statute of limitations has not expired on all of the monthly installments.

Further, RCW 4.16.230 provides, "When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." Non-judicial foreclosure will toll the statute of limitations beginning with the recording of the Notice of Trustee's Sale ("NOTS"). *Loun v. U.S. Bank Nat'l Assoc.*, 26 Wn. App. 2d 228, 239, 525 P.3d 1280 (2023). If the Trustee's Sale does not occur, the statute of limitations restarts on either the date scheduled for the foreclosure or the last day to which it could have been continued, one hundred twenty days later. *Cedar W. Owners Ass'n.*, 7 Wn. App. 2d at 489 (citation omitted). Bankruptcy also tolls the statute of limitations. *Loun*, 26 Wn. App. 2d at 239.

In this matter, Ms. Lysyy's three bankruptcy filings and the initiation of non-judicial foreclosures indisputably tolled the statute of limitations. *Sagara Dec.*, Ex A. In total, *twelve* NOTS were recorded, the most recent of which was on June 9, 2023. *Id*. (Stenman draft dec., Ex. 10, including 10A-10L). This was due to multiple unsuccessful foreclosure mediations and Ms. Lysyy filing for bankruptcy three times (all three of which were dismissed). *Id*., (Stenman draft dec., Ex. 11). With the additional tolling facts, it is indisputable that the six-year statute of limitations has not expired on most, if not all, of the monthly installments. Plaintiffs therefore cannot prevail on a quiet title claim based on the six-year statute of limitations or doctrine of laches.

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT - 9
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Plaintiffs do not dispute the default on the subject mortgage loan. They cannot establish that the loan has been satisfied and the corresponding deed of trust reconveyed. As a result, Plaintiffs cannot establish clear title to the Property and their quiet title claim should be dismissed.

**E.     Plaintiffs Agree to Dismiss Their Claim for Injunction.**

The Court should dismiss Plaintiffs' claim for injunction based on Plaintiffs' stipulation.

## III.     CONCLUSION

Given the above, and Defendants' second Motion for Summary Judgment, the Court should dismiss Plaintiffs' remaining claims and this action with prejudice.

I certify that this memorandum contains 3,148 words, in compliance with the Local Civil Rules.

DATED this 24th day of December, 2024.

BUCHALTER

By: */s Midori R. Sagara*
Midori Sagara, WSBA #39626
msagara@buchalter.com

1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

*Attorneys for Defendants Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1, Select Portfolio Servicing, Inc., Safeguard Properties, LLC, and Residential RealEstate Review, Inc.*

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT - 10
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2024, I caused to be served a copy of the foregoing on the following persons in the manner indicated below at the following address:

| | |
|---|---|
| **Counsel for Plaintiffs**<br>Richard L. Pope, Jr.<br>Lake Hills Legal Services PC<br>15600 NE 8th Street, Suite B1-358<br>Bellevue, Washington 98008 | ☑ CM/ECF<br>☐ First Class Mail<br>☐ Federal Express<br>☐ Legal Messenger<br>☑ E-mail |
| **Counsel for Quality Loan Service Corporation**<br>Robert William McDonald<br>108 1st Ave S, Suite 202<br>Seattle, WA 98104 | ☑ CM/ECF<br>☐ Hand Delivery<br>☐ Legal Messenger<br>☑ E-mail |

By: *s/ Cynthia Daniel*
Cynthia Daniel, Legal Assistant
cdaniel@buchalter.com

DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT - 11
NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052