UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATYANA LYSYY, *et al.*,<br><br>            Plaintiffs,<br><br>   v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*,<br><br>            Defendants. | Case No. C24-62-JLR<br><br>ORDER |

      Based on a joint request by Plaintiffs Tatyana Lysyy and Vasiliy Lysyy (together, "Plaintiffs") and Defendants Deutsche Bank National Trust Company, Select Portfolio Servicing, Inc., Safeguard Properties Management, LLC, and Residential RealEstate Review, Inc. (collectively, "Defendants"), the Honorable James L. Robart referred this matter to the undersigned for purposes of conducting a settlement conference. (Dkt. ## 101-02.)

      This Court ordered the parties to appear on May 7, 2025, at 9:30 a.m., for the settlement conference. (Order (dkt. # 103 as amended; *see* dkt. at Apr. 22, 2025).) While Defendants, their counsel, and Plaintiffs' counsel appeared as ordered, neither of the Plaintiffs appeared. (Dkt. # 111.) The undersigned is aware that Plaintiffs' counsel made repeated attempts to convince the Plaintiffs to attend the hearing to no avail. As a result, the Court set a hearing to determine

ORDER - 1

whether Plaintiffs should be held in civil contempt. (*Id.*) The hearing is scheduled for May 22, 2025, at 9:00 a.m. The Court initiates contempt proceedings reluctantly. Given Plaintiffs' conduct in this case, however, the integrity of these judicial proceedings requires Plaintiffs to appear in court to make their case as to why they should not be held in contempt.

Extensive preparation is required prior to a settlement conference and the Court sets aside a day and a half to prepare for and conduct the settlement conference. In preparation, the Court issued a scheduling order ordering the parties to exchange settlement demands and submit confidential letters to this Court.[1] (*See* Order at 2-4). The parties were further required to prepare draft settlement agreements to bring to the conference. (*Id.* at 5.) In addition, this Court conducted separate preliminary phone calls with Plaintiffs' and Defendants' counsel the day before the settlement conference. During the preliminary calls, it was brought to the Court's attention that Plaintiffs may benefit from a Ukrainian interpreter. Defendants agreed to provide a Ukrainian interpreter, at their expense, for Plaintiffs during the settlement conference in the hopes that an interpreter would help the Court settle this matter. In short, the Court, Plaintiffs' counsel, and Defendants and their counsel have committed significant time, expense, and effort to participate in the settlement conference. Plaintiffs' failure to participate was disrespectful to all who were in attendance at the conference.

This Court notes that, earlier in this case, sanctions were imposed on Plaintiffs for failure to attend their depositions. Plaintiffs' counsel agreed to depositions set for July 18, 2024. (Dkt. # 83 at 2.) Defendants had reserved a court reporter and two certified Ukrainian interpreters. (*Id.*) Mr. Lysyy called Plaintiffs' counsel less than an hour prior to his scheduled deposition and stated

---

[1] Plaintiffs' confidential letter was submitted to this Court a day late and only after the Court issued an Order to Show Cause as to whether the settlement conference should be cancelled due to the failure to submit materials in advance of the conference.

ORDER - 2

he would not appear due to an unspecified family emergency. (*Id.*) Ms. Lysyy did not respond to counsel's inquiries as to whether she would appear for her deposition scheduled for later in the day. (*Id.*) Pursuant to Federal Rule of Civil Procedure 37(d), the Court granted Defendants' request for an order compelling Plaintiffs to attend depositions and ordered Plaintiffs to pay Defendants $4,500.00 in attorneys' fees and costs. (*Id.* at 6-7.) The Court warned Plaintiffs that if they failed to appear for their rescheduled depositions, the Court would dismiss their claims with prejudice. (*Id.* at 6.)

A district court has the inherent authority to enforce compliance with its orders through civil contempt proceedings. *Toyo Tire & Rubber Co. v. Hong Kong Tri-Ace Tire Co.*, 281 F. Supp. 3d 967, 984 (C.D. Cal. 2017) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994)). "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). "But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual-Deck*, 10 F.3d at 695 (cleaned up). Civil contempt must be established by clear and convincing evidence. *Id.* In short, civil contempt sanctions may be imposed if the Court "determine[s] (1) that [the contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Id.*

Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate a party injured by the contemptuous behavior, or both. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Accordingly, if civil contempt is established

here, sanctions may include imprisonment and prospective conditional fines to induce compliance with court orders, and fines to reimburse damages, including attorney's fees, caused by violation of the Order. *See BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 475 F. Supp. 3d 1235, 1241-42 (W.D. Wash. 2020) ("[T]rial courts have 'discretion to analyze each contempt case individually and decide whether an award of fees and expenses is appropriate as a remedial measure.'") (quoting *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985)); *Gen. Signal Corp.*, 787 F.2d at 1380 (contempt sanctions may include attorneys' fees only if "caused by" violation of the court order).

Because civil contempt can result in imprisonment, Plaintiffs have a right to counsel for the contempt hearing. If Plaintiffs notify the Court by **May 14, 2025**, that they desire an attorney but cannot afford one, counsel will be appointed. Counsel will be appointed for a limited representation relating solely to the contempt proceeding.

Plaintiffs will have the opportunity to present witnesses at the hearing, however, testimony must be provided by live witnesses, not by affidavit. The Federal Rules of Evidence govern contempt proceedings. Fed. R. Evid. 1101(b).

The Clerk is directed to send copies of this order to the parties and to Judge Robart.

Dated this 8th day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4