UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATYANA LYSYY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*, <br><br> Defendants. | Case No. C24-62-JLR <br><br> ORDER |

This matter is before the Court on Plaintiffs' amended request for pro bono counsel to represent them in a civil contempt hearing related to their failure to appear as ordered at a settlement conference before the undersigned. (Dkt. # 114.) As noted in the Order setting the contempt hearing (dkt. # 112), because civil contempt can result in imprisonment, this Court determined that counsel should be appointed if Plaintiffs so desire and cannot afford counsel. *See In re Grand Jury Proc.*, 468 F.2d 1368, 1369 (9th Cir. 1972) (indigent person is entitled to appointed counsel in a civil contempt proceeding that involves the threat of imprisonment); *but see Turner v. Rogers*, 564 U.S. 431 (2011) (due process does not *automatically* require appointment of counsel in civil contempt proceeding if other safeguards—notice of critical issue,

ORDER - 1

eliciting of information on critical issue, opportunity to address critical issue at the hearing, and an express finding by the court on the critical issue—are in place).

Plaintiffs previously submitted an application to proceed *in forma pauperis* in this action in relation to a request to be relieved of sanctions imposed as a consequence of their failure to appear for a scheduled deposition. (*See* dkt. ## 84, 87, 91.) Based on information provided in the application, the Honorable James L. Robart granted Plaintiffs partial relief from those sanctions. (*See* dkt. # 92.) Accordingly, this Court, consistent with Judge Robart's earlier ruling, concludes that Plaintiffs have sufficiently shown an inability to afford counsel to represent them in the contempt proceeding.

For the foregoing reasons, the Court hereby ORDERS as follows:

(1) Plaintiffs' amended request for pro bono counsel (dkt. # 114) is GRANTED, contingent on identification of counsel willing to represent Plaintiffs in this matter. Representation will be limited solely to the contempt proceeding. The Western District of Washington's Pro Bono Coordinator is directed to identify counsel to represent Plaintiffs, in accordance with the Court's General Order 07-23 ("In re: Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions"), section 3. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiffs, the Court will issue appropriate orders.

(2) The Clerk is directed to send copies of this Order to the parties, to the Pro Bono Coordinator, and to the Honorable James L. Robart.

Dated this 15th day of May, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2