1

Honorable James L. Robart

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**
9              **WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

10   TATYANA LYSYY, VASILIY LYSYY, et al.,    )    **NO.  2:24-cv-00062-JLR**
                                              )
11   Plaintiffs,                              )
                                              )
12   v.                                       )    **PLAINTIFFS' RESPONSE TO**
                                              )    **DEFENDANTS' MOTION**
13   DEUTSCHE BANK NATIONAL TRUST             )    **TO STRIKE JURY TRIAL**
     COMPANY and DEUTSCHE BANK NATIONAL)
14   TRUST COMPANY, as Trustee etc., et al.,  )
                                              )    **Note on Motion Calendar:**
15   Defendants.                              )    **Thursday, May 22, 2025**
     ─────────────────────────────────────   )
16

17                              **INTRODUCTION**

18          Plaintiffs Tatyana and Vasiliy Lysyy oppose Defendants' Motion to Strike Jury Trial

19   (Dkt. No. 107, filed May 1, 2025), which seeks to convert the June 23, 2025 jury trial into a two-

20   day bench trial. Defendants argue that the remaining claims—violation of the automatic

21   bankruptcy stay under 11 U.S.C. § 362(k) and quiet title—lack a Seventh Amendment jury trial

22   right, citing the public rights exception for § 362(k) and the equitable nature of quiet title under

23   Washington law. This Court should deny the motion. The § 362(k) claim, seeking damages for

24   willful stay violations, is a legal action with a clear jury trial right. The quiet title claim, hinging

25   on factual disputes over the statute of limitations, also warrants a jury trial under federal law.

26   Notably, Defendants fail to cite any federal case law or Seventh Amendment analysis to deny a

27   jury trial for the quiet title claim, relying solely on inapposite state law authorities. Alternatively,

28

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTION TO STRIKE JURY TRIAL -- 1**

1  the quiet title claim should be remanded to state court, as its state law foundation and

2  Defendants' opposition to a federal jury trial favor state adjudication.

3  ## I.  STATEMENT OF FACTS

4  Plaintiffs filed this action on July 20, 2022, alleging Defendants unlawfully entered their

5  Auburn, Washington property on October 17, 2019, during an automatic bankruptcy stay

6  triggered by Tatyana Lysyy's October 11, 2019 Chapter 13 filing (Dkt. No. 1.2; T. Lysyy Decl.,

7  Dkt. No. 43, ¶ 7, Ex. 4). The Amended Complaint (Dkt. No. 1.3) asserted seventeen claims,

8  including stay violation, quiet title, and torts. The quiet title claim rests on Washington's six-year

9  statute of limitations (RCW 4.16.040), triggered by the 2010 loan acceleration (T. Lysyy Decl.,

10  Dkt. No. 43, ¶ 4, Ex. 1). On April 3, 2024, the Court dismissed multiple claims on Defendants'

11  first summary judgment motion (Dkt. No. 54). On May 28, 2024, the Court dismissed the due

12  process claim on reconsideration (Dkt. No. 67). On February 20, 2025, the second summary

13  judgment ruling dismissed additional claims, leaving only the § 362(k) and quiet title claims

14  (Dkt. No. 100). Plaintiffs' declarations detail Defendants' actions, including changing locks,

15  posting "No Trespassing" signs, and billing $700 for eviction fees, causing emotional distress

16  and loss of use (T. Lysyy Decl., Dkt. No. 43, ¶¶ 7-8; V. Lysyy Decl., Dkt. No. 44, ¶¶ 5-13; 2nd

17  T. Lysyy Decl., Dkt. No. 94, ¶ 2; 2nd V. Lysyy Decl., Dkt. No. 95, ¶¶ 2-4). Prior remand

18  motions (Dkt. Nos. 31, 60) sought to return state law claims to King County Superior Court,

19  reflecting their state law nature.

20  ## II. LEGAL STANDARD

21  The Seventh Amendment guarantees a jury trial in "suits at common law" where the

22  amount in controversy exceeds twenty dollars. U.S. Const. amend. VII. Federal Rule of Civil

23  Procedure 38(a) mandates preserving this right. Courts assess jury trial entitlement by

24  examining: (1) whether the claim is analogous to a common law action from 1791, and (2)

25  whether the remedy sought is legal or equitable. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33,

26  41-42 (1989); Tull v. United States, 481 U.S. 412, 417-18 (1987). Legal claims, particularly

27  those seeking damages, trigger a jury trial right, while purely equitable claims do not. Dairy

28
**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STRIKE JURY TRIAL -- 2**

**Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com**

1  Queen, Inc. v. Wood, 369 U.S. 469, 477-78 (1962). When legal and equitable claims share

2  factual issues, the legal claim's jury trial right prevails. Beacon Theatres, Inc. v. Westover, 359

3  U.S. 500, 510-11 (1959). Motions to strike a jury trial are disfavored when genuine factual

4  disputes exist. Fed. R. Civ. P. 56(a).

### III.  ARGUMENT

#### A.  PLAINTIFFS ARE ENTITLED TO A JURY TRIAL ON THE § 362(k) CLAIM

Defendants argue that the § 362(k) claim for willful violation of the automatic

bankruptcy stay asserts a "public right" exempt from the Seventh Amendment, citing In re

Calderon, 497 B.R. 558, 565 (Bankr. E.D. Ark. 2013), a non-binding bankruptcy court decision.

This argument fails. The § 362(k) claim seeks actual and punitive damages, a quintessentially

legal remedy entitling Plaintiffs to a jury trial. Granfinanciera, 492 U.S. at 41 (damages are legal

relief); Tull, 481 U.S. at 422 (statutory damages claims trigger jury trial right). The Ninth Circuit

has recognized that § 362(k) claims involve factual disputes, such as whether the defendant

knowingly violated the stay and acted intentionally, which are classic jury questions. In re

Schwartz-Tallard, 803 F.3d 1095, 1099 (9th Cir. 2015). Plaintiffs' declarations establish that

Defendants entered the Auburn property on October 17, 2019, after the October 11, 2019

bankruptcy filing, changed locks, posted "No Trespassing" signs, and billed $700 for eviction

fees (T. Lysyy Decl., Dkt. No. 43, ¶¶ 7-8; V. Lysyy Decl., Dkt. No. 44, ¶¶ 5-6). These and other

actions raise triable issues about willfulness, necessitating a jury.

The public rights exception, as clarified in Granfinanciera, applies only to claims integral

to government regulatory schemes, not private disputes like § 362(k) damages actions between

debtors and creditors. 492 U.S. at 55-56. Calderon's holding is unpersuasive in this district court,

where jury trials are standard for legal claims. Section 362(k) claims seeking damages are jury-

triable in district court, as they resemble tort actions for wrongful interference with property

rights. Jury trial rights for legal claims are allowed in bankruptcy contexts.  Granfinanciera, S.A.

v. Nordberg, 492 U.S. at 53; Germain v. Conn. Nat. Bank, 988 F.2d 1323, 1329–1330 (2d. Cir.

1993); Biling v. Ravin, Greenberg, & Zackin, P.A., 22 F.3d 1242, 1253 (3d Cir. 1994).

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STRIKE JURY TRIAL -- 3**

1    Fed. R. Civ. P. 38(a) mandates preserving the Seventh Amendment right, and

2    Defendants' failure to cite controlling Ninth Circuit or Supreme Court authority in support of

3    their motion to strike jury trial renders their argument meritless.

4    **B.  THE QUIET TITLE CLAIM WARRANTS A JURY TRIAL DUE TO**

5    **FACTUAL DISPUTES**

6    Defendants assert that the quiet title claim is purely equitable under Washington law,

7    citing Green v. Hooper, 149 Wn. App. 627, 645, 205 P.3d 134 (2009), Durrah v. Wright, 115

8    Wn. App. 634, 649, 63 P.3d 184 (2003), and Auburn Mechanical, Inc. v. Lydig Const., Inc., 89

9    Wn. App. 893, 897, 951 P.2d 311 (1998). Strikingly, Defendants offer **no federal case law or**

10   **Seventh Amendment analysis** to support denying a jury trial in federal court, a critical omission

11   that fatally weakens their motion. The Seventh Amendment, not Washington's Constitution,

12   governs jury trial rights in federal court (28 U.S.C. § 1652; Fed. R. Civ. P. 38(a)), and federal

13   precedent clearly supports a jury trial for the quiet title claim due to its underlying factual

14   disputes.

15   While quiet title is traditionally equitable, federal courts recognize a Seventh Amendment

16   jury trial right when factual or legal issues predominate. Dairy Queen, 369 U.S. at 477-78 (jury

17   trial required when legal issues overlap with equitable claims); Beacon Theatres, 359 U.S. at

18   510-11 (common factual issues trigger jury trial). The quiet title claim here hinges on whether

19   the six-year statute of limitations (RCW 4.16.040) bars Defendants' deed of trust, triggered by

20   the 2010 loan acceleration (T. Lysyy Decl., Dkt. No. 43, ¶ 4, Ex. 1). This raises factual

21   questions, such as the exact timing of acceleration and whether any tolling applies, which are

22   suitable for a jury. Cedar W. Owners Ass'n v. Nationstar Mortg., LLC, 434 P.3d 554, 558

23   (Wash. Ct. App. 2019) (statute of limitations disputes involve factual issues). Federal courts have

24   granted jury trials in similar contexts. In Pernell v. Southall Realty, 416 U.S. 363, 370-71 (1974),

25   the Supreme Court held that actions to recover real property, even if statutory, warrant a jury trial

26   when factual disputes exist.

27

28

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTION TO STRIKE JURY TRIAL -- 4**

Moreover, the quiet title claim shares factual issues with the § 362(k) claim. Beacon Theatres mandates that a jury resolve these common issues to preserve the Seventh Amendment right for the legal § 362(k) claim. 359 U.S. at 510-11. Defendants' exclusive reliance on state law cases like Green (addressing ejectment) and Durrah (lacking Seventh Amendment analysis) is misplaced, as they fail to engage with federal standards. This Court should reject their argument and preserve the jury trial.

### C. ALTERNATIVELY, THE QUIET TITLE CLAIM SHOULD BE REMANDED TO STATE COURT

If the Court finds the quiet title claim unsuitable for a federal jury trial, it should remand the claim to King County Superior Court under 28 U.S.C. § 1447(c). The claim is grounded in Washington law (RCW 4.16.040, RCW 7.28.300), and Plaintiffs have consistently sought to litigate state law claims in state court, as evidenced by prior remand and reconsideration motions (Dkt. Nos. 31, 60). Defendants' opposition to a federal jury trial, coupled with their failure to cite federal authority, underscores that state court is the proper forum. Washington courts routinely adjudicate quiet title actions, and remand avoids overextending federal jurisdiction over a predominantly state law claim. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (remand appropriate when state law claims predominate); United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The Ninth Circuit supports remand when federal claims are minimal, as here, where only the § 362(k) claim is federal. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997). Remand ensures consistency with state procedures and promotes judicial economy.

### D. DEFENDANTS' REQUEST TO SHORTEN THE TRIAL IS PREMATURE

Defendants' request to shorten the trial to two days is speculative and premature. The § 362(k) and quiet title claims involve complex factual disputes, including the willfulness of the 2019 stay violation and the 2010 acceleration's impact on the statute of limitations. A jury trial requires sufficient time for evidence, testimony, and deliberation. The Court should maintain the existing schedule pending resolution of the jury trial issue.

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STRIKE JURY TRIAL -- 5

## V.  CONCLUSION

The Court should deny Defendants' Motion to Strike Jury Trial. The § 362(k) claim's damages remedy and the quiet title claim's factual disputes entitle Plaintiffs to a Seventh Amendment jury trial. Defendants' failure to provide federal case law or Seventh Amendment analysis for the quiet title claim is a critical deficiency. Alternatively, the quiet title claim should be remanded to state court. The trial schedule should remain unchanged.

### Word Count Certification

I certify this pleading contains 1,648 words, in accordance with local civil rules.

Respectfully submitted this 15th day of May 2025.

/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.
WSBA # 21118
Attorney for Plaintiffs

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, Suite B1-358
Bellevue, Washington  98008
Tel:  (425) 829-5305
Fax:  (425) 526-5714
E-Mail:  rp98007@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused the above document to be delivered through electronic court filing (ECF) to:

**Midori R Sagara   msagara@buchalter.com, kreger@buchalter.com, midori.sagara@gmail.com**

**Richard Lamar Pope , Jr   rp98007@gmail.com** (for some reason ECF may not send to me)

**Robert William McDonald   rmcdonald@qualityloan.com, cvnotice@mccarthyholthus.com, rockymcdonald@gmail.com**

DATED:  May 15, 2025.

/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STRIKE JURY TRIAL -- 6

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com