UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| TATYANA LYSYY, married, VASILIY LYSYY, married who are each members of a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AND DEUTSCHE BANK NATIONAL TRUST COMPANY trustee, a foreign corporation, IMPAC SECURED ASSETS CORP 2005-62, MORTGAGE PASSTHROUGH CERTIFICATES SERIES 2007-1, a foreign corporation; QUALITY LOAN SERVICE OF WASHINGTON; PMC BANCORP, a foreign corporation and national association; BANK OF AMERICA, NA. Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("Bank of America") a national association and foreign corporation; MERSCORP Holdings, Inc., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; SELECT PORTFOLIO SERVICING, INC., a foreign corporation; SAFEGUARD PROPERTIES, LLC, a foreign | No. 2:24-cv-00062-MJP<br><br><br>DEFENDANTS' MOTION IN LIMINE |

DEFENDANTS' MOTION IN LIMINE - 1
NO. 2:24-CV-00062-MJP

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

| | |
|---|---|
| 1 | corporation; RESIDENTIAL REAL ESTATE REVIEW, INC, a foreign corporation; MORTGAGE STANLEY |
| 2 | |
| 3 | PRIVATE BANK, NA, a foreign corporation, E*TRADE, a foreign corporation. |
| 4 | Does 1-20, |
| 5 | Defendants. |

## I. INTRODUCTION

Defendants, Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1 (the "Trust"), Select Portfolio Servicing, Inc. ("SPS"), Safeguard Properties Management, LLC ("Safeguard") and Residential RealEstate Review, Inc. ("RRR") (collectively "Defendants" or the "moving Defendants"), respectfully request that Plaintiffs be limited to calling themselves at trial. Despite that this action has been pending for almost *three years*, Plaintiffs have named no witnesses in discovery responses and in their May 20, 2024 FRCP 26(a)(1)(A) disclosure, Plaintiffs named only themselves as witnesses. Plaintiffs also produced no expert reports and served no FRCP 26(a)(2) expert disclosure. As a result, pursuant to FRCP 37, the Court should limit Plaintiffs' trial witnesses to themselves. *See* FRCP 37(b)(2)(A), (c)(1), (d)(1).

## II. STATEMENT OF FACTS

On July 20, 2022, almost three years ago, Plaintiffs initiated the present removed action. Dkt No. 1.2. After two summary judgment motions, on February 20, 2025, Plaintiffs' only pending claims are for the alleged violation of the automatic stay and for quiet title. *See* Dkt Nos. 1.3, 54, 67, 100. The trial is currently set for Jun 23, 2025.

Despite this action pending for almost three years, Plaintiffs refused to answer Defendants' discovery responses. *Sagara Dec.*, ¶3, Ex. A. Plaintiffs served no expert reports or FRCP 26(a)(2)

DEFENDANTS' MOTION IN LIMINE - 2
NO. 2:24-CV-00062-MJP

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

expert disclosure. *Id.*, ¶4. On May 20, 2024, Plaintiffs served their FRCP 26(a)(1)(A) disclosure and named only themselves as witnesses. *Id.*, ¶5, Ex. B.

### III. STATEMENT OF ISSUES

Whether the Court should limit Plaintiffs' witnesses at trial.

### IV. EVIDENCE RELIED UPON

A.  Declaration of Midori R. Sagara; and

B.  The pleadings and records filed in this action.

### V. ARGUMENT

**A. Motions in Limine**

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area…so that admissibility is settled before attempted use of the evidence." *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009). While the Federal Rules of Evidence do not explicitly permit motions in limine, they are a part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). A motion in limine is granted if the evidence at issue is inadmissible on all potential grounds. *See Quintero v. Nat. Railroad Passenger Corp.*, No. 3:20-cv-05677-TL, 2022 WL 4093120, at *1 (W.D. Wash. Sept. 7, 2022), *citing United States v. Sims*, 550 F. Supp. 3d 907, 912 (D. Nev. 2021).

**B. Plaintiffs Should be Limited to Calling Themselves at Trial.**

In the almost three years this action has been pending, Plaintiffs have disclosed only themselves as witnesses. Under FRCP 37, Plaintiffs should be precluded from calling any other witnesses, lay or expert, due to improper and untimely disclosure—specifically, Vasiliy Mudrenko and Peter Kuzmenko. *Sagara Dec.*; *see* FRCP 37(b)(2)(A), (c)(1), (d)(1). Based on Defendants' investigation, Defendants anticipate that Plaintiffs will attempt to call Vasiliy Mudrenko as a

DEFENDANTS' MOTION IN LIMINE - 3
NO. 2:24-CV-00062-MJP

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

contracting expert and Peter Kuzmenko as a real estate expert to support a claimed damages theory. Mr. Mudrenko and Mr. Kuzmenko's anticipated testimony relate to the pre-existing damage to the subject residence and the claimed worsening of the damage as a result of Defendants' conduct. Plaintiffs may argue that because of the claimed worsening in damage, they were unable to return to, rent out and/or sell the subject property. However, in its February 20, 2025 Order, the Court precluded such anticipated testimony and argument by excluding "actual damages arising from (a) loss or damage to personal property and (b) loss of ability to use, rent out, or sell the Property." Dkt No. 100, at 23: 8-12. Mr. Mudrenko and Mr. Kuzmenko's testimony would be irrelevant. *See* ER 401-403. Further, no foundation has been established for Mr. Mudrenko and Mr. Kuzmenko to testify as experts, or even as lay witnesses to provide opinion testimony. *See* ER 701-703.

## VI. CONCLUSION

The Court should grant the present Motion in Limine. Plaintiffs should be limited to calling themselves at trial.

I certify that this memorandum contains 1,004 words, in compliance with the Local Civil Rules.

DATED this 19th day of May, 2025.

BUCHALTER

By: */s Midori R. Sagara*
Midori R. Sagara, WSBA #39626

*Attorneys for Defendants Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1, Select Portfolio Servicing, Inc., Safeguard Properties, LLC, and Residential RealEstate Review, Inc.*

DEFENDANTS' MOTION IN LIMINE - 4
NO. 2:24-CV-00062-MJP

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, I caused to be served a copy of the foregoing on the following persons in the manner indicated below at the following address:

*Plaintiffs*
Richard L. Pope, Jr.
Lake Hills Legal Services PC
15600 NE 8th Street, Suite B1-358
Bellevue, Washington 98008

☒ CM/ECF
☐ First Class Mail
☐ Fed Ex Overnight
☒ E-mail

*Counsel for Quality Loan Service Corporation*
Robert William McDonald
108 1st Ave S, Suite 202
Seattle, WA 98104

☒ CM/ECF
☐ Hand Delivery
☐ Legal Messenger
☐ E-mail

By: *s/ Elizabeth Hernandez*
Elizabeth Hernandez, Legal Assistant
Ehernandez@buchalter.com

DEFENDANTS' MOTION IN LIMINE - 5
NO. 2:24-CV-00062-MJP

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052