UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATYANA LYSYY, et al., | CASE NO. C24-0062JLR |
| Plaintiffs, | ORDER |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Defendants' motion to strike the jury trial set for June 23, 2025, and to designate the trial as a two-day bench trial instead.  (Mot. (Dkt. # 107); Reply (Dkt. # 121).)  Plaintiffs oppose the motion.  (Resp. (Dkt. # 116).)  The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS in part Defendants' motion.  The parties shall be prepared to try this case in a three-day bench trial beginning on June 23, 2025.

ORDER - 1

## II. BACKGROUND

Plaintiffs originally filed this action nearly three years ago in King County Superior Court. (*See* Not. of Removal (Dkt. # 1); Compl. (Dkt. # 1-2).) Defendants removed the action to this court on January 12, 2024. (*See id.*) Plaintiffs raised nineteen causes of action in the operative amended complaint, including a mix of legal and equitable claims. (*See* Am. Compl. (Dkt. # 1-3) ¶¶ 1.1-19.10.) The court has since granted summary judgment in Defendants' favor on all but two of Plaintiffs' claims. (*See* 4/3/24 Order (Dkt. # 54); 5/28/24 Order (Dkt. # 67); 2/20/25 Order (Dkt. # 100).) The only claims that remain for trial are Plaintiffs' claims for violation of the automatic bankruptcy stay under 11 U.S.C. § 362(k) and for quiet title. (*See id.*)

Defendants now move to strike the jury trial and proceed instead with a bench trial on June 23, 2025. (Mot.) The motion is fully briefed and ripe for decision.

## III. ANALYSIS

Defendants assert that this action must be tried to the bench because there is no right to a jury trial on Plaintiffs' remaining claims. (*See generally* Mot.) Plaintiffs disagree and assert that the Seventh Amendment to the United States Constitution guarantees their right to have their claims heard by a jury. (*See generally* Resp.) The court agrees with Defendants that Plaintiffs' remaining claims must be tried to the bench.

First, Plaintiffs do not have a right to a jury trial for their claim for violation of the automatic bankruptcy stay. The Seventh Amendment provides, in relevant part, that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]" U.S. Const. amend. VII. The Seventh

1 | Amendment, however, "protects a litigant's right to a jury trial only if a cause of action is
2 | legal in nature and it involves a matter of 'private right.'" *Granfinanciera v. Nordberg*,
3 | 492 U.S. 33, 42 n.4 (1989).  To determine whether a party has a right to a jury trial on a
4 | statutory claim, the court first "compare[s] the statutory action to 18th-century actions
5 | brought in the courts of England prior to the merger of the courts of law and equity." *Id.*
6 | at 42 (citation omitted).  Then, the court "examine[s] the remedy sought and determine[s]
7 | whether it is legal or equitable in nature." *Id.*  If the first two factors "indicate that a
8 | party is entitled to a jury trial[,]" the final step is to determine whether the claim asserts a
9 | public right or a private right.  *See id.*; *id.* at 42 n.4.

10 |     Courts applying these factors have concluded that there is no right to a jury trial
11 | for claims brought under § 362(k), even though a § 362(k) claim may involve damages
12 | and attorneys' fees.  *See, e.g.*, *In re Calderon*, 497 B.R. 558, 561-66 (Bankr. E.D. Ark.
13 | 2013) (analyzing the *Granfinanciera* factors in detail and concluding there is no right to a
14 | jury trial for a § 362(k) claim); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD),
15 | 2020 WL 1304147, at *5 (Bankr. S.D.N.Y. Mar. 17, 2020) ("[I]t is well established that
16 | an action to enforce the automatic stay under 11 U.S.C. § 362(a) . . . does not give rise to
17 | a jury trial right."); *In re MMA L. Firm, PLLC*, No. 24-31596, 2024 WL 4656322, at *3
18 | (Bankr. S.D. Tex. Nov. 1, 2024) (same).  In *In re Windstream Holdings, Inc.*, for
19 | example, the court analogized actions to enforce the automatic stay to actions to enforce
20 | an injunction or other court order and observed that such actions "did not require a jury
21 | trial in the courts of 18th century England[.]" 2020 WL 1304147, at *5.  The court then
22 | found that an action to enforce the automatic stay seeks an equitable remedy:  restoration

ORDER - 3

of the status quo. *Id.* Finally, the court found that such actions "seek[] to enforce a 'public right' in light of the automatic stay's fundamental role in the bankruptcy system." *Id.* After reviewing these factors, the *Windstream Holdings* court held that the parties were not entitled to a jury trial on the plaintiffs' claim for violation of the automatic stay. *Id.* at *6. The court agrees with and adopts that court's reasoning. Plaintiffs are not entitled to a jury trial on their § 362(k) claim.

Second, the court agrees with Defendants that Plaintiffs are not entitled to try their quiet title claim to a jury. State and federal courts in Washington have found that quiet title claims are "wholly equitable in nature" and, as a result, there is no right to a jury trial on such claims. *Durrah v. Wright*, 63 P.3d 184, 192 (Wash. Ct. App. 2003) (finding no right to jury for quiet title claims under the Washington constitution); *In re Bays*, No. 01-05127-JAR7, 2010 WL 3190578, at *4 (Bankr. E.D. Wash. Aug. 11, 2010) (finding no right to jury for quiet title claims under the United States Constitution). Indeed, as one federal court observed, the remedy for quiet title actions "has been administered by the courts of equity, not the law courts, since the time of the adoption of the United States Constitution." *In re Bays*, 2010 WL 3190578, at *4; *see also id.* ("The law is clear that if the remedy sought is to quiet title, . . . it is not to be tried by a jury." (citations omitted)). Because there is no right to a jury trial for either of Plaintiffs' two remaining claims, the court grants Defendants' motion to strike the jury trial and to try this case to the bench.[1]

---

[1] The court denies Plaintiffs' request to remand the quiet title claim to King County Superior Court (Resp. at 5) as untimely.

1	Finally, Defendants ask the court to reduce the length of the trial from the parties'
2	requested five to seven days to two days. (Mot. at 2; *see* Sched. Ord. (Dkt. # 69) (setting
3	a five-to-seven-day jury trial); Joint Status Report (Dkt. # 66) (jointly estimating five to
4	seven days of trial after the court dismissed ten of Plaintiffs' claims in its April 3, 2024
5	order).) Defendants reason that the parties no longer need five to seven days to try this
6	case because only two of Plaintiffs' claims remain for trial. (*See* Mot. at 2.) Plaintiffs
7	counter that the request to shorten the trial to two days is "speculative and premature"
8	because the remaining claims "involve complex factual disputes." (Resp. at 5.)

9	The court finds that a three-day bench trial is appropriate. Because there is no
10	jury, there will be no need to use valuable trial time for jury selection, reading jury
11	instructions, and handling other jury-related matters. In addition, because the court is
12	already familiar with the background of this case, the parties can streamline their trial
13	presentations by stipulating to facts that are not in dispute. Accordingly, the court grants
14	in part Defendants' request to reduce the length of trial but limits the parties' bench trial
15	to three days in length rather than two.

16	## IV.   CONCLUSION

17	For the foregoing reasons, the court GRANTS in part Defendants' motion to strike
18	the jury trial (Dkt. # 107). Plaintiffs' remaining claims for violation of the automatic
19	bankruptcy stay and quiet title shall be tried to the bench. The parties shall be prepared
20	for a three-day bench trial to begin on June 23, 2025.

21	Because this case is no longer being tried to the jury, the court STRIKES the June
22	16, 2025 deadline for filing proposed voir dire and jury instructions. (*See* Sched. Order at

2.) Instead, the parties shall each file proposed findings of fact and conclusions of law by no later than **June 16, 2025**.

Dated this 27th day of May, 2025.

_____
JAMES L. ROBART
United States District Judge