1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  TATYANA LYSYY, et al.,                    CASE NO. C24-0062JLR

11                          Plaintiffs,       ORDER

12          v.

13  DEUTSCHE BANK NATIONAL
    TRUST COMPANY, et al.,
14
                            Defendants.
15

16                          I.      INTRODUCTION

17          The court ordered the parties to file trial briefs and proposed findings of fact and

18  conclusions of law by no later than June 16, 2025.  (Pretrial Order (Dkt. # 132) at 17.)

    Plaintiffs, however, failed to file either document before that deadline.  (*See generally*
19
    Dkt.)  Accordingly, for the reasons set forth below, the court ORDERS Plaintiffs to
20
    SHOW CAUSE why the court should not impose dispositive sanctions pursuant to
21

22

Federal Rule of Civil Procedure 41(b) or the court's inherent authority for their failure to comply with the court's pretrial order.

## II.    BACKGROUND

On June 26, 2024, the court entered a scheduling order in which it set trial in this matter on June 23, 2025, and set the deadline for the parties to file trial briefs, proposed jury instructions, and proposed voir dire on June 16, 2025. (Sched. Order (Dkt. # 69) at 2.) On May 27, 2025, the court granted Defendants' motion to strike the jury trial, designated the trial as a bench trial, struck the deadline for the parties to file jury instructions and voir dire, and ordered the parties to file proposed findings of fact and conclusion of law by no later than June 16, 2025. (5/27/25 Order (Dkt. # 123) at 5-6.) On June 2, 2025, the parties timely filed an agreed proposed pretrial order in which they specified that "[t]rial briefs and proposed findings of fact and conclusions of law shall be submitted to the [c]ourt on or before June 16, 2025." (Prop. Pretrial Order (Dkt. # 128) at 16.) Plaintiffs' counsel approved the proposed pretrial order before it was filed. (*Id.* at 17.) On June 9, 2025, the court entered the pretrial order. (Pretrial Order.)

Defendants timely filed their trial brief and proposed findings of fact and conclusions of law on June 16, 2025, in accordance with the court's orders. (Def. Trial Br. (Dkt. # 138); Def. Prop. FOFCOL (Dkt. # 139).) Plaintiffs, however, have failed to file either of these key pretrial documents, despite being on notice of the June 16, 2025 deadline since June 26, 2024 (for trial briefs) and May 27, 2025 (for proposed findings of fact and conclusions of law). (*See generally* Dkt.)

1    This is not the first time Plaintiffs have failed to comply with court orders and

2   with their litigation obligations.  On July 18, 2024, Plaintiffs failed to appear for their

3   depositions and failed to respond to their attorney's inquiries about their absence.  (*See*

4   9/25/24 Order (Dkt. # 83) at 2-3.)  The court later ordered Plaintiffs to pay Defendants

5   $4,500 in attorneys' fees and costs as a sanction for their failure to appear.  (*Id.* at 5-7.)

6   Then, on May 7, 2025, Plaintiffs failed to appear for a judicial settlement conference in

7   violation of U.S. Magistrate Judge Michelle L. Peterson's order requiring all parties, their

8   counsel, and their relevant decision-makers to personally attend the conference.  (*See*

9   Findings and Recommendation (Dkt. # 133) at 2-3 (quoting Settlement Conf. Order (Dkt.

10  # 103)).)  Magistrate Judge Peterson subsequently held a contempt hearing, which

11  Plaintiffs' trial counsel failed to attend.  (*See id.* at 3.)  After that hearing, Magistrate

12  Judge Peterson recommended that the court (1) find Plaintiff Vasiliy Lysyy in civil

13  contempt for failure to comply with the settlement conference order and (2) order Mr.

14  Lysyy to pay Defendants their reasonable attorneys' fees and costs attributable to the

15  failed settlement conference.  (*Id.* at 8-9.[1])

16  ### III.    ANALYSIS AND ORDER

17    A federal court may dismiss a case for failure to comply with a court order under

18  Federal Rule of Civil Procedure 41(b) and its inherent powers.  Under Rule 41(b), the

19  district court "may dismiss an action for failure to comply with any order of the court."

20  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Fed. R. Civ. P. 41(b)).

21

22    [1] The parties may file objections to Magistrate Judge Peterson's findings and
recommendations by no later than June 23, 2025.  (*Id.* at 9.)

1    The decision to dismiss a case under Rule 41(b) is within the district court's discretion

2    and will "not be disturbed unless there is 'a definite and firm conviction that the court . . .

3    committed a clear error of judgment in the conclusion it reached upon a weighing of the

4    relevant factors.'" *Id.* (quoting *Malone v. U.S. Postal Serv.*, 833 P.2d 128, 130 (9th Cir.

5    1987)).  Under its inherent powers, meanwhile, "[a] district court may, among other

6    things, dismiss a case in its entirety, bar witnesses, exclude other evidence, award

7    attorneys' fees, or assess fines." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088

8    (9th Cir. 2021).  To impose sanctions pursuant to its inherent powers, "a district court

9    must find either:  (1) a willful violation of a court order; or (2) bad faith." *Id.* at 1090.

10   When determining whether a dispositive sanction is appropriate under either Rule 41(b)

11   or its inherent powers, the court must consider:  (1) the public's interest in the expeditious

12   resolution of litigation; (2) the court's need to manage its docket efficiently and

13   effectively; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy

14   in favor of considering cases on the merits; and (5) the availability of less drastic

15   sanctions.  *See Ferdik*, 963 F.2d at 1260-61; *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958

16   (9th Cir. 2006).

17         The court undertakes substantial preparation before it presides over a bench trial.

18   Trial briefs and proposed findings of fact and conclusions of law are critical to the court's

19   understanding of the factual and legal issues that are likely to emerge during trial.

20   Consequently, Plaintiffs' failure to timely file trial briefs and proposed findings of fact

21   and conclusions of law risks the court's ability to be fully prepared for trial.  Plaintiffs'

22   failure to file these documents also places Defendants at a disadvantage because Plaintiffs

will have the opportunity to review Defendants' trial briefs and proposed findings of fact and conclusions of law as part of their own trial preparation while depriving Defendants of that same benefit.  Therefore, the court ORDERS Plaintiffs to SHOW CAUSE, by no later than **noon on Friday, June 20, 2025**, why the court should not dismiss this matter as a sanction for their failure to file trial briefs and proposed findings of fact and conclusions of law in violation of the court's pretrial order.  Failure to timely respond to this order to show cause will result in the dismissal of this matter with prejudice.

Dated this 17th day of June, 2025.

JAMES L. ROBART
United States District Judge