HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| TATYANA LYSYY, married, VASILIY LYSYY, married who are each members of a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AND DEUTSCHE BANK NATIONAL TRUST COMPANY trustee, a foreign corporation, IMPAC SECURED ASSETS CORP 2005-62, MORTGAGE PASSTHROUGH CERTIFICATS SERIES 2007-1, a foreign corporation; QUALITY LOAN SERVICE OF WASHINGTON; PMC BANCORP, a foreign corporation and national association; BANK OF AMERICA, NA. Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("Bank of America") a national association and foreign corporation; MERSCORP Holdings, Inc., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; SELECT PORTFOLIO SERVICING, INC., a foreign corporation; SAFEGUARD PROPERTIES, LLC, a foreign corporation; RESIDENTIAL REAL ESTATE REVIEW, INC, a foreign | No. 2:24-cv-00062-JLR<br><br><br><br>DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 |

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 1

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

corporation; MORTGAGE STANLEY PRIVATE BANK, NA, a foreign corporation, E*TRADE, a foreign corporation.

Does 1-20,

    Defendants.

## I. INTRODUCTION

Defendants, Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1 (the "Trust"), Select Portfolio Servicing, Inc. ("SPS"), Safeguard Properties Management, LLC ("Safeguard") and Residential RealEstate Review, Inc. ("RRR") (collectively "Defendants" or the "moving Defendants"), respectfully submit the following briefing in response to Dkt Nos. 146 and 147. Plaintiffs' quiet title claim is based on nothing more than false and irrelevant contentions, an untimely and unfounded challenge to the Trust's standing to foreclose the subject deed of trust, misinterpretation of Washington authority and the record, and a disregard of documents produced in this action pending for three years.

Although not plead in the Complaint, and formally withdrawn from pleadings, Plaintiffs now raise an irrelevant and false assertion that an unpublished Nevada case bars the Trust from foreclosing the deed of trust. This assertion has no bearing on whether the Trust is the holder of the original promissory note and entitled to foreclose. *See McDonald v. OneWest Bank*, 929 F.Supp.2d 1079, 1088 (W.D. Wash. Mar. 7, 2013) (In Washington, the holder of the original promissory note is the beneficiary under the Deeds of Trust Act ("DTA") and has the authority to pursue a non-judicial foreclosure.). Plaintiffs have no evidence to support their challenge to the Trust as noteholder and disregard the beneficiary declaration signed by SPS under penalty of perjury certifying that the Trust holds the original note, which was provided to Plaintiffs' counsel a year and a half ago in discovery and is also in the loan file produced by Defendants.

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 2

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Although Plaintiffs' standing challenge is not properly plead, Plaintiffs argue that the Trust was obligated to assert a counterclaim for judicial foreclosure and the Trust's failure to do so constitutes a waiver of standing. This argument ignores the fact that as the holder of the original note, the Trust is entitled to foreclose non-judicially (without the need to file a judicial claim).

Plaintiffs also assert that the six-year statute of limitations bars foreclosure on the entire debt and therefore they are entitled to quiet title to the property. Again, Plaintiffs' assertion is false and unfounded. Plaintiffs cannot establish that the loan was accelerated "in a clear and unequivocal manner" on October 15, 2010, Plaintiffs' primary alleged acceleration date, and that the statute of limitation bars foreclosure on the entire debt. *See Merceri v. Bank of N.Y. Mellon*, 4 Wn. App. 2d 755, 761, 434 P.3d 84 (2018) ("[A]cceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date."). Even if the loan was accelerated on Plaintiffs' alternative alleged acceleration date of November 15, 2017, Plaintiffs fail to account for the facts that the statute of limitation was tolled for five (5) years and forty-four (44) days by non-judicial foreclosures, bankruptcies and mediations. And in March 2021 and October 2021, Ms. Lysyy acknowledged the entire debt in four modification applications signed under penalty of perjury. Ms. Lysyy's acknowledgment re-started the statute of limitations on the entire debt on October 22, 2021. *See Thacker v. Bank of New York Mellon*, No. 18-5562 RJB, WL 1163841, *6 (W.D. Wash. Mar. 13, 2019) ("In Washington, an action barred by the six-year statute of limitations applicable to contracts can be pursued where there is a "written acknowledgment or promise signed by the debtor that recognizes the debt's existence, is communicated to the creditor, and does not indicate an intent not to pay.""). Because Plaintiffs cannot meet their burden to establish the statute of limitations bars foreclosure on the entire debt, Defendants are entitled to judgment on Plaintiffs' quiet title claim.

//

//

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 3

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

## II.     ARGUMENT AND AUTHORITY

**A.     Defendants Do Not Claim Title Ownership; Instead, the Trust Has a Lien Against the Property.**

Plaintiffs' argument that Defendants do not claim an interest in or right to the property is based on a misinterpretation of prior statements. Defendants simply intended to convey that none of the Defendants is in possession of the property or has *title ownership* of the property. No Trustee's Deed was ever recorded in any of the Defendant's names. Instead, the Trust has a lien against the property by way of the subject note and deed of trust. Exs. A-1, A-2. With this context, Plaintiffs cannot establish competing claims of title to the property in this matter and succeed on their quiet title claim on the strength of his own title. *See Desimone v. Spence*, 51 Wn.2d 412, 415, 318 P.2d 959 (1957); *Wash. State Grange v. Brandt*, 136 Wn. App. 138, 153, 148 P.3d 1069 (2006).

**B.     Plaintiffs' Challenge to the Trust's Standing to Foreclose is Improper, Untimely and Unfounded.**

Despite this action pending for almost three years, Plaintiffs never moved to amend the Complaint to include a challenge to the Trust's standing to non-judicially foreclose. *See* Dkt No. 1.3. As a result, Plaintiffs' challenge is not properly before the Court for trial. *See* FRCP 8. While Plaintiffs included such a challenge in a partial summary judgment motion, Plaintiffs specifically withdrew the challenge to whether the Trust held the original note and then withdrew the partial summary judgment motion altogether. *See* Dkt No. 2, at 2; Dkt No. 39. The withdrawals constitute Plaintiffs' admission that the Trust is the holder of the original note and is entitled to foreclose. *See McDonald*, 929 F.Supp.2d at 1088 (In Washington, the holder of the original promissory note is the beneficiary under the DTA and has the authority to pursue a non-judicial foreclosure.); *Bain v. Metro. Mtg. Grp., Inc.*, 175 Wn.2d 83, 104, 285 P.3d 34 (2012).

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 4

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

|   |   |
|---|---|
| 1 | Plaintiffs now reassert the irrelevant argument that under the doctrine of collateral estoppel, the ruling in the unpublished and non-binding *Deutsche Bank National Trust Company as Trustee for Certificateholders of IMPAC Secured Assets Corp v. Independence II Homeowners' Association*, No. 2:16-cv-00536-MMD-GWF, 2019 WL 1245781 (D. Nev. Mar. 18, 2019),[1] precludes the Trust from foreclosing the deed of trust. Plaintiffs continue to misinterpret the ruling in *Independence II Homeowners' Association*, which is inapplicable to the present action. In *Independence II Homeowners' Association*, the Court held that because it was not clear that the Trust/plaintiff name was the same as in prior recorded assignments, plaintiff did not have standing to sue the homeowners' association for wrongful foreclosure on it lien for past due assessment. *Id*. at *2. In the present case, the Trust is not the Plaintiff and has no affirmative claims. The Trust is solely defending against the Lysyys' claims. |

If the Court wishes to evaluate this unpublished and non-binding authority, the following shows that it does not satisfy the collateral estoppel standard to preclude any issue in the present action. Collateral estoppel, or issue preclusion, prevents re-litigation of an issue only when "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Monahan v. Emerald Performance Materials, LLC*, 705 F.Supp.2d 1206, 1213 (W.D. Wash. Feb. 25, 2010), *citing Amadeo v. Principal Mut. LifeIns. Co*., 290 F.3d 1152, 1159 (9th Cir. 2002). Under this doctrine, Federal Courts generally require the following:

> 1) the claim decided in the prior adjudication is identical to the claim in the present action;
> 2) the prior adjudication resulted in a final judgment on the merits;
> 3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication;

---

[1] *See* Circuit Rule 36-3; *see also In re Van Wagoner Funds, Inc. Sec. Litig*., 382 F. Supp. 2d 1173, 1182 n.5 (N.D. Cal. 2004).

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 5

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

> 4) a party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding; and
> 5) the determination of the issue must have been essential to the prior judgment.

*See id.*; *Maciel v. C.I.R.*, 489 F.3d 1018, 1023 (9th Cir. 2007).

The doctrine of collateral estoppel does not apply in the present action. The claims involved in the two actions are completely different. The Trust was the plaintiff in *Independence II Homeowners' Association* with affirmative claims against the homeowners' association for quiet title, breach of NRS § 116.1113, wrongful foreclosure and for an injunction. *Independence II Homeowners' Association*, 2019 WL 1245781 at *1. The Trust was challenging the validity of the homeowners' association's lien foreclosure, which foreclosed out the deed of trust. *Id*. In contract, in the present action, the Trust is not the Plaintiff and has no affirmative claims. It is only defending against the Lysyys' claims relating to a non-judicial foreclosure proceeding on the property and alleged action at the property by Defendants. The Trust has no claim for judicial foreclosure.

The Court in *Independence II Homeowners' Association* ruled that the Trust lacked standing to sue because the Trust name in the lawsuit did not exactly match the Trust name in prior assignments of deed of trust. *Id.* at *2. There was no final judgment. *See id*. The *Independence II Homeowners' Association* Court made no ruling as to whether the Trust had authority to foreclose its deed of trust, as the Lysyys claim. *Id*.

Except for the Trust, none of the parties in the present action was named in *Independence II Homeowners' Association* or was in privity with any of the parties named in that case. *Id*. at *1. The Trust had no basis to litigate any of claims in the present action because the Lysyys were not parties in *Independence II Homeowners' Association*. None of the other Defendants in the present action had the opportunity to litigate in *Independence II Homeowners' Association*. *Id*. Given the above, *Independence II Homeowners' Association* does not preclude any Defendant in the present action from maintaining any argument.

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 6

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Ultimately, whether the Trust is properly named in the Assignment of Deed of Trust is irrelevant to whether the Trust has standing to foreclose. In Washington, the holder of the original promissory note is the beneficiary under the DTA and has the authority to pursue a non-judicial foreclosure. *McDonald*, 929 F.Supp.2d at 1088; *Bain*, 175 Wn.2d at 104. Plaintiffs previously did not dispute that the Trust is the holder of the original note. *See* Dkt No. 2, at 2. This is presumably because on December 21, 2023, *one year and a half ago*, Plaintiffs' counsel received a copy of the beneficiary declaration in which SPS certified under penalty of perjury that the Trust holds the original note.[2] Ex. A-40, at 41; *Sagara Dec*., ¶ 5, Ex. A. There is also a copy of the same beneficiary declaration in the loan file, which was produced to Plaintiffs.[3] *Id*., ¶¶ 6, 7, Ex. B. Finally, on or about January 10, 2024, SPS sent the original note to the undersigned counsel's office, where it is still held. *Id*., ¶ 8, Ex. C. The undersigned counsel will bring the original note for the Court's inspection should the Court request it.[4] Or the Court may simply disregard Plaintiffs' untimely, improper and unfounded challenge to the Trust's standing to foreclose.

C.   **The Trust is Entitled to Judgment on Plaintiffs' Quiet Title Claim.**

   1.   **The Six-Year Statute of Limitations to Foreclose a Deed of Trust**

Plaintiffs cannot quiet title to the property by establishing they have satisfied their obligations under the note and deed of trust. Plaintiffs admit the loan has been in default since 2010. *See* Dkt No. 128, at 4: 12-18. Instead, Plaintiffs seek to quiet title based on RCW 7.28.300, which permits a property owner to maintain a quiet title action "where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations[.]" RCW 7.28.300.

---

[2] Plaintiffs' counsel produced the beneficiary declaration to the moving Defendants. *Sagara Dec*., ¶ 4.
[3] The trustee under the deed of trust may rely on "[a] declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the holder of any promissory note or other obligation secured by the deed of trust" to initiate a non-judicial foreclosure. *See* RCW 61.24.030(7)(a). In this matter, because the Trust is the holder of the original note, the Trust is entitled to foreclose non-judicially and was not obligated to assert a counterclaim for judicial foreclosure.
[4] Defendants would have previously permitted Plaintiffs to inspect the original note but Plaintiffs served no discovery requests in this action. *Sagara Dec*., ¶ 6.

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 7

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052

A promissory note and deed of trust, as written contracts, are subject to a six-year statute of limitations for such contracts. RCW 4.16.040(1); *Cedar W. Owners Ass'n v. Nationstar Mortg.*, LLC, 7 Wn. App. 2d 473, 482, 434 P.3d 554 (2019). The six-year period begins "after the cause of action has accrued." RCW 4.16.005. Plaintiffs bear the burden of proof as to the statute of limitations. *See Korst v. McMahon*, 136 Wn. App. 202, 208, 148 P.3d 108 (2006), *citing Haslund v. City of Seattle*, 86 Wn.2d 607, 620–21, 547 P.2d 1221 (1976).

For an installment promissory note, the cause of action "accrues for each monthly installment from the time it becomes due." *Cedar W. Owners Ass'n.*, 7 Wn. App. 2d at 484. The final six-year period for taking action on an installment note does not begin to run until the note fully matures. *Merceri*, 4 Wn. App. 2d at 760.

If a lender accelerates an installment note, "the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due*." 4518 S. 256th, LLC v. Karen L. Gibbon, PS*, 195 Wn. App. 423, 434-35, 382 P.3d 1 (2016). For acceleration to occur, the lender must take some affirmative action that informs the borrower that the entire debt is due immediately. *Merceri*, 4 Wn. App. 2d at 760 (citation omitted). "[A]cceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date." *Id*. at 761 (citation omitted).

2. **Plaintiffs Cannot Establish Their Primary Alleged Acceleration Date of October 15, 2010.**

Plaintiffs' primary acceleration argument is that the loan was accelerated on October 15, 2010. Ex. 4; Dkt No. 147, at 7: 19-20. The September 15, 2010 Notice states, "If the default is cured on or before October 15, 2010, the mortgage payments will be accelerated…" Ex. 4, at ¶ 4. However, Washington law is clear that the conditional language in the September 15, 2010 Notice is insufficient to constitute acceleration. *See, e.g., Terhune v. North Cascade Trustee Svs. Inc.*, 9

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 8

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Wn. App. 2d 708, 723, 446 P.3d 683 (2019), *review denied, sub nom. Terhune v. U.S. Bank Trust N.A.*, 195 Wn.2d 1004, 458 P.3d 782 (2020) ("a conditional statement that failure to cure the default will accelerate the loan in the future does not unequivocally alert the borrower that the note holder has already elected to accelerate the loan."); *Merceri*, 4 Wn. App. 2d at 762.

In *Merceri*, the court found that the language "If the default is not cured on or before March 18, 2010, the mortgage payments will be accelerated…" "falls far short of a clear and unequivocal statement of acceleration." *Merceri*, 4 Wn. App. 2d at 761-62. The *Merceri* Court held that the conditional language, along with the fact that subsequently the entire debt was not demanded or included in the monthly statements, was insufficient to find that the loan was accelerated. *Id*.

In this matter, in addition to the conditional language in the September 15, 2010 Notice, the entire debt was not demanded or included in subsequent statements until at least November 15, 2017. Exs. A-35, at 101; A-36, at 1, 7, 13, 43; *see* Dkt No. 147, at 10: 27. Under *Merceri*, Plaintiffs cannot establish that the loan was accelerated on October 15, 2010, or on any other date prior to November 15, 2017, and cannot establish that foreclosure on the entire debt is barred.[5]

### 3. Even if the Loan Was Accelerated on Plaintiff's Alternative Acceleration Date of November 15, 2017, Defendants Are Entitled to Judgment Due to Tolling and Ms. Lysyy's 2021 Acknowledgment of the Debt.

#### a. The Statute of Limitations has been Tolled by Twelve Notices of Trustee's Sale, Three Bankruptcies and Two Foreclosure Mediations— For a Total of Five Years and Forty-Four Days.

Plaintiffs misinterpret Washington tolling authority to contend that there has been no tolling in the present matter. Plaintiffs mis-apply *Loun v. U.S. Bank Nat'l Assoc.*, 26 Wn. App. 2d 228, 240, 525 P.3d 1280 (2023) to this matter and assert that foreclosure does not toll the statute of limitation when *Loun* specifically found that *judicial* foreclosure did not toll the statute of

---

[5] Even if Plaintiffs were to establish that the loan was accelerated on October 15, 2010, Ms. Lysyy acknowledged the entire debt in March 2021 and October 2021, which restarted the statute of limitations. See the complete analysis below in §II(C)(3)(b).

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 9

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

1    limitation. *See Loun v. U.S. Bank Nat'l Assoc.*, 26 Wn. App. 2d 228, 240, 525 P.3d 1280 (2023) (the court stating, "We conclude that the judicial foreclosure actions did not toll the statute of limitation."). There has been no judicial foreclosure initiated in this matter---only non-judicial foreclosures. *See* Exs. A-22, A-24 – A-34.

Plaintiffs also mis-apply *Merritt v. USAA Federal Savings Bank*, 1 Wn.3d 692, 532 P.3d 1024 (2023) to this matter and assert that "[b]ankruptcy does not toll the statute of limitations for installment debts or liens." Dkt No. 147, at 11: 1. In reality, the *Merritt* Court held that "bankruptcy *discharge* does not trigger the statute of limitations to enforce a deed of trust." *Merritt v. USAA Federal Savings Bank*, 1 Wn.3d 692, 710, 532 P.3d 1024 (2023) (emphasis added). As there has been no bankruptcy discharge in this matter—only three dismissed Chapter 13 Bankruptcy filings for failure to prosecute—*Merritt* is inapplicable. *See id*.; Exs. A-16 – A-21.

The following is an accurate summary of the Washington authority on tolling which govern this matter. RCW 4.16.230 provides, "When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." Non-judicial foreclosure will toll the statute of limitations beginning with the recording of the Notice of Trustee's Sale ("NOTS"). *Loun*, 26 Wn. App. 2d at 239. If the Trustee's Sale does not occur, the statute of limitations restarts on either the date scheduled for the foreclosure or the last day to which it could have been continued, one hundred twenty days later. *Cedar W. Owners Ass'n.*, 7 Wn. App. 2d at 489 (citation omitted). Even if a Notice of Discontinuance of Trustee's Sale is recorded prior to the scheduled Sale date, for purposes of tolling, the statute of limitations is tolled for one hundred twenty days, the cap pursuant to RCW 61.24.040(6). *See Umouyou v. Bank of America, N.A.*, No. 2:16-CV-01576-RAJ, 2017 WL 1532664, *4 (W.D. Wash. Apr. 28, 2017). Bankruptcy also tolls the statute of limitations. *Loun*, 26 Wn. App. 2d at 239.

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 10

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

And finally, because no NOTS may be recorded and no Trustee's Sale may occur while mediation pursuant to the Foreclosure Fairness Act ("FFA") is pending, a borrower's referral to a FFA mediation tolls the statute of limitations. *See* RCW 4.16.230; RCW 61.24.163(16). The statute of limitations is tolled until the trustee receives the mediator's certification stating that the mediation has been completed, or if the trustee does not receive the certification, until ten days from when the certification was due. *Id*.

There has been significant tolling in this matter by way of twelve recorded NOTSs, three Chapter 13 Bankruptcy filings, and two FFA mediations. Below is an outline of each tolling period, with consideration of overlapping days. In total, the statute of limitations has been tolled one thousand eight hundred and sixty-nine (1,869) days, or five (5) years and forty-four (44) days.

| Tolling Event | Tolling Period | Trial Exhibit |
|---|---|---|
| 9/25/15 NOTS, setting a 1/26/16 Sale | 123 days | Ex. A-24[6] |
| 11/19/15 NOTS, setting a 3/18/16 Sale | 42 days (subtracting for overlap) | Ex. A-25 |
| 2/4/16 NOTS, setting a 6/3/16 Sale | 120 days | Ex. A-26 |
| 6/30/16 NOTS, setting a 10/28/16 Sale | 120 days | Ex. A-27 |
| 7/22/16 – 12/21/16 FFA mediation | 49 days (subtracting for overlap) | Ex. A-40, at 54-55; *see also Sagara Dec*., ¶¶ 3-5, Ex. A. |
| 10/17/17 NOTS, setting a 2/16/18 Sale | 120 days | Ex. A-28 |
| 7/24/18 NOTS, setting a 11/13/18 Sale | 120 days | Ex. A-29 |
| 5/8/19 NOTS, setting a 9/13/19 Sale | 128 days | Ex. A-30 |

---

[6] Defendants anticipate an untimely challenge pursuant to RCW 42.45.140(2) by Plaintiffs to the validity of the NOTSs based on alleged deficient notary acknowledgments. However, Plaintiffs misunderstand the purpose of the notary acknowledgment in the NOTSs and that pursuant to RCW 42.45.140(4), the notary acknowledgements are proper.

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 11

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

| | | |
|---|---|---|
| 10/11/19 Chapter 13 Bankruptcy – dismissed on 2/18/20 | 127 days | Exs. A-16, A-18 |
| 2/21/20 NOTS, setting a 3/27/20 Sale | 120 days (*Cedar W. Owners Ass'n*) | Ex. A-31 |
| 12/15/20 NOTS, setting a 4/30/21 Sale | 136 days | Ex. A-32 |
| 7/8/21 Chapter 13 Bankruptcy – dismissed on 2/7/22 | 209 days | Ex. A-19 |
| 9/10/21 NOTS, setting a 10/29/21 Sale | 0 days (subtracting for overlap) | Ex. A-33 |
| 9/30/21 – 5/15/22 FFA mediation | 97 days (subtracting for overlap) | Ex. A-40, at 58-61; *see also Sagara Dec.*, ¶¶ 3-5, Ex. A. |
| 1/6/23 NOTS, setting a 5/19/23 Sale | 133 days | Ex. A-34 |
| 6/9/23 NOTS, setting a 10/20/23 Sale | 140 days | Ex. A-22 |
| 10/18/23 Chapter 13 Bankruptcy – dismissed on 1/12/24 | 85 days | Ex. A-20, A-21 |
| **Total Days Tolled** | **1,869 days** (5 years, 44 days) | |

Given the above, even if the loan was accelerated on Plaintiffs' alternative alleged date of November 15, 2017, the statute of limitations on the installments from November 15, 2017 through December 1, 2036 was tolled until December 29, 2022. *See supra*; *see* Dkt No. 147, at 10: 27; Ex. A-1, at 1, ¶ 3. That is to say, even if the loan was accelerated on November 15, 2017, the statute of limitations on the installments from November 15, 2017 through December 1, 2036 would not have begun to run until December 29, 2022 and would not expire until after December 29, 2028—over three years from now.

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 12

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Plaintiffs cannot establish that the statute of limitations bars recovery of every monthly installment, or the entire debt, and as a result, Plaintiffs cannot meet their burden on their quiet title claim.

    **b. Regardless of Either Acceleration Date Argued by Plaintiffs, Ms. Lysyy Acknowledged the Debt in March 2021 and October 2021, Which Restarted the Statute of Limitations.**

In Washington, an action barred by the six-year statute of limitations applicable to contracts can be pursued where there is a "written acknowledgment or promise signed by the debtor that recognizes the debt's existence, is communicated to the creditor, and does not indicate an intent not to pay. *Thacker*, WL 1163841 at *6, *citing In re Tragopan Properties*, LLC, 164 Wn. App. 268, 273, 263 P.3d 613 (2011). Where "the debt is acknowledged before the statutory period, the resulting legal action must be upon the original debt or upon the paper evidencing it." *Id*. "Under those circumstances, any acknowledgment of the debt should necessarily infer an agreement to pay it, unless something in the acknowledgment leads to a contrary conclusion. *Id*. "Where a debt is acknowledged after the statute of limitations has run, the action must be upon the new agreement and, in the nature of an original obligation, should be strictly construed." *Id*.

In *Thacker*, the Court found that the borrower acknowledged the debt before the statute of limitations had run. *Thacker*, WL 1163841 at *6. The *Thacker* Court highlighted that "Plaintiff applied for a loan modification by filling out forms, wherein the Plaintiff "certified under the penalty of perjury" to the Defendants that he was having difficulty making the mortgage's "monthly payment because of financial difficulties created by ... household income has been reduced." *Id*. By seeking a modification, the borrower "evinced an intent to pay the debt." *Id*.

In this matter, Ms. Lysyy signed four loan modifications: one on March 8, 2021, with her printed signature; one on March 22, 2021, with her electronic signature; one on October 12, 2021, with her printed signature; and one on October 22, 2021, with her electronic signature. Ex. A-40,

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 13

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 F<small>IFTH</small> A<small>VENUE</small>, S<small>UITE</small> 3100
S<small>EATTLE</small>, WA 98101-1337
T<small>ELEPHONE</small>: 206.319.7052

at 201-05, 214-18, 238-42, 223-27; *Sagara Dec.*, ¶¶ 3-5, Ex. A. All four signatures were signed under penalty of perjury. Ex. A-40, at 205, 218, 242, 227. In all four modifications, Ms. Lysyy included the loan payment in her monthly expenses/debts and advised of her difficulty in making the monthly loan payment. Ex. A-40, at 201, 203, 214, 216, 238, 240, 223, 225. Just as the borrower in *Thacker*, by completing the modification application, Ms. Lysyy demonstrated her intent to pay the debt. Ex. A-40, at 201-05, 214-18, 238-42, 223-27. Thus, Ms. Lysyy acknowledged the debt in March and October 2021 and regardless of either acceleration date alleged by Plaintiffs (October 15, 2010 or November 15, 2017), the six-year statute of limitations on the entire debt restarted on October 22, 2021 and will not expire until after October 22, 2027. *See* Ex. A-40, at 223-27.

**D.    The Trust Is Entitled to Its Reasonable Attorney Fees and Costs in This Action.**

Paragraph 9 of the deed of trust permits the Trust to recover its reasonable attorney fees in the event of the filing of "a legal proceeding that might significantly affect the Lender's interest in the Property and/or rights under this Security Instrument…" Ex. A-2, at 8, ¶ 9. Paragraph 26 of the subject deed of trust states, "Lender shall be entitled to recover the reasonable attorney's fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument…." *Id.*, at 15, ¶ 26. Pursuant to the deed of trust, the Trust is entitled to all of its reasonable attorney's fees and costs in defending this action. Exs. A-2, at 8, 15, ¶¶ 9, 26; *see also* Dkt No. 1.2. The Trust intends to submit a post-trial fee petition for its reasonable fees and costs.

### III.    CONCLUSION

Given the above, Defendants are entitled to judgment on Plaintiffs' quiet title claim. The Trust is also entitled to judgment for its total fees and costs incurred to defend this action.

//
//

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 14

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

DATED this 27th day of June, 2025.

                                             BUCHALTER

By: */s Midori R. Sagara*
    Midori R. Sagara, WSBA No. 39626
    msagara@buchalter.com

    1420 Fifth Avenue, Suite 3100
    Seattle, WA 98101-1337
    Telephone: 206.319.7052

*Attorneys for Defendants Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1, Select Portfolio Servicing, Inc., Safeguard Properties, LLC, and Residential RealEstate Review, Inc.*

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 15

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

# CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2025, I caused to be served a copy of the foregoing on the following persons in the manner indicated below at the following address:

*Plaintiffs*
Richard L. Pope, Jr.
Lake Hills Legal Services PC
15600 NE 8th Street, Suite B1-358
Bellevue, Washington  98008

☑ CM/ECF
☐ Hand Delivery
☐ Legal Messenger
☑ E-mail

*Counsel for Quality Loan Service Corporation*
Robert William McDonald
108 1st Ave S, Suite 202
Seattle, WA 98104

☑ CM/ECF
☐ Hand Delivery
☐ Legal Messenger
☐ E-mail

By: *s/ Cynthia Daniel*
Cynthia Daniel, Legal Assistant
cdaniel@buchalter.com

DEFENDANTS' BRIEFING IN RESPONSE TO DKT NOS. 146 AND 147 - 16

NO. 2:24-CV-00062-JLR

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA  98101-1337
TELEPHONE: 206.319.7052