Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TATYANA LYSYY, VASILIY LYSYY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee etc., et al.,<br><br>Defendants. | NO. 2:24-cv-00062-JLR<br><br>**PLAINTIFFS' REQUESTED PROFFER REPLY BRIEFING**<br><br>**Trial Date:**<br>**Monday, June 23, 2025** |

## I. INTRODUCTION

Plaintiffs Tatyana and Vasiliy Lysyy reply to Defendants' briefing (dkt. 151) in response to the Court's orders (dkt. 146, 149) and Plaintiffs' proffer briefing (dkt. 147). The Deed of Trust, recorded November 17, 2006, mandates at least 30 days' notice prior to acceleration, a prerequisite for nonjudicial foreclosure (Ex. A-2, p. 14, ¶ 22). The September 15, 2010, notice (Ex. 4) accelerated the loan effective October 15, 2010, triggering the six-year statute of limitations (SOL) under RCW 4.16.040, expiring October 15, 2016, as confirmed by declarations and foreclosure attempts. Defendants fail to address Trust #2's judicial admissions of no right, title, or interest in the Auburn property (12921 SE 318th Way, Auburn, WA 98092), its waiver of compulsory counterclaims under Federal Rule of Civil Procedure 13(a), and the conclusive acceleration evidence.

**PLAINTIFFS' REQUESTED**
**PROFFER REPLY BRIEFING -- 1**

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

Their arguments on collateral estoppel, Trust #2's standing, and tolling misapply Washington law. Defendants' claim that Plaintiffs failed to allege Trust #1 vs. Trust #2 standing in the complaint is irrelevant, as the quiet title claim under RCW 7.28.300 rests on the expired SOL. Defendants must prove VALID foreclosure efforts, if there is to be any defense to Plaintiffs' SOL claims. Of the 12 Notices of Trustee's Sale (Ex. A-24 to A-34, Ex. 24), the first four (2015–2016, Ex. A-24 to A-27) were issued by Trust #1, the recorded beneficiary (Ex. A-3), while the last eight (post-SPS, Ex. A-28 to A-34) were issued by Trust #2, lacking standing. All notices fail to toll the SOL under applicable Washington case law. Defendants' debt acknowledgment defense is waived, as it was not raised in the pretrial order, and fails due to Plaintiffs' consistent dispute of the debt's validity and amount since 2011 (Ex. 26).

The Court should grant quiet title, as Trust #2 lacks any enforceable interest and any interest of Trust # 1 is time barred under RCW 4.16.040.

## II. ARGUMENT

### A. Defendants Fail to Address Trust #2's Judicial Admissions

Plaintiffs established that Trust #2, Deutsche Bank National Trust Company as Trustee on behalf of the holders of the Impac Secured Assets Corp. Mortgage Pass-Through Certificates Series 2007-1, admitted it has no right, title, or interest in the property (dkt. 138, p. 10, ll. 24-25; p. 11, ll. 12-13; dkt. 88, p. 15, ll. 23-24), binding under *American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988), *Ferguson v. Neighborhood Housing Services*, 780 F.2d 549, 551 (6th Cir. 1986), and *In re Fordson Engineering Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982) (dkt. 147, pp. 1–2). The Court's order (dkt. 146) requires addressing these admissions, yet Defendants' response (dkt. 151) is silent, conceding their binding effect. These admissions alone warrant judgment quieting title against Trust #2. *American Title*, 861 F.2d at 227.

### B. Trust #2 Lacks Standing, and the Complaint's Allegations Are Irrelevant

Plaintiffs demonstrated that Trust #2 lacks standing to foreclose, as the Deed of Trust was assigned to Trust #1 (Ex. A-3), not Trust #2. *Bain v. Metropolitan Mortgage Group, Inc.*, 175

PLAINTIFFS' REQUESTED
PROFFER REPLY BRIEFING -- 2

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

Wn.2d 83, 110, 285 P.3d 34 (2012), is controlling case law directly on point on this issue. To have a nonjudicial foreclosure under the Washington Deeds of Trust Act, Chapter 61.24 RCW, a promissory note holder must be the recorded "Beneficiary" of the deed of trust in question. Trust #1, not Trust #2, is the recorded beneficiary (Ex. A-3), rendering Trust #2's eight Notices of Trustee's Sale (Ex. A-28 to A-34, Ex. 24, issued post-SPS servicing) invalid. Should Trust #2 become the lawful note holder in the future, the fact that Trust #1 is the presently recorded beneficiary is not permanently fatal to Trust #2's rights (if it later recorded an assignment).

Washington courts have held, since *Bain*, that the recording of an invalid "Beneficiary" does not effect a "death penalty" on the note holder's rights. If the recorded beneficiary (Trust #1) executes an assignment of the Deed of Trust to the actual note holder (Trust #2), then Trust #2 could legally foreclose. *Larson v. Snohomish County*, 20 Wn. App. 2d 243, 277–78, 499 P.3d 957 (2021). But until and unless that happens, Trust # 2 lacks standing to initiate foreclosure.

Washington law requires all conveyances and encumbrances of real property, and transfers of any interests therein, to be done by "deed." RCW 64.04.010. All such "deeds" "shall be in writing, signed by the party bound thereby, and acknowledged" before a notary public. RCW 64.04.020. All such conveyances, encumbrances, and transfers must be recorded with the county recorder to be valid. RCW 65.08.070.

Given that *Bain* and *Larson* clearly require a note holder to be the recorded beneficiary to foreclose, together with the acknowledgment and recording requirements under RCW 64.04.010–020 and RCW 65.08.070, any proposition that a new entity can claim note holder status and proclaim a nonjudicial foreclosure sale without being the recorded beneficiary, as Trust #2 did, is absurd, contravenes established Washington law, and would have dangerous public policy implications by undermining the recording system's integrity.

The first four Notices of Trustee's Sale (2015–2016, Ex. A-24 to A-27, issued under Bank of America) were in Trust #1's name, the recorded beneficiary, but do not affect the quiet title claim, as they fail to toll the SOL (see Section V). The last eight notices (2017-2023, Ex. A-28 to A-34, Ex. 24) issued by Trust #2, lack standing. Moreover, *Deutsche Bank Nat'l Trust Co.*

**PLAINTIFFS' REQUESTED
PROFFER REPLY BRIEFING -- 3**

*v. Independence II Homeowners' Ass'n*, Case No. 2:16-cv-00536-MMD-GWF, 2019 WL 1245781 (D. Nev. Mar. 18, 2019), a final judgment dismissing the plaintiff's case, held Trust #2 distinct from Trust #1, barring foreclosure due to lack of standing. Collateral estoppel (*Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971)) precludes relitigation, as the issue was fully litigated and essential to the dismissal.

Defendants argue (dkt. 151, pp. 7–11) that collateral estoppel does not apply due to differing claims, no final judgment, and lack of privity (*Maciel v. C.I.R.*, 489 F.3d 1018, 1023 (9th Cir. 2007); *Monahan v. Emerald Performance Materials, LLC*, 705 F. Supp. 2d 1206, 1213 (W.D. Wash. 2010)), and claim Trust #2 holds the promissory note (Ex. A-40), granting nonjudicial foreclosure rights (*Bain*, 175 Wn.2d at 104; *McDonald v. OneWest Bank, FSB*, 929 F. Supp. 2d 1079, 1088 (W.D. Wash. 2013)). They assert Plaintiffs failed to allege Trust #1 vs. Trust #2 standing in the complaint (dkt. 151, pp. 7–9). These arguments all fail:

- The quiet title claim under RCW 7.28.300 is based on the SOL expiring post-2010 acceleration, not standing defects in the complaint. Trust #2's lack of standing (*Deutsche Bank v. Independence II*) renders its eight foreclosure notices invalid, issued between 2017 and 2023, incapable of tolling the SOL. *Loun v. U.S. Bank Nat'l Ass'n*, 26 Wn. App. 2d 228, 241 n.4, 525 P.3d 1280 (2023). Trust #1's four notices also fail to toll, as *Loun* rejects nonjudicial foreclosure tolling.
- Defendants' claim that Trust #2 holds the note (Ex. A-40) is untested by discovery (dkt. 151, p. 8, n.4) and contradicted by Trust #2's admissions (dkt. 138, 88) and Trust #1's recorded status (Ex. A-3). *Bain* requires recorded beneficiary status, which Trust #2 lacks.
- *Independence II* was a final judgment dismissing the case, satisfying collateral estoppel's requirements. *Blonder-Tongue*, 402 U.S. at 329. Privity of other Defendants is irrelevant, as the claim targets Trust #2. Plaintiffs offer an additional trial exhibit, Exhibit 27, which is the PACER docket and actual copy of the summary judgment dismissal order, from the actual ECF case file in *Independence II*, to decisively demonstrate that the March 18, 2019 order was a final judgment, dismissing Trust # 2's lawsuit and terminating the case.

**PLAINTIFFS' REQUESTED PROFFER REPLY BRIEFING -- 4**

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

**C. Defendants Waived Compulsory Counterclaims by Failing to Plead and Pursue Enforcement**

Trust #2's failure to plead a counterclaim for loan enforcement or foreclosure in its answer (dkt. 7) waives such claims under Rule 13(a) F.R.Civ.P., as they arise from the same transaction (2006 loan, default, Deed of Trust) (dkt. 147, pp. 6–7). *Southern Construction Co. v. Pickard*, 371 U.S. 57, 60 (1962); *Cheiker v. Prudential Ins. Co. of Am.*, 820 F.2d 334, 337 (9th Cir. 1987); *Albright v. Gates*, 362 F.2d 928, 929 (9th Cir. 1966); *Local Union No. 11, IBEW v. G.P. Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966). Rule 13(a) requires compulsory counterclaims to be pleaded in the answer unless a separate action is pending at filing. *Southern Construction*, 371 U.S. at 60. Per dkt. 147's timeline, no nonjudicial foreclosure was pending on July 20, 2022, when Plaintiffs filed this lawsuit, as prior foreclosure actions (Ex. A-24 to A-34) had lapsed or been discontinued before that date.

Had a nonjudicial foreclosure been pending on July 20, 2022, Plaintiffs could have sought to restrain the sale under RCW 61.24.130. If the restraint failed and the sale occurred, the quiet title claim would be moot. If the nonjudicial foreclosure had been pending when this lawsuit was filed, but was later restrained or voluntarily discontinued, Defendants were required under Rule 13(a) to plead a counterclaim to enforce the debt.

Here, Defendants commenced two nonjudicial foreclosures post-filing (dkt. 151, p. 18: Exhibit A-34, 1/6/23, sale date 5/19/23; Exhibit 24, 6/9/23, sale date 10/20/23), both abandoned, with the last proposed sale now being over 18 months ago (October 20, 2023). At trial in June and July 2025, nearly three years after this lawsuit was originally filed in state court, Defendants have pursued no further enforcement in ANY forum (and especially not as a Rule 13(a) compulsory counterclaim in this lawsuit, demonstrating acquiescence to waiver. Their failure to assert a counterclaim in the answer or sustain foreclosure efforts during litigation, despite ample opportunity, precludes any claim to the debt or property (not filed in this lawsuit, barred under Rule 13(a) and res judicata under case law), reinforcing Plaintiffs' right to quiet title. *Cheiker*, 820 F.2d at 337.

PLAINTIFFS' REQUESTED
PROFFER REPLY BRIEFING -- 5

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

**D. Loan Acceleration Occurred on October 15, 2010, Triggering the SOL**

The Deed of Trust, recorded November 17, 2006, mandates: "Lender shall give notice to Borrower prior to acceleration…" with at least 30 days' notice, and acceleration is a prerequisite for nonjudicial foreclosure (Ex. A-2, p. 14, ¶ 22). This contractual requirement governs the acceleration process, enforceable under Washington law. *Edmundson v. Bank of Am.*, 194 Wn. App. 920, 930, 378 P.3d 272 (2016). The September 15, 2010, notice (Ex. 4, page 1, ¶ 4) stated: "If the default is not cured on or before October 15, 2010, the mortgage payments **will be accelerated**…" (emphasis in original) This notice, issued 30 days prior, unequivocally exercised the lender's right to accelerate effective October 15, 2010, triggering the six-year SOL under RCW 4.16.040, expiring October 15, 2016. *Cedar West Owners Ass'n v. Nationstar Mortg., LLC*, 434 P.3d 554, 560 (Wash. Ct. App. 2019); *Edmundson*, 194 Wn. App. at 930.

Multiple lines of evidence confirm this acceleration date. Declarations from Tatyana Lysyy and Peter Kuzmenko attest that Bank of America sent no monthly statements after October 2010, consistent with acceleration, as statements cease when the entire debt is due (Ex. A, Lysyy Decl. ¶ 3; Kuzmenko Decl. ¶ 3). No late charges were assessed post-October 2010, as acceleration on October 15 preceded the October 17 late charge trigger (more than 15 days past due, loan note, Ex. A-1, p. 3, ¶ 7; Lysyy Decl. ¶ 5). Trust #1's foreclosure attempts starting in 2015 (Ex. A-24 to A-27) required acceleration per Paragraph 22, as nonjudicial foreclosure cannot proceed without it. Defendants concede the 2010 default but provide no post-09/15/2010 acceleration notice, despite the Deed of Trust's mandatory 30-day notice requirement, rendering Ex. 4 the operative notice of acceleration, effective October 15, 2010.

Furthermore, the trial exhibits demonstrate NO late charges for October 2010 and later months. BOA loan transaction history (Ex. 20, pp. 2-3; Ex. A-35, p. 00090) shows the last six months late charges, for payments due from April 2010 to September 2010, were added to the loan account on February 8, 2013, making total late charges $491.10. The SPS financial breakdown statement (Ex. A-6, p. 1-2) lists total late charges of $491.01, all assessed by Bank of America prior to acceleration (Ex. A-6, p. 2). SPS's monthly statements (Ex. A-36), spanning

PLAINTIFFS' REQUESTED
PROFFER REPLY BRIEFING -- 6

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

December 5, 2016, to 2024, show no late charges on any of them and, starting with the November 15, 2017, statement, explicitly note the loan's accelerated status (Ex. A-36, pages 43 to 45, 11/15/2017 statement). Every statement thereafter reflects loan acceleration, with a due date of April 1, 2010, and the full balance demanded (Ex. A-6, p. 1; Ex. A-36, pages 46 to 295).

Obviously, it is notable that, while Defendants have produced all eight plus years of monthly statements since SPS took over servicing (Ex. A-36), they have not produced so much as a single monthly statement from before December 2016, when Bank of America was still servicing. This lack of expected evidence corroborates the fact Bank of America did not issue ANY monthly mortgage statements after the loan was accelerated effective October 10, 2010.

Defendants argue that the notice of acceleration is somehow merely "conditional" and insufficient under *Terhune v. North Cascade Trustee Servs. Inc.*, 9 Wn. App. 2d 708, 723, 446 P.3d 683 (2019), and that no demand for the entire debt occurred until November 15, 2017 (Ex. A-35, A-36). This is unpersuasive. Here, the cessation of statements and late charges post-October 2010, coupled with Trust #1's foreclosure attempts from 2015, demonstrate the lender's unequivocal intent to accelerate. *Terhune*'s requirement for clear notice is satisfied by Ex. 4, which complied with Paragraph 22's terms. Defendants' reliance on statements issued November 2017 and later, acknowledging that acceleration had already occurred, is irrelevant absent a notice of intent to accelerate meeting the Deed of Trust's requirements. The absence of ANY notice of intent to accelerate, subsequent to the 9/15/2010 notice (Ex. 4), means that notice IS the operative notice of acceleration. The SOL therefore expired October 2016, barring enforcement.

**E. Defendants' Tolling Arguments Fail, as Nonjudicial Foreclosure and Bankruptcy Do Not Extend the SOL**

Defendants claim 12 nonjudicial foreclosure notices (2015–2023, Ex. A-24 to A-34), three Chapter 13 bankruptcies (Ex. A-16 to A-21), and two FFA mediations tolled the SOL for 1,869 days (5 years, 44 days), citing *Loun*, 26 Wn. App. 2d at 239; *Cedar W.*, 434 P.3d at 489; *Umouyou v. Bank of Am., N.A.*, 2017 WL 1532664 (W.D. Wash. 2017); RCW 4.16.230; RCW

PLAINTIFFS' REQUESTED
PROFFER REPLY BRIEFING -- 7

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

61.24.163. They argue *Merritt* (1 Wn.3d 692) is inapplicable absent discharge. These arguments fail:

- **Nonjudicial Foreclosure**: *Loun* explicitly rejects tolling by either judicial foreclosure or nonjudicial foreclosure, stating:

    "In *Bingham v. Lechner*, 111 Wash. App. 118, 131, 45 P.3d 562 (2002), the trial court found, and on appeal the parties agreed, that commencement of a nonjudicial foreclosure tolls the statute of limitations. The appellate court did not analyze this issue. To the extent *Bingham* agreed with the trial court, we disapprove of its conclusion because *Bingham* fails to identify any statute that stays or enjoins the ability of a deed of trust beneficiary from commencing an action to recover the debt.

    RCW 61.24.030(4) certainly does not stay or enjoin recovery of the debt. That subsection precludes a trustee's sale if there is a pending action by the deed of trust beneficiary to collect the unpaid debt. This preclusion is not a stay or an injunction from recovering the debt; rather, it is a prohibition against concurrent attempts to collect the same debt." *Loun*, 26 Wn. App. 2d at 241 n.4.

    RCW 4.16.230 requires an injunction or statutory prohibition, which a lender's choice to pursue nonjudicial foreclosure does not provide. *U.S. Bank Nat'l Ass'n v. Ukpoma*, 8 Wn. App. 2d 254, 260, 438 P.3d 141 (2019). Not only does commencement of a nonjudicial foreclosure NOT bar enforcement of the deed of trust under RCW 4.16.030 and RCW 61.24.030(4), a nonjudicial foreclosure (if actually pursued) would result in the enforcement of the deed of trust. Since RCW 4.16.230 does not apply, the frequent filing and discontinuance of nonjudicial trustee sales notices does not add to the SOL period.

    Trust #2's eight notices (2017 to 2023, Ex. A-28 to A-34, Ex. 24) were baseless, lacking standing (*Deutsche Bank v. Independence II*), and Trust #1's four notices, while properly issued, (2015 and 2016, Ex. A-24 to A-27) also fail to toll under *Loun*. *Umouyou* is non-binding and pre-dates *Loun*. While the valid Trust # 1 NTS notices were timely issued (before 10/15/2016 SOL), they did not extend the SOL period, which is expired.

PLAINTIFFS' REQUESTED
PROFFER REPLY BRIEFING -- 8

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

- **Bankruptcy and FFA Mediations**: Bankruptcy does not toll the SOL for debt enforcement except under 11 U.S.C. § 108(c), which provides a 30-day post-stay period if the SOL expires during bankruptcy. *In re Spirtos*, 221 F.3d 1079, 1080–81 (9th Cir. 2000); *Merritt v. USAA Fed. Sav. Bank*, 1 Wn.3d 692, 708, 532 P.3d 1024 (2023); *Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 1 Wn.3d 711, 718, 532 P.3d 601 (2023); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991).

  Bankruptcy dates in the record, based on filing and dismissal (or relief from stay) dates are as follows: Ex. A-16, A-17, and A-18: filed 10/11/19 and dismissed 2/18/20, 127 days; Ex. A-19, filed 7/8/21 and dismissed 2/7/22, 209 days; Ex. A-20 and A-21: filed 10/18/23 and dismissed 1/12/24, 85 days. The SOL expired October 15, 2016, before these filings, making § 108(c) inapplicable, as no bankruptcy was pending in 2016. But even if the SOL had expired during the pendency of any of these three bankruptcies, 11 U.S.C. § 108(c) would have only extended the SOL until 30 days after notice of dismissal or notice of relief from stay. Regardless, the time during pendency of bankruptcy, is NOT added to the overall SOL period under *Spirtos, Merritt* and *Copper Creek*.

- **Installments Barred Even if Never Accelerated**: Even if the loan had never been accelerated at all, RCW 4.16.040(1) bars collection of installments that have been past due for more than six years. Since Deutsche Bank did not file a counterclaim for enforcement of the loan, and it is now July 3, 2025, all installments due from April 1, 2010 (first missed installment) to July 1, 2019 (last installment due more than six years ago) would now be time barred, even without acceleration (and even without the Rule 13(a) waiver).

**F. Defendants' Debt Acknowledgment Defense Is Waived and Meritless**

Defendants claim Ms. Lysyy's four loan modification applications in 2021 (March 8, March 22, October 12, October 22, Ex. A-40, pp. 201–05, 214–18, 223–27, 238–42) restarted the SOL on October 22, 2021 (dkt. 151, pp. 19–21), citing *Thacker v. Bank of New York Mellon*, 2019 WL 1163841 (W.D. Wash. 2019), and *In re Tragopan Props., LLC*, 164 Wn. App. 268, 263 P.3d 613 (2011). This defense is waived and meritless.

PLAINTIFFS' REQUESTED
PROFFER REPLY BRIEFING -- 9

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

First, Defendants failed to raise debt acknowledgment in the pretrial order, which limited issues to acceleration, bankruptcy stays, and foreclosure notices' tolling effects:

**B. Defendants' Statement**

… Defendants further deny that the statute of limitation has expired. Plaintiffs have not established any acceleration of the subject promissory note, and *the numerous Notices of Trustee's Sales and three Chapter 13 Bankruptcy filings stayed the statute of limitations.*

Pre-Trial Order, dkt. 132, ¶ II.B, p. 4, lines 4-10 (italics added)

Fed. R. Civ. P. 16(e) states: "The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Issues not in the pretrial order are waived. *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 548 (9th Cir. 1985). Defendants' omission of "acknowledgment" of debt (or foreclosure fairness mediations for that matter) from the pretrial order is dispositive, barring this defense against Plaintiffs' statute of limitations claim.

Even if not waived, the defense fails. RCW 4.16.280 states: "an acknowledgment or promise made after the limitation period has expired shall not restart, revive, or extend the limitation period." The SOL expired on October 15, 2016, barring revival by 2021 applications. RCW 4.16.280 was amended, post-*Thacker*, by HB 1730, Chapter 377, Laws of 2019, to clarify that a post-SOL alleged "acknowledgment" does not revive a debt already barred by the SOL.

Pre-expiration acknowledgment requires a written, signed document clearly admitting the specific debt's validity (e.g., amount owed), communicated to the creditor, without indicating intent not to pay. *Fetty v. Wenger*, 110 Wn. App. 598, 602, 36 P.3d 1123 (2001); *Griffin v. Lear & Co.*, 123 Wash. 191, 199, 212 P. 271 (1923); *Addison v. Stafford*, 183 Wash. 313, 315, 48 P.2d 202 (1935). Plaintiffs have consistently disputed the debt's validity and amount since 2011, seeking settlement for substantially less (Lysyy Decl. ¶ 7; Kuzmenko Decl. ¶ 5). The December 11, 2016 letter (New Trial Exhibit 26), sent by Tatyana Lysyy to Bank of America and SPS, disputes the validity and amount of the alleged debt, requests a $100,000 adjustment to the loan balance for unlawful actions, further requests interest rate reduction to just 2% per annum, and new loan term of 40 years, which negates any "acknowledgment" (Lysyy Decl. ¶ 6).

PLAINTIFFS' REQUESTED
PROFFER REPLY BRIEFING -- 10

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

The 2021 applications list the loan as an expense and note payment difficulty (dkt. 151, p. 20), reflecting settlement negotiations, not admission of a specific debt amount. *Fetty*, 110 Wn. App. at 602; *Addison*, 183 Wash. at 315. *Thacker* not only involved a pre-expiration application (2019 WL 1163841, at *6), but never disputed the validity or amount of the debt, unlike here. Plaintiffs have disputed the validity and amount of the alleged mortgage debt since at least December 11, 2016, and have never "acknowledged" or "admitted" that any specific amount is owed. Defendants failed to meet their burden that Plaintiffs ever "acknowledged" the specific amount owed on the loan, much less made such "acknowledgement" before SOL ran.

### III. CONCLUSION

Defendants' response (dkt. 151) concedes Trust #2's admissions (dkt. 138, 88), the Rule 13(a) compulsory counterclaim waiver, and the 10/15/2010 acceleration, while misapplying *Loun* and lacking sufficient tolling evidence. The Deed of Trust requires 30 days' notice and acceleration for nonjudicial foreclosure (Ex. A-2, ¶ 22), met by the September 15, 2010, notice (Ex. 4), effective October 15, 2010, with no later notice provided. Declarations and trial exhibits confirm no post-October 2010 statements or late charges, and 2015 foreclosure attempts by Trust #1 (based only on the 09/15/2010 notice) support acceleration. Trust #2's eight notices (Ex. A-28 to A-34, Ex. 24) lack standing (*Bain*, *Larson*), and all 12 notices fail to toll the SOL (*Loun*, 26 Wn. App. 2d at 241 n.4), as RCW 4.16.230 requires a statutory bar to judicial action absent here. Bankruptcy filings add minimal tolling under 11 U.S.C. § 108(c), and only if SOL expires during pendency of bankruptcy. *Independence II*'s final judgment confirms Trust #2's lack of standing. Defendants' failure to plead counterclaims, despite no pending foreclosure on July 20, 2022, and abandonment of post-filing foreclosures (ending October 2023), confirms waiver under Rule 13(a). The complaint's standing allegations are irrelevant, as the quiet title claim rests on the expired SOL and proper standing to issue NTS would be required even if NTS issuance tolled SOL. Defendants' acknowledgment defense is waived under Fed. R. Civ. P. 16(e) and fails due to Plaintiffs' consistent dispute (Ex. 26), not to mention SOL expiring years earlier even with actual acknowledgment. (RCW 4.16.280)

PLAINTIFFS' REQUESTED
PROFFER REPLY BRIEFING -- 11

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com

The deed of trust loan, accelerated on October 15, 2010, is unenforceable since October 15, 2016 (RCW 4.16.040). Trust #2's admissions (*American Title*, 861 F.2d at 226), Rule 13(a) waiver (*Southern Construction*), and lack of standing, coupled with Trust #1's 14-year inaction, entitle Plaintiffs to quiet title under RCW 7.28.300, per dkt. 146.

## Word Count Certification

I certify this pleading contains 3,910 words, in accordance with local civil rules.

Respectfully submitted this 3rd day of July 2025.

/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.
WSBA # 21118
Attorney for Plaintiffs

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, Suite B1-358
Bellevue, Washington 98008
Tel: (425) 829-5305
Fax: (425) 526-5714
E-Mail: rp98007@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused the above document to be delivered through electronic court filing (ECF) to:

**Midori R Sagara** msagara@buchalter.com, kreger@buchalter.com, midori.sagara@gmail.com

**Richard Lamar Pope , Jr** rp98007@gmail.com

**Robert William McDonald** rmcdonald@qualityloan.com, cvnotice@mccarthyholthus.com, rockymcdonald@gmail.com

**Timothy J Feulner** tim@feulnerlawoffice.com

DATED: July 3, 2025.

/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.

PLAINTIFFS' REQUESTED
PROFFER REPLY BRIEFING -- 12

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com