UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATYANA LYSYY, et al., | CASE NO. C24-0062JLR |
| Plaintiffs, | ORDER |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court are Plaintiffs Tatyana Lysyy and Vasiliy Lysyy's (together, "Plaintiffs") objections to United States Magistrate Judge Michelle L. Peterson's findings and recommendation regarding civil contempt. (Obj. (Dkt. # 143); Findings (Dkt. # 133).) The court has considered the findings and recommendation and Plaintiffs' objections thereto. Being fully advised, the court SUSTAINS Plaintiffs' objections and DECLINES to adopt the findings and recommendation.

ORDER - 1

## II. BACKGROUND

In March 2025, the court granted the parties' joint request for a judicial settlement conference and appointed Magistrate Judge Peterson to serve as the settlement judge. (3/21/25 Order (Dkt. # 102).) On March 31, 2025, Magistrate Judge Peterson issued an order setting the settlement conference on April 22, 2025, and providing instructions to the parties regarding participation at the conference. (3/31/25 Order (Dkt. # 103).) She later reset the settlement conference to take place on May 7, 2025. (4/22/25 Docket Entry (referring the parties to the March 31, 2025 order "for full instructions").)

After Plaintiffs failed to appear for the judicial settlement conference on May 7, 2025, Magistrate Judge Peterson ordered Plaintiffs to appear for a hearing regarding whether they should be held in civil contempt for their failure to appear. (*See* 5/8/25 Order (Dkt. # 112).) Magistrate Judge Peterson appointed separate *pro bono* counsel to represent Plaintiffs at that hearing. (*See* 5/20/25 Order (Dkt. # 118) (appointing counsel).)

The contempt hearing took place on June 4, 2025. (*See* 6/4/25 Min. Entry (Dkt. # 131).) Both Plaintiffs appeared and testified with the aid of an interpreter. (*See id.*) Magistrate Judge Peterson now recommends that the court find Plaintiff Vasiliy Lysyy in civil contempt for failing to appear at the settlement conference and, as a remedy, order him to pay Defendants the reasonable attorneys' fees and costs attributable to the failed settlement conference. (Findings at 8-9.) Plaintiffs filed timely objections. (Obj.)

//

//

### III. ANALYSIS

Plaintiffs raise two key objections to Magistrate Judge Peterson's findings and recommendation. First, they protest that Magistrate Judge Peterson did not follow the procedural requirements for civil contempt proceedings set forth in 28 U.S.C. § 636(e). (Obj. at 5-7.) Second, they argue that Mr. Lysyy's conduct does not warrant the imposition of civil contempt sanctions. (*Id.* at 7-10.) The court agrees with Plaintiffs that the process Magistrate Judge Peterson followed in drafting the findings and recommendation is inconsistent with 28 U.S.C. § 636(e).

In a civil non-consent action, 28 U.S.C. § 636(e)(6) requires (1) the magistrate judge to certify the facts giving rise to a prima facie case of contempt to the district judge; (2) the district court judge to schedule a show cause hearing at which the district court judge shall "hear the evidence as to the act or conduct complained of[;]" and (3) the district court judge to issue appropriate punishment if the district court judge finds that the act or conduct rises to the level of contempt. 28 U.S.C. § 636(e)(6); *see Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999). As Plaintiffs point out in their objections, the procedure prescribed by § 636(e)(6) was not followed here. (*See* Obj. at 5-7.) As a result, the court sustains Plaintiffs' objections, declines to adopt the findings and recommendation, and defers any consideration of whether Mr. Lysyy's conduct rose to contempt to a future *de novo* hearing.

### IV. CONCLUSION

For the foregoing reasons, the court SUSTAINS Plaintiffs' objections (Dkt. # 143) and DECLINES to adopt the findings and recommendation (Dkt. # 133). In the interest

of securing "the just, speedy, and inexpensive determination" of the contempt issue, the court deems the facts set forth in Magistrate Judge Peterson's findings and recommendation to be the certified facts required under § 636(e)(6).  Fed. R. Civ. P. 1; 28 U.S.C. § 636(e)(6).  The court will set a date for the show cause hearing in a future order.

Dated this 10th day of July, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 4