Honorable James L. Robart

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| TATYANA LYSYY, VASILIY LYSYY, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>DEUTSCHE BANK NATIONAL TRUST )<br>COMPANY and DEUTSCHE BANK NATIONAL)<br>TRUST COMPANY, as Trustee etc., et al., )<br><br>Defendants. )<br>_____ ) | NO.  2:24-cv-00062-JLR<br><br>**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR FOR CERTIFICATION OF QUESTION OF LAW TO THE WASHINGTON STATE SUPREME COURT**<br><br>**Note on Motion Calendar:**<br>**Tuesday, April 28, 2026** |

**I. INTRODUCTION**

Plaintiffs Tatyana and Vasiliy Lysyy respectfully move this Court under Federal Rules of Civil Procedure 52(b), 54(b), and (alternatively) 59(e) to alter or amend its April 14, 2026 Order (Docket 182) dismissing their quiet title claim. Because attorney's fees remain pending, no final judgment has been entered.

The Court's dismissal rested entirely on its conclusion that the six-year statute of limitations was tolled by the recording of several Notices of Trustee's Sale. That conclusion is wrong even under the "majority view" the Court adopted. The Court's own tolling matrix (Order at 21–22) shows multiple large, unexplained gaps in the foreclosure proceedings — including an 823-day gap of complete abandonment since January 12, 2024. Under *Cedar West Owners Association v. Nationstar Mortgage, LLC*, 7 Wn. App. 2d 473, 434 P.3d 554 (2019), and

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

consistent authority from all three divisions, these gaps nullify any prior tolling. With no valid tolling, the statute of limitations expired on November 15, 2023. Plaintiffs are therefore entitled to quiet title under RCW 7.28.300 as a matter of law.

This independent ground alone requires complete relief. In the alternative, the Court's tolling analysis rests on a deeper categorical error: it applied installment-debt tolling doctrine to a post-acceleration case where that doctrine has no application. That error is compounded by the Court's resolution of a deep, acknowledged three-way split among Washington's appellate divisions on the tolling question — a conflict the Washington Supreme Court has never resolved. At a minimum, the unsettled nature of the law makes this case ideal for certification under RCW 2.60.020.

Plaintiffs therefore request that the Court amend its findings and conclusions under Rules 52(b) and 54(b) and grant summary judgment in their favor on the quiet title claim. In the alternative under Rule 59(e), Plaintiffs request that the Court alter or amend the Order to the same effect. In the further alternative, Plaintiffs request certification of the dispositive legal question to the Washington Supreme Court.

## II. ARGUMENT

### A. Standard for Relief Under Rules 52(b), 54(b), and 59(e)

Because the April 14, 2026 ruling is an order containing findings of fact and conclusions of law, and because attorney's fees remain pending, the primary vehicles for relief are Federal Rules of Civil Procedure 52(b) and 54(b). Rule 59(e) is invoked in the alternative to the extent the Court deems the Order a final judgment.

In the further alternative, a motion to alter or amend under Rule 59(e) is properly granted where the district court has committed a manifest error of law. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). Certification to the Washington Supreme Court is also appropriate where the question is determinative and the local law is unsettled. RCW 2.60.020; Wash. R. App. P. 16.16(a).

PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER
UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR
FOR CERTIFICATION OF QUESTION OF LAW TO THE
WASHINGTON STATE SUPREME COURT -- 2

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

**B. Even Under the "Majority View" the Court Adopted, the Large Unexplained Gaps in the Foreclosure Proceedings Nullify Any Prior Tolling — the Statute of Limitations Expired on November 15, 2023**

Even assuming *arguendo* that the installment-debt tolling doctrine applied by the Court has any relevance to this post-acceleration case, the Court's tolling analysis is independently and fatally flawed on its own terms. The Court's own tolling matrix (Order (Dkt. 182) at 21–22) reveals multiple large, unexplained gaps during which the statute of limitations ran uninterrupted. Under the very "majority view" the Court adopted — *Cedar West Owners Association v. Nationstar Mortgage, LLC*, 7 Wn. App. 2d 473, 434 P.3d 554 (2019) — such gaps mean the lender receives **zero tolling credit** for the earlier, abandoned foreclosure proceedings.

In *Cedar West*, Division One expressly refused to give tolling credit to a notice of default because the lender waited more than a year before recording the first Notice of Trustee's Sale. The court held:

"Nationstar concedes nothing in the record shows Nationstar took any steps to pursue nonjudicial foreclosure for over a year after the notice of default was transmitted to the borrower. **Because of this unexplained delay** … **we conclude the Notice of Trustee's Sale and not the notice of default tolled the statute of limitations.**"

*Id.* at 562 (emphasis added). The court required a "factual inquiry" into whether the lender acted diligently and continuously in pursuing nonjudicial foreclosure. *Id.*

Division Three's decision in *Loun v. U.S. Bank National Association*, 26 Wn. App. 2d 228, 525 P.3d 1280 (2023), is fully consistent on this point. In *Loun* the court refused to give any tolling credit to two earlier judicial foreclosure actions that had been commenced years earlier and not diligently prosecuted to completion. *Id.* at 240. Although *Loun* ultimately rejects tolling via nonjudicial foreclosure on statutory-text grounds (see *id.* at 240 n.4), its treatment of the prior abandoned foreclosure actions mirrors *Cedar West*: long periods of unexplained delay or abandonment nullify any prior tolling.

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR FOR CERTIFICATION OF QUESTION OF LAW TO THE WASHINGTON STATE SUPREME COURT -- 3**

Thus, **all three divisions agree** on this core principle: large unexplained gaps in the foreclosure process mean the prior efforts receive **no tolling credit at all**.

The Court's own table demonstrates precisely these fatal gaps (all calculated from the dates and tolling periods the Court itself used):

- **158-day gap** (February 16, 2018 – July 24, 2018)
- **159-day gap** (November 30, 2018 – May 8, 2019)
- **178-day gap** (June 20, 2020 – December 15, 2020)
- **363-day gap** (January 8, 2022 – January 6, 2023) — nearly full year of abandonment

Most critically, the last tolling event (the third bankruptcy filing) ended on January 12, 2024. There has been **zero activity** since then. As of the date of the Order (April 14, 2026), that constitutes an **823-day** gap — more than **two years and three months** — of complete inaction and abandonment.

These unexplained gaps are far larger than the one-year delay that *Cedar West* itself held nullified any prior tolling. The Order performed no diligence inquiry and simply added 120 days (or the scheduled sale date) to every NOTS recording. That mechanical approach is inconsistent with the authority the Court claimed to follow. With no valid tolling, the six-year statute of limitations on the accelerated debt — which the Court found began running on November 15, 2017 — expired on **November 15, 2023**. Plaintiffs were therefore entitled to quiet title under RCW 7.28.300 as a matter of law.

This independent ground alone requires the Court to alter or amend its April 14, 2026 Order under Rules 52(b), 54(b), and/or 59(e), vacate the dismissal of the quiet title claim, and enter summary judgment in Plaintiffs' favor.

**C. The Court's Tolling Analysis Constitutes a Manifest Error of Law Because It Applied a Doctrine Governing Installment Debts to a Post-Acceleration Case — a Categorically Different Legal Context**

The Court's dismissal of Plaintiffs' quiet title claim turned exclusively on its calculation of the statute of limitations. The Court found the loan was accelerated on November 15, 2017,

PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER
UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR
FOR CERTIFICATION OF QUESTION OF LAW TO THE
WASHINGTON STATE SUPREME COURT -- 4

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

meaning the six-year statute of limitations would expire on November 15, 2023, absent any tolling. *See* Order (Dkt. 182) at 17-18. The Court then held that the statute was tolled by, *inter alia*, the recording of multiple NOTS, pushing the expiration date to March 12, 2027, and rendering the lien enforceable. *Id.* at 22. This finding was dispositive. Without the tolling attributed to the multiple NOTS, the statute of limitations would have expired, and Plaintiffs would have been entitled to quiet title under RCW 7.28.300.

The Court's conclusion that tolling applied constitutes a manifest error of law for two independent and compounding reasons, the first of which is categorical in nature. First, and most fundamentally, the Court applied a tolling doctrine drawn from cases involving unmatured, unaccelerated installment debts — centrally, *Cedar West Owners Association v. Nationstar Mortgage, LLC* — to a post-acceleration scenario. These are not merely different cases on the same legal question; they are cases from an entirely different legal context. The installment-debt tolling doctrine has no logical or legal object to operate on once a debt has been accelerated, because the structural premise of that doctrine — multiple rolling deadlines, one per installment — ceases to exist at the moment of acceleration. Applying it here was not a choice between competing rules; it was the importation of a rule from the wrong legal universe. Second, even if that precedent were relevant, the Court compounded its error by resolving a dispositive issue of state law by choosing one side of a deep and acknowledged three-way split among Washington's appellate divisions — a conflict the Washington Supreme Court has not resolved.

**1. The Court Committed a Categorical Legal Error by Applying an Installment-Debt Doctrine to a Post-Acceleration Case — a Context That Doctrine Was Never Designed to Govern.**

The governing principles of acceleration and the statute of limitations are settled under Washington law. Acceleration of a debt upon the borrower's default is a benefit to the lender, causing the entire balance of the loan to become due and payable. *Merceri v. Bank of New York Mellon*, 4 Wn. App. 2d 755, 760-61, 434 P.3d 84 (2018); *accord* Matthew B. Nevola, *Foreclosure Madness: Using Mortgage Deceleration To Evade the Statute of Limitations*, 46

PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER
UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR
FOR CERTIFICATION OF QUESTION OF LAW TO THE
WASHINGTON STATE SUPREME COURT -- 5

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

Hofstra L. Rev. 1453, 1468 (2018). However, when a debt is accelerated, the statute of limitations on the entire balance begins to accrue. *4518 South 256th, LLC v. Karen L. Gibbon, PS*, 195 Wn. App. 423, 434-35, 382 P.3d 1 (2016). If the statute of limitations precludes enforcement of the note and deed of trust, a property owner can file a quiet title action seeking to have the encumbrance removed from the title. *See* RCW 7.28.300. *Loun v. U.S. Bank National Association*, 26 Wn. App. 2d 228, 235, 525 P.3d 1280, 1283 (2023).

The Court's entire tolling analysis rests on precedent drawn from a categorically different legal context. Presumably, the Court adopted what it termed the "majority view" from *Cedar West Owners Association v. Nationstar Mortgage, LLC,* 7 Wn. App. 2d 473, 434 P.3d 554 (2019). Order at 19–20. But *Cedar West* did not address the same legal question presented here. It addressed a different question, arising from a different debt structure, governed by different legal principles. Applying its reasoning to this case is not a matter of extending a precedent to a new set of facts; it is the application of a doctrine to a context that doctrine was never designed to reach. The analysis in *Cedar West* was premised on an unmatured, unaccelerated installment note — a debt on which the borrower had missed individual payments, but the lender had never declared the entire balance due. In that posture, the statute of limitations does not run on the full debt; it runs separately against each missed installment from the date that installment became due. The court's reasoning was rooted in the long-standing rule from *Herzog v. Herzog*, that for an installment note, "the statute of limitations runs against each installment from the time it becomes due." 23 Wn.2d 382, 388, 161 P.2d 142 (1945). Because no single limitations period governed the entire obligation, the *Cedar West* court's tolling analysis operated installment-by-installment: pausing the clock on each individual missed payment while the lender pursued a nonjudicial remedy. The loan in *Cedar West* was never accelerated, and its final maturity date was not at issue. See 7 Wn. App. 2d at 477–79, 434 P.3d at 557–58. The tolling mechanism discussed in *Cedar West* is logical in that context because there is no single, unified limitations period to toll — only a series of rolling deadlines tied to each missed installment.

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR FOR CERTIFICATION OF QUESTION OF LAW TO THE WASHINGTON STATE SUPREME COURT -- 6**

Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington  98008
Telephone:  (425) 829-5305
E-mail:  rp98007@gmail.com

Acceleration fundamentally transforms the nature of the debt and the limitations analysis. When a lender accelerates, it exercises its contractual right to declare the entire unpaid balance immediately due and payable. *Loun*, 26 Wn. App. 2d at 235, 525 P.3d at 1283; *4518 S. 256th, LLC v. Karen L. Gibbon*, P.S., 195 Wn. App. 423, 434–35, 382 P.3d 1 (2016). At that moment, the installment structure of the debt collapses: there are no longer individual payment deadlines running on separate tracks. There is one debt, one maturity date — the date of acceleration — and one six-year limitations period running from that date. The rolling, installment-by-installment tolling logic of Cedar West has no purchase in that environment because the very premise of that logic — multiple separate limitations periods, one per installment — no longer exists. The Court found this loan was accelerated on November 15, 2017, triggering the statute of limitations on the entire debt at once. *See 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434–35, 382 P.3d 1 (2016). Applying the installment-debt tolling rule from *Cedar West* to this post-acceleration scenario Applying the installment-debt tolling rule from *Cedar West* to this post-acceleration scenario is therefore a categorical legal error: it imports a doctrine designed for a multi-deadline debt structure into a single-deadline context where that doctrine has no logical or legal object to operate on. This is not a case of choosing the wrong rule from a menu of competing rules; it is a case of applying a rule from the wrong menu entirely. That misapplication constitutes a manifest error of law independent of any question about which side of the appellate split is correct.

This also clarifies what is — and is not — collectible once a debt has been accelerated. After acceleration, the lender may enforce the entire remaining unpaid balance: the outstanding principal, accrued interest, and any other contractually authorized charges that had not yet been extinguished by the statute of limitations at the moment of acceleration. What the lender may not do is use acceleration to resurrect individual installments that had already become time-barred before the acceleration occurred. An installment payment that fell due more than six years before the acceleration date is already extinguished by operation of RCW 4.16.005; acceleration does not reach back to revive it. *See Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142 (1945)

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR FOR CERTIFICATION OF QUESTION OF LAW TO THE WASHINGTON STATE SUPREME COURT -- 7**

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

(statute of limitations runs against each installment from the date it becomes due). Acceleration collapses only the remaining, not-yet-barred installments into a single, immediately due obligation — it is a forward-looking consolidation, not a backward-looking revival. This distinction is dispositive here. The rolling-installment caselaw — *Cedar West*, *Merceri*, and *Terhune* — is premised on a debt that retains its installment character: multiple payment deadlines, each generating its own limitations period, each potentially subject to its own tolling analysis. That structure is the entire reason installment-specific tolling is coherent in those cases. A lender pursuing a nonjudicial remedy with respect to a specific missed installment can plausibly argue that the limitations clock on that installment should pause while the remedy is being pursued — because the installment is a discrete, identifiable obligation with its own accrual date. But once a lender accelerates, that installment structure is gone. There are no discrete missed payments to toll around. There is one obligation, one accrual date — November 15, 2017 — and one six-year period. Applying installment-debt tolling logic to that single-deadline obligation is not merely an extension of *Cedar West*; it is a categorical misapplication of it. The tolling doctrine those cases articulate has no object to operate on in a post-acceleration environment: there are no rolling deadlines to pause, no individual installments to protect, and no installment-by-installment accrual analysis to conduct. The six-year period running from the November 15, 2017 acceleration date governs the entire remaining balance of the Lysyys' loan, and no tolling doctrine rooted in installment-debt logic can extend it.

The other cases relied upon by the Court, *Merceri* and *Terhune*, suffer from the same flaw. This precise distinction was drawn in *Herrin v. Datawave Services (U.S.), Inc.*, where the court explicitly distinguished *Merceri* and *Terhune* because in those cases, "the debt was not accelerated, and the maturity date had not passed. Consequently, the statute of limitations on the entire debt in those cases had not commenced." No. 38483-7-III, 2022 Wash. App. LEXIS 2197, at *10, ¶ 17 (Wash. Ct. App. Nov. 15, 2022) (unpublished). By applying principles from cases concerning the accrual of individual installments to a post-acceleration scenario, the Court committed a categorical legal error. The Court did not merely choose a side in a relevant

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR FOR CERTIFICATION OF QUESTION OF LAW TO THE WASHINGTON STATE SUPREME COURT -- 8**

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

conflict; it applied a legal standard from a line of cases that does not govern — and was never designed to govern — the facts before it. This is the more fundamental and less assailable ground for relief: the error does not depend on which side of the appellate split is correct, because the entire split concerns a legal question that does not arise in a post-acceleration context.

This distinction is further confirmed by *Bingham v. Lechner*, 111 Wn. App. 118, 131, 45 P.3d 562 (2002). In *Bingham*, Division One held that under RCW 61.24.040(6), the filing of nonjudicial foreclosure proceedings tolls the statute of limitations, but that tolling is strictly time-limited: the trustee is entitled to continue the sale for no more than 120 days, and a failure to take any affirmative action to continue the sale within that window restarts the limitations clock. 111 Wn. App. at 131. The court was explicit that nonjudicial foreclosure proceedings cannot "remain pending indefinitely in the face of years of inaction by the trustee." *Id.* Critically, *Bingham's* tolling rule is conditioned on the trustee's diligent, affirmative prosecution of the foreclosure within the statutory period — it does not authorize open-ended tolling based on the mere recording of a Notice of Trustee's Sale. Here, the Court's order attributed tolling to the recording of multiple Notices of Trustee's Sale spanning years without any analysis of whether the trustee took the affirmative steps required under RCW 61.24.040(6) to continue each sale within the 120-day window. Under *Bingham*, the failure to make that showing is fatal to any tolling claim: a trustee who allows foreclosure proceedings to lapse through inaction cannot invoke those same proceedings to extend the limitations period indefinitely. The Court's tolling analysis is therefore inconsistent with the very Division One authority it purported to apply.

**2. The Three-Way Appellate Split Independently Confirms That the Court's Tolling Analysis Rests on Unsettled Law and Compounds the Categorical Error.**

Even setting aside the categorical misapplication of installment-debt doctrine to a post-acceleration case, the Court's error is independently compounded by its decision to resolve a deep, three-way conflict among the appellate divisions on the separate but independently dispositive issue of whether a nonjudicial foreclosure tolls the statute of limitations at all. This

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR FOR CERTIFICATION OF QUESTION OF LAW TO THE WASHINGTON STATE SUPREME COURT -- 9**

**Lake Hills Legal Services PC
15600 N.E. 8th St., # B1-358
Bellevue, Washington 98008
Telephone: (425) 829-5305
E-mail: rp98007@gmail.com**

second error would be sufficient on its own to warrant relief; combined with the categorical error described above, it renders the Court's tolling analysis doubly infirm.

- The Pro-Tolling View (Division One): In cases like *Cedar West Owners Association v. Nationstar Mortgage, LLC*, 7 Wn. App. 2d 473, 434 P.3d 554 (2019), and *Merceri v. Bank of New York Mellon*, 4 Wn. App. 2d 755, 434 P.3d 84 (2018), Division One held that initiating nonjudicial foreclosure tolls the statute of limitations. This is the view the Court adopted.

- The Anti-Tolling View (Division Three): In stark contrast, Division Three has expressly disapproved of this rule. In *Loun v. U.S. Bank National Association*, the court stated it disapproved of tolling via nonjudicial foreclosure because it could identify no "statutory prohibition" that stays a lender's ability to commence a judicial action, as required by the plain text of RCW 4.16.230. 26 Wn. App. 2d 228, 240 n.4, 525 P.3d 1280, 1285 n.4 (2023). The *Loun* court's analysis is grounded in the text of the statute itself: RCW 4.16.230 tolls the limitations period only where a "statutory prohibition" prevents a party from bringing suit. A lender's election to pursue nonjudicial foreclosure under chapter 61.24 RCW is not a statutory prohibition — it is a voluntary, strategic business decision. Nothing in the Deed of Trust Act compels a lender to forgo a judicial remedy; the lender retains the right to sue on the note at any time. Because the lender's choice of remedy is a matter of business strategy rather than legal compulsion, it cannot constitute the kind of "statutory prohibition" that RCW 4.16.230 requires to suspend the running of the limitations period. This textualist reading is more faithful to legislative intent than Division One's policy-driven approach, which effectively rewards lenders for choosing a cheaper, faster remedy by granting them an indefinite extension of the limitations period — a result the legislature never authorized.

- The Ambivalent View (Division Two): The Ambivalent View (Division Two): Division Two has signaled its reluctance to adopt the Division One rule. In *Terhune v. North Cascade Trustee Services., Inc.*, 9 Wn. App. 2d 708, 446 P.3d 683 (2019), the court

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR FOR CERTIFICATION OF QUESTION OF LAW TO THE WASHINGTON STATE SUPREME COURT -- 10**

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

acknowledged Division One's position but pointedly described it as a rule that only "*[s]ome courts* have adopted," before deciding the case on other grounds. *Id.* at 718 n.3, 446 P.3d at 688 n.3 (emphasis added). Similarly, in *U.S. Bank National Association v. Ukpoma*, Division Two again declined to resolve the tolling question, deciding the case on other grounds without endorsing the Division One rule. 8 Wn. App. 2d 254, 261, 438 P.3d 141, 145 (2019). The court's failure to resolve the question is itself significant: where a court is "so badly divided" that it cannot produce a firm ruling, the resulting decision "cannot be considered a firm precedent." *Leen v. Demopolis*, 62 Wn. App. 473, 478, 815 P.2d 269, 272 (1991) (quoting 4 L. Orland, Wash. Prac., Rules Practice § 5713, at 145 (3d ed. Supp. 1991)). Division Two's repeated avoidance of the tolling question — producing decisions so fractured that they cannot be considered firm precedent — confirms that no settled Washington rule exists, precisely the condition that warrants either correction under Rule 59(e) or certification to the Washington Supreme Court.

Three Washington appellate divisions have reached three different conclusions on the same tolling question: one adopted a qualified pro-tolling rule—holding that the six-year statute of limitations on promissory notes and deeds of trust is tolled by the commencement of a non-dilatory foreclosure proceeding or by bankruptcy proceedings, *Cedar West*, 434 P.3d at 559, 562—one expressly rejected any such tolling rule, and one has declined to take a position. That disagreement is the hallmark of unsettled law. Other federal courts have recognized this conflict. *See, e.g., Renfroe v. Citibank, N.A.*, No. 2:17-cv-00194-SMJ, 2020 U.S. Dist. LEXIS 198874, at *13 (E.D. Wash. Oct. 26, 2020) ("Washington State law therefore appears unsettled on whether and when tolling may apply.").

The foregoing demonstrates two independent and compounding grounds for relief. The primary ground is categorical: the Court applied a tolling doctrine that operates on installment-debt logic to a post-acceleration case in which that logic has no application, because the structural premise of the doctrine — multiple rolling deadlines, one per installment — was extinguished at the moment of acceleration. This error does not depend on the resolution of the

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR FOR CERTIFICATION OF QUESTION OF LAW TO THE WASHINGTON STATE SUPREME COURT -- 11**

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

appellate split; it exists regardless of which side of that split is correct, because the entire split concerns a legal question that does not arise once a debt has been accelerated. The secondary ground is the appellate conflict itself: even if the installment-debt doctrine were somehow applicable, the Court resolved a dispositive question of state law by adopting one side of a deep, three-way split without the benefit of controlling authority from the Washington Supreme Court — an outcome-determinative, multi-faceted uncertainty in Washington law that independently constitutes manifest error. The more persuasive and statutorily grounded position is that articulated by Division Three in *Loun*: a lender's voluntary election to pursue a nonjudicial remedy does not constitute a "statutory prohibition" sufficient to trigger tolling under RCW 4.16.230. *Loun*, 26 Wn. App. 2d at 240, 525 P.3d 1280. Under that reading of the statute, the limitations period would have expired on November 15, 2023, and Plaintiffs would be entitled to judgment on their quiet title claim.

**D. In the Alternative, the Tolling Question Should Be Certified to the Washington Supreme Court**

Should this Court remain unpersuaded that its prior ruling constitutes a manifest error of law, the very existence of the deep, acknowledged conflict on a dispositive issue makes this case an ideal candidate for certification. This Court should not be required to guess which line of authority the Washington Supreme Court will ultimately adopt.

Each of the criteria for certification is satisfied here. First, the tolling question is determinative: as demonstrated above, whether the statute of limitations was tolled by the recording of the Notices of Trustee's Sale controls whether the lien on Plaintiffs' property remains enforceable or whether Plaintiffs are entitled to quiet title—there is no path to judgment that avoids it. Second, the governing law is genuinely unsettled: the Washington Supreme Court has not spoken to this question, and the three divisions of the Washington Court of Appeals have reached three irreconcilable conclusions, a conflict that multiple federal courts have acknowledged. Third, the question is a pure question of law: it turns entirely on the proper interpretation of RCW 4.16.230 and chapter 61.24 RCW and the interplay between those statutes

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR FOR CERTIFICATION OF QUESTION OF LAW TO THE WASHINGTON STATE SUPREME COURT -- 12**

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**

and the general statute of limitations, and its resolution requires no factual development — it is a pure legal question the Washington Supreme Court is uniquely positioned to resolve. The proposed certified question is:

**Does the recording of a Notice of Trustee's Sale under chapter 61.24 RCW toll the six-year statute of limitations under RCW 4.16.230 for an action to enforce the underlying promissory note and deed of trust?**

This question is narrow, controlling, and its resolution will provide authoritative clarity not only for this case but for the many property owners and lenders across Washington State whose rights turn on the same unsettled legal question.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion, vacate its April 14, 2026 Order as to the quiet title claim, and enter an amended judgment granting summary judgment to Plaintiffs on that claim. In the alternative, Plaintiffs request the Court enter an order certifying the proposed question of law to the Washington Supreme Court pursuant to RCW 2.60.020. Because attorney's fees remain pending under Rule 54(d)(2), Plaintiffs further request the Court address the attorney's fees question in connection with any amended order.

### <u>Word Count Certification</u>

I certify this pleading contains 4,199 words, in accordance with local civil rules.

Respectfully submitted this 28th day of April 2026.

/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.
WSBA # 21118
Attorney for Plaintiffs

Lake Hills Legal Services P.C.
15600 N.E. 8th Street, Suite B1-358
Bellevue, Washington  98008
Tel:  (425) 829-5305
Fax:  (425) 537-6492
E-Mail:  rp98007@gmail.com

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER
UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR
FOR CERTIFICATION OF QUESTION OF LAW TO THE
WASHINGTON STATE SUPREME COURT -- 13**

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused the above document to be delivered through electronic court filing (ECF) to:

**Midori R Sagara   msagara@buchalter.com, kreger@buchalter.com, midori.sagara@gmail.com**

**Richard Lamar Pope , Jr   rp98007@gmail.com**

**Robert William McDonald   rmcdonald@qualityloan.com, cvnotice@mccarthyholthus.com, rockymcdonald@gmail.com**

**Timothy J Feulner   tim@feulnerlawoffice.com**

DATED:  April 28, 2026.

/s/ Richard L. Pope, Jr.
RICHARD L. POPE, JR.

**PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER UNDER FRCP 52(b) AND 54(b), OR UNDER FRCP 59(e), OR FOR CERTIFICATION OF QUESTION OF LAW TO THE WASHINGTON STATE SUPREME COURT -- 14**

**Lake Hills Legal Services PC**
**15600 N.E. 8th St., # B1-358**
**Bellevue, Washington  98008**
**Telephone:  (425) 829-5305**
**E-mail:  rp98007@gmail.com**