UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TATYANA LYSYY, et al., | CASE NO. C24-0062JLR |
| Plaintiffs, | ORDER |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiffs Tatyana Lysyy and Vasiliy Lysyy's (together, "Plaintiffs") motion to alter or amend the court's April 14, 2026 order dismissing their quiet title claim or, in the alternative, to certify a question to the Washington Supreme Court.  (Mot. (Dkt. # 183); Reply (Dkt. # 190); *see* 4/14/26 Order (Dkt. # 182).) Defendants Deutsche Bank National Trust Company, Mortgage Passthrough Certificates Series 2007-1; Residential Real Estate Review, Inc.; Safeguard Properties, LLC; and

ORDER - 1

Select Profile Servicing, Inc. (together, "Defendants") oppose the motion. (Resp. (Dkt. # 189).) The court has considered the motion, the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[1] the court DENIES Plaintiffs' motion.

## II.    BACKGROUND

Trial in this matter was originally set to begin on June 23, 2025. (6/26/24 Sched. Order (Dkt. # 69).) On June 9, 2025, the court held a pretrial conference regarding the bench trial on Plaintiffs' quiet title and § 362(k) claims. (6/9/25 Min. Entry (Dkt. # 134).) Trial briefs and proposed findings of fact and conclusions of law were due on June 16, 2025. (*See* 6/9/25 Pretrial Order (Dkt. # 132) at 17 (acknowledging the deadline).) When Plaintiffs failed to file these documents, the court ordered them to show cause why the court should not dismiss this matter as a sanction for violating the pretrial order. (6/17/25 Order (Dkt. # 140).)

Plaintiffs responded to the order to show cause on June 20, 2025—three days before trial was to commence. (OSC Resp. (Dkt. # 142).) The court then struck the bench trial; reserved ruling on its order to show cause regarding violation of the pretrial order; and scheduled a status conference in lieu of the beginning of trial. (6/20/25 Order (Dkt. # 144).) At the end of the conference, the court ordered the parties to make proffers of evidence at a hearing the next day regarding Plaintiffs' quiet title claim. (*See* 6/23/25 Min. Entry (Dkt. # 145); 6/23/25 Order (Dkt. # 146).) At the June 24, 2025 hearing, the

---

[1] Neither party requests oral argument and the court concludes that oral argument would not assist it in resolving this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

parties discussed their proffers of evidence, moved orally for judgment as a matter of law on the quiet title claim, and agreed that the quiet title claim could be resolved through written briefing without a need for witness testimony.  (*See* 6/24/25 Min. Entry (Dkt. # 148); 6/24/25 Order (Dkt. # 149) (setting a briefing schedule for the quiet title claim); *see* Pls. Quiet Title Br. (Dkt. # 147); Defs. Quiet Title Resp. (Dkt. # 151); Pls. Quiet Title Reply (Dkt. # 154); *see also* 4/14/26 Order at 11-12 (explaining that the court would apply the summary judgment standard to the parties' cross-motions for judgment as a matter of law).)

On September 4, 2025, the court heard oral argument regarding the parties' motions for judgment as a matter of law.  (*See* 9/4/25 Min. Entry (Dkt. # 159).)  At the end of the hearing, the court informed the parties that it intended to grant Defendants' motion with a written order to follow.  (*See id.*)  The court issued that order on April 14, 2026.  (*See generally* 4/14/26 Order.)  In relevant part, the court concluded that the statute of limitations had not yet expired on claims arising from the promissory note and deed of trust at issue in this action.  (*See id.* at 13-22.)  Accordingly, the court granted Defendants' motion for judgment on Plaintiffs' quiet title claim.  (*Id.* at 22.)  The court, however, deferred entering final judgment until after it resolves the parties' motions for attorneys' fees and costs.  (*Id.* at 51.)

Plaintiffs filed the motion now before the court on April 28, 2026.  (*See* Mot.) The motion is fully briefed and ripe for decision.

//

//

ORDER - 3

## III.    ANALYSIS

The court begins by addressing Plaintiffs' motion to alter or amend, then considers Plaintiffs' request to certify a question to the Washington Supreme Court.

### A.    Motion to Alter or Amend

Plaintiffs move the court to alter or amend its April 14, 2026 order dismissing their quiet title claim pursuant to Federal Rules of Civil Procedure 52(b), 54(b), and 59(e). (*See* Mot. at 1.)  None of these rules, however, apply here.  First, Rule 52(b) does not apply because the court did not enter findings of fact and conclusions of law on Plaintiffs' quiet title claim; instead, the court resolved the claim under Rule 56's summary judgment standard. (*See* 4/14/26 Order at 11-12.)  Second, Rule 54(b) "governs a district court's authority to enter final judgment for *some* (rather than *all*) claims or parties." *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 798 (9th Cir. 2017) (citing Fed. R. Civ. P. 54(b)) (emphasis in original).  And third, because Rule 59(e) governs motions to alter or amend a judgment, it does not apply where no judgment has been entered. *See* Fed. R. Civ. P. 59(e); (*see* 4/14/26 Order at 51).  The court, therefore, applies the standard for evaluating motions for reconsideration to Plaintiffs' motion.

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (noting that "as a rule courts should be loathe" to revisit prior decisions "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and

ORDER - 4

would work a manifest injustice'") (citation omitted). Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored" and ordinarily the court will "deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *See* Local Rules W.D. Wash. LCR 7(h)(1).

Here, Plaintiffs argue that the court should amend its April 14, 2026 order due to purported errors in its interpretation and application of Washington law governing the tolling of the statute of limitations for bringing an action on a promissory note or to enforce a deed of trust. (*See generally* Mot.) Specifically, Plaintiffs assert that the statute of limitations should not have been tolled at all due to (1) "multiple large, unexplained gaps in the foreclosure proceedings[;]" (2) the court's application of "installment-debt tolling doctrine to a post-acceleration case where that doctrine has no application[;]" and (3) the court's erroneous resolution of a purportedly "deep, acknowledged three-way split among Washington's appellate divisions on the tolling question[.]" (*Id.* at 1-2.) Plaintiffs, however, did not raise these arguments in their earlier briefing, even after Defendants included in their quiet title brief a table summarizing the periods for which they argued tolling applied. (*See generally* Pls. Quiet Title Br.; Defs. Quiet Title Resp.; Pls. Quiet Title Reply.) Plaintiffs also did not raise these arguments during the September 4, 2025 hearing on the parties' motions for judgment as a matter of law on the quiet title motions for claim. The court concludes that Plaintiffs have not identified manifest error in the April 14, 2026 decision or new facts or legal authority that they could not have raised in these earlier proceedings. Therefore, the court declines to grant

ORDER - 5

Plaintiffs the "extraordinary remedy" of reconsideration of its order dismissing their quiet title claim. *Kona Enters.*, 229 F.3d at 890. Plaintiffs' motion to amend or alter that order is, therefore, denied.

**B.      Motion to Certify Question**

In the alternative, Plaintiffs ask the court to certify the following question to the Washington Supreme Court:

> Does the recording of a Notice of Trustee's Sale under chapter 61.24 RCW toll the six-year statute of limitations under RCW 4.16.230 for an action to enforce the underlying promissory note and deed of trust?

(*See* Mot. at 13.) The court declines to do so.

The decision whether to certify a question to the Washington Supreme Court rests in the discretion of the federal court considering certification. *Micomonaco v. Washington*, 45 F.3d 316, 322 (9th Cir. 1995) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). In Washington,

> [w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of [Washington] in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the [Washington] supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW 2.60.020. Even when state law is unclear, however, the court is not required to use the certification process. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009) (citing *Lehman Bros.*, 416 U.S. at 390). The court concludes that Washington law regarding whether a notice of trustee's sale tolls the statute of limitations for enforcing a deed of trust is not so unsettled as to warrant certification. (*See, e.g.*,

ORDER - 6

4/14/26 Order at 19-20 (discussing the "weight of Washington authority" regarding this issue).)  Therefore, the court denies Plaintiffs' request.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion to alter or amend the April 14, 2026 order or, in the alternative, to certify a question to the Washington Supreme Court (Dkt. # 183).

Dated this 27th day of May, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 7